FILED cw 530

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

(PR)

CW

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name Williams Teryl (Initial)
(Last) (First)

Prisoner Number V11316

Institutional Address California State Prison-Solano

P.O. Box 4000-4-287 Vacaville Ca. 95696-4000

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Teryl A. Williams
(Enter the full name of plaintiff in this action.)

vs.

D. K. Sisto Warden of Solano State Prison

(Enter the full name of respondent(s) or jailor in this action)

Case No. C 07 5342
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Sonoma County Superior Court — Santa Rosa, Ca.

Court — Location

(b) Case number, if known SCR 32705

(c) Date and terms of sentence October 16, 2003 12 years

(d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ✓ No ____

Where?

Name of Institution: California State Prison Solano

Address: P.O. Box 4000-4-207 Vacaville, Ca. 95696-4000

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Ca. Pen Code 459, 496 subd(a), 667.5, 12024 and 1202.45

3. Did you have any of the following?

Arraignment: Yes ✓ No ____

Preliminary Hearing: Yes ✓ No ____

Motion to Suppress: Yes ✓ No ____

4. How did you plead?

Guilty ____ Not Guilty X Nolo Contendere ____

Any other plea (specify) ____

5. If you went to trial, what kind of trial did you have?

Jury X Judge alone____ Judge alone on a transcript ____

6. Did you testify at your trial? Yes ✓ No ____

7. Did you have an attorney at the following proceedings:

(a) Arraignment Yes ✓ No ____

(b) Preliminary hearing Yes ✓ No ____

(c) Time of plea Yes ✓ No ____

(d) Trial Yes ____ No ✓

(e) Sentencing Yes ____ No ✓

(f) Appeal Yes ✓ No ____

(g) Other post-conviction proceeding Yes ____ No ✓

8. Did you appeal your conviction? Yes ✓ No ____

(a) If you did, to what court(s) did you appeal?

Court of Appeal Yes ✓ No ____

Year: 2004 2007 Result: Denied

Supreme Court of California Yes ✓ No ____

Year: 2006 2007 Result: Denied

Any other court Yes ✓ No ____

Year: 2006 Result: Denied

(b) If you appealed, were the grounds the same as those that you are raising in this

petition? Yes ✓ No____

(c) Was there an opinion? Yes ✓ No____

(d) Did you seek permission to file a late appeal under Rule 31(a)?

Yes ____ No ✓

If you did, give the name of the court and the result:

______________________________________________

______________________________________________

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal? Yes ✓ No____

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: Sonoma County Superior Court

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. Petitioner's Speedy Trial Rights Violated

b.______________________________________________

c. see- Exhibit - E

d.______________________________________________

Result: Denied Date of Result: Jul. 31 2006

II. Name of Court: California Court of Appeal 1st Dis.

Type of Proceeding: Petitioners Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. Petitioner's Speedy Trial Right Violated

b. ______

c. see Exhibit- F

d. ______

Result: Denied Date of Result: Aug. 24-2006

III. Name of Court: California Supreme Court

Type of Proceeding: Writ of Habeas Corpus

Grounds raised (Be brief but specific):

a. Petitioner's Speedy Trial Right Violated

b. ______

c. see Exhibit- G

d. ______

Result: Denied Date of Result: Apr. 11, 2007

IV. Name of Court: Supreme Court of the United States

Type of Proceeding: Petition for Writ of Certiorari

Grounds raised (Be brief but specific):

a. The California Supreme Court Erred By Failing

b. to Apply the United States Supreme Court's

c. Decision in Blakely v Washington (2004)

d. see Exhibit- D

Result: Granted Date of Result: Apr. 9, 2007

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes ___ No ✓

Name and location of court: ______

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

need more space. Answer the same questions for each claim.

[Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: The Suppression Motion Should Have Been Granted By The Trial Court

Supporting Facts: Testimony of the arresting officer at the hearing established that his searches were unlawful.
See Exhibit - A-1

Claim Two: The Trial Court Prejudicially Erred By Denying Petitioner's Marsden Motion, Thus Forcing Petitioner To Represent Himself

Supporting Facts: Petitioner presents sufficient reasons for the motion, which was denied. Defense counsel unreasonably claim Petitioner is not competent to stand trial. Petitioner return to court again move to discharge counsel and when this is denied Petitioner represented himself. see Exhibit- A-2 page

Claim Three: The Trial Court Prejudicially Erred By Instructing The Jury Regarding Petitioners Failure To Explain Or Deny The Evidence Against Petitioner

Supporting Facts: The trial court instructed the jury in the language of CALJIC No. 2.62. See Exhibit - A-3

See Attached Sheet on next page 6-2 for additional claims and supporting facts

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

Attached additional claims.

Claim Four: The Trial Court Denied Petitioner A Fair Trial And Due Process OF Law By Erroneously Making And Sustaining Hearsay Objections To Petitioner's Testimony.

Supporting Facts: Petitioner testified in his own behalf, and necessarily adopted a narrative form of testimony, Petitioner showed the jury that he owned a pager that the police had listed as part of his property. Petitioner said Ms Rhone his co-defendant had paged him, asked him to pick her up and take her to Santa Rosa, using his friends van. At first Petitioner refused. Petitioner then tried to relate what Ms Rhone had told him, but as we shall see, Petitioner was soon cut off.' see Exhibit - A - 4

Claim Five: The Ruling On Petitioner's Motion To Dismiss Was Beyond Reasoning And Was Therefore An Abuse Of Discretion In Excess Of The Trial Court Jurisdiction. The Trial Court Specifically rejected The Reasoning Of Higher Authority, Ruling That The California Pen. Code 1370 Requires The Trial Court To Reset The Trial Date 69 Days After Reinstating Criminal Proceeding, Which Denied Petitioner's Due Process And Speedy Trial Rights

Supporting Facts: On Febaruary 7, 2003 Petitioner was arrested and booked at the Petaluma Police Department. At this time the Petaluma Police officer towed and stored a

continue Next Page

vehicle license number 1AME 828 to process for evidence in case number SCR 32705. see Exhibit- H- Page 1

On March 3, 2003 Petitioner was arraigned in Sonoma County Superior Court under California Pen Code 459 and 496. At this time a trial date was set for April 30, 2003 58 days from arraignment, and time was not waved by Petitioner or his codefendant see Exhibit - H- Page-1 also Page-4

On April 30, 2003 a Marsden Hearing was held during which Public Defender Karen Silver informed the court that Petitioner should consider representing himself and also declared a doubt about Petitioner's competency to stand trial. see Exhibit - I

On April 30, 2003 Judge R. Dale suspended Petitioner's criminal proceeding because of Public Defender Silver doubt and then vacated Petitioner's jury trial date under Pen Code 1368. see Exhibit- H- Page- 4 and Exhibit- J- Page- 7

On May 1, 2003 Judge R. Ballinger appointed Dr. Curhing to examine Petitioner under Pen Code 1368. On May 29, 2003 a report from Dr. Curhing was filed and Judge R. Ballinger reinstated Petitioner's criminal proceeding. Judge Ballinger reset the trial date to July 14, 2003 (69) sixty nine days from May 29, 2003 which made it 127 days from the calculation under the due procee and speedy trial statute. see Exhibit- H- Page 5 and Exhibit- K- Page 1 to 7

On May 29, 2003 Public Defender Karen Silver informed the court that Petitioner wanted to represent himself in trial. see Exhibit- K- Page- 5 to 6

On June 19, 2003 Petitioner filed his own Motion to

Dismiss, which was held and denied. see Exhibit - H- Page-7

On August 25, 2003 Petitioner's investigator Anthony Piazza request to examine evidence in the Petaluma Police Depatment possession. Investigator Piazza was denied the right to examine documentation and physical evidence in the possession of the Petaluma Police Department on August 25, 2003. see Exhibit - I

On June 13, 16, and 19 of 2003, July 9, 2003 and August 28, 2003 Petitioner filed discovery requests to examine documentation and physical evidence.

On August 28, 2003 the prosecution informed Petitioner's propria defense and Judge Dean Beaupre that the original bank checks from the vehicle was not in their possession or control to be examine or finger printed by Petitioner's propria defense.

On September 11, 2003 all the evidence produced at trial was handle and contaminated by the police officer, prosecutor, prosecutor's investigator, court clerk, and Petitioner's investigator before Petitioner's propria defense had a chance to examine these items for physical evidence.

Claim Six: People v Black (2007) ___ California 4th ___ S126812 is inconsistent with Cunningham v California (2007) 549 US ___ 127 S. Ct. 8561

In its opinion in Black, that Court held that where a judge has found that conviction are numerous and of increasing seriousness, and also has found numerous other factors in aggravation, none of which where tried to a jury, a sentence to the upper term under the tripartite scheme of the determinate

sentencing law does not deny the defendant his right to a jury trial, guaranteed by the Sixth Amendment to the United States Constitution, applicable to the states under the Fourteenth Amendment. That Court interprets Cunningham, supra, as allowing a court to base its choice of sentence on factors not tried by a jury or admitted by the defendant, if there is also some factor that the court could find as to which there is onjury trial - see Exhibit - A - 6

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

________________________________________

________________________________________

________________________________________

Do you have an attorney for this petition? Yes____ No X

If you do, give the name and address of your attorney:

________________________________________

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on 10-14-07 ________ Teryl Williams ________

Date Signature of Petitioner

(Rev. 6/02)

EXHIBIT

EXHIBIT- A

Supporting Facts on Claim
1

(1) The traffic stop

Petaluma police officer Paul Gilman testified that on February 7, 2003, at about 5:30 a.m., he was dispatched to Dan's Auto and Truck Supply on Lakeville Highway (RT 6]. He saw a beige van partially into the roadway, but not blocking traffic; the officer assumed the driver intended to turn onto the road (RT 19). As he approached, the van backed into the

[5] Appellant subsequently moved (before a different judge) to renew and reopen the search motion, based on the newly-decided *People v. Sanders* (2003) 31 Cal.4th 318 (CT 237). The People filed opposition, insisting that *People v. Viers* (1991) 1 Cal.App.4[th] 990 authorized the search (CT 255). The court denied permission to reopen (CT 274). We also appeal this denial.

[6] All references in this section will be to the volume of reporters' transcript covering the dates April 3 through June 19, 2003, bound in a single volume.

parking lot. He felt it was "suspicious" that a van was in the lot at a time when none of the businesses were opened (RT 9). The officer passed the location, turned off his lights, and circled back to a point near the parking lot, where he still saw the van, parked with its engine running and lights on (RT 7-9). About 35 seconds later, the van left the parking lot and turned right onto the highway; the officer followed at a distance. He attempted to run a check on the license plate, but the numbers were partially blocked by a ladder mounted on the rear of the vehicle (RT 9-10). The license plate could be read, but only by approaching the van on foot, and looking underneath the rung of the ladder (RT 10).[7]

Because the van had an obscured license plate, Gilman felt justified in stopping the van; he had no other lawful reason that he knew of (RT 18). He never issued a citation for the license plate violation (RT 26).

(2) The search of the van.

Gilman approached the van alone, before any backup had arrived (RT 19). He saw two persons in the cab, appellant and his codefendant, Galana Rhone (RT 11). Ms. Rhone, who was driving, was wearing a long-sleeved shirt, but no pants (RT 12). Williams gave his name, but had no picture ID. Gilman ordered Rhone out, intending to search the vehicle for her identification, because she also had not produced any ID (RT 12).

[7] Photographs of the license plate were admitted (defense Exhs. A & B) (RT 18).

Meanwhile, appellant attempted to move to the back of the van, but the officer instructed him to sit down and face forward (RT 13).

Rhone explained to the officer that she needed to put pants on. He permitted her to retrieve a pair of pants from a duffel bag located near the driver's seat (RT 21). As she left the vehicle, she said she was cold and asked to retrieve her jacket. Gilman ordered her to sit on the curb, and told her he would retrieve it for her (RT 13). For "officer safety reasons", he also ordered Williams to exit the vehicle, and before proceeding further, searched appellant's pockets (see next subsection). He then returned to the van and started to open its rear doors to reach for a jacket he had seen in the rear of the van. As he was doing so, Williams said that Ms. Rhone did not have a jacket; Ms. Rhone agreed, and explained that what she wanted was her sweater, which, as the officer already knew, was in Ms. Rhone's duffel bag (RT 24).

Gilman disregarded this request, and removed the jacket, which was covering a large metallic object. He did so because he felt the jacket would be "much warmer" than the sweater. Underneath, he saw the metallic object in more detail. After giving the jacket to Ms. Rhone, he asked both defendants whether they owned the metallic object; they both denied it. Looking again at the object, he saw that the object was a large square safe with wheels. On top of it was a stack of blank business checks on top of it, from Dan's Auto and Truck Supply (RT 15-16, 25).

No one had consented to a search of the van (RT 25).

(3) The search of appellant's pocket

Gilman did a pat-search of appellant for "officer safety" and asked appellant if he "had anything illegal on him." Appellant denied this, and turned his back to the officer while spreading his arms, in a gesture the officer interpreted as permission to conduct a pat search (RT 14, 23).[8] The officer then searched appellant and felt some wadded up paper in a back pocket, which, he believed, might contain identification. He did not believe that the wad of paper was some sort of weapon (RT 23).

He took these papers from appellant's pocket, and handed them to a backup officer. When Gilman eventually looked at the former contents of the pocket, he discovered receipts for the previous business day from the auto supply store, and inside the receipts, some money (RT 14-15). Gilman arrested both appellant and Ms. Rhone, and put them in handcuffs (RT 16).

The prosecutor argued that the search was permissible on three independent grounds: The suspicious activity of the van, the obscured license plate, and the fact (though unknown to the officer) that appellant was on probation (RT 29).

After argument, the trial court denied the motion without stating any reason for its ruling (RT [4/18/03] 4).

---

[8] On direct examination, Gilman claimed he obtained oral permission to search for "anything illegal" (see Part C, *infra*).

Supporting Facts on Claim
2

On April 3, 2003, appellant presented a written *Marsden* motion, asking for removal of counsel, and alleging that deputy public defender Silver was inadequate; he wanted the court to appoint a new lawyer (CT 104). After being initially denied by Judge Ballinger, who then heard appellant's motion to suppress evidence, the motion was considered at greater length on April 30, 2003, when the case had been assigned to trial before Judge Dale.

Appellant's handwritten motion was ordered filed on that date. It set forth appellant's grievances in some detail. Nonetheless, Judge Dale asked appellant to explain his feelings orally in a closed proceeding where appellant and his attorney were present. The gist of appellant's complaint was that Deputy Public Defender Silver had consistently shown herself uninterested in trying the case, and spent almost all of her interview time trying to persuade appellant to plead guilty. As a result, she had allowed the trial date to arrive without fully completing discovery, and without any attempt to obtain a forensic examination of the physical evidence (RTM 11-19).[11] According to appellant, whenever he talked to Ms. Silver, she took unjust offense at his attitude. She even accused him of using profanity to her, which appellant did not use. All she wanted to talk about was disposing the case (RTM 28-29). He felt she was not interested in his case and at trial would just "do the basics", and he would be convicted (RTM 30).

Ms. Silver had committed what appellant saw as an act of betrayal. His co-defendant Rhone had written him a letter from jail and made a video that exonerated him from responsibility for the burglary. Ms. Silver showed the letter to Ms. Rhone's counsel, without appellant's permission. Appellant intended to reserve the letter and videotape for impeachment of Ms. Rhone, should she testify and try to implicate appellant. In response to the letter, Ms. Rhone's counsel instructed her client to change her story

---

[11] "RTM" refers to the *Marsden* transcript of April 30, 2003.

(RTM 3-5, 6. 8), and to side with the prosecution, possibly by testifying against appellant, but in any case by taking "a deal from the District Attorney (RT 7, 9).[12]. Appellant believed Ms. Silver had "destroyed his defense" by turning the letter over to Ms. Rhone's counsel (RTM 10).

In defense of her professional competence, Ms. Silver explained that Ms. Rhone had also exonerated appellant and then retracted the exoneration when interviewed by the police. It was a tactical decision to show the letter to Jamie Thistlethwaite, Rhone's court-appointed lawyer[13] (RTM 22). She felt some of the motions appellant wanted to file were unmeritorious (RTM 23). We need not, in this case, decide who was right. Regardless of whether Ms. Silver had acted properly and with the minimum diligence required of a court-appointed defender, her testimony and actions made it clear that the attorney-client relationship had broken down to the point she could no longer adequately represent appellant.

Ms. Silver's explanation made this clear, and her decision to make a groundless suggestion under Penal Code section 1368 made it certain that, however competently she might represent another client, she was no longer capable of representing appellant. She felt the case against appellant was overwhelming, and had told him so. Yet he insisted on a trial, and was "totally unapproachable about any disposition in the case". Appellant, in

---

[12] Ms. Rhone in fact did plead guilty before trial (CT 279).
[13] Ms. Thistlethwaite is married to a senior member of the Public Defender's office, which no doubt increased appellant's distrust of Ms. Silver.

her view, was not cooperating to help prove his case, but had become obsessed with the idea he had been betrayed, and could talk about nothing but her having shown Rhone's letters to Rhone's counsel. She did not deny that their meetings had turned harsh and acrimonious. She told the court that in her opinion, appellant should consider going pro per, because he "has displayed a total inability to cooperate with counsel." (RTM 25).

The court opined that it could only discharge counsel "if it's clearly shown the attorney represented is not providing adequate representation or that there's such an irreconcilable conflict that ineffective representation is likely." He felt that neither situation had been shown, and denied the motion (RTM 32).

Immediately on hearing that ruling, Ms. Silver announced she would move under Penal Code 1368 to suspend the proceedings because she did not fell appellant was able to cooperate with counsel (RTM 34, CT 112).[14]

---

[14] Clearly if attorney Silver thought appellant could represent himself, she cannot have also believed that appellant was incompetent to stand trial. A person who is incompetent to stand trial is incompetent to represent himself; in that respect, the standards for competence are identical (*Godinez v. Moran* (1993) 509 U.S. 389, 400-401; *People v. Welch* (1999) 20 Cal.4th 701, 732-734). The judge should not have referred the case for a competency hearing merely on defense counsel's request, without some evidence that would support the *court's* belief that appellant was incompetent (*People v. Frye* (1998) 18 Cal.4th 894, 953; *People v. Welch, supra*, 20 Cal.4th at p. 742). Trial in this case was continued beyond the statutory period (Pen. Code §1382) for no justifiable reason, and appellant's motion to dismiss should have been granted on that ground. Unfortunately, appellate review of the denial of dismissal is limited by the requirement that appellant prove prejudice from the delay in trial (*People v. Wilson* (1963) 60 Cal.2d 139, 151-152; *People v. Johnson* (1980) 26 Cal.3d 557, 574).

On May 22, 2003, Dr. Cushing reported that appellant was competent to stand trial (CT 114). When appellant returned to court on May 29, 2003, he moved to represent himself (RT 40), which was granted on June 10, 2003 (RT 44-45).

Trial was set before a different judge, Judge Boyd. After the jury panel had been seated and questioning of the panel had begun, the prosecutor asked the judge to again review whether appellant wanted to proceed in propria persona. The judge offered to appoint a different public defender, and to waive time for at least two weeks so the new public defender could prepare the case. Appellant believed that at least six months would be required, and knew the court would not continue the case for that length of time. Appellant then observed that the case had already been going on for eight months, and he would prefer to go to trial before the jury panel that was present (RT 93-95, 97). He explained that he would not "participate with the Public Defender's Office, period. I will not – I had bad experience there. I will not go there, okay.....That's why I'm in the position I'm in right now." (RT 96).

Supporting Facts on Claim
3

> In this case, the defendant testified to certain matters. If you find that the defendant failed to explain or deny any evidence against him introduced by the prosecution which he can reasonably be expected to explain or deny because of facts within his knowledge, you may take that failure into consideration as tending to indicate the truth of this evidence and as indicating that among the inferences that may reasonably be drawn therefrom those unfavorable to the defendant are the more probable.

The instruction goes on to explain that the failure to explain or deny does not "by itself" warrant an inference of guilt, nor does it change the burden of proof beyond a reasonable doubt; moreover, if the defendant does not have sufficient knowledge to explain or deny, this should not be used against him (CT 370).

This instruction cannot be given without adversely impacting a defendant's due process right to put on a defense, and was not justified in this case.

It is error to give this instruction absent evidence in the People's case which the defendant did not explain, although he could have.

Supporting Facts on Claim

4.

[THE WITNESS:] "Terry, come on.  Terry, come on.
Terry, I know somebody in Santa Rosa.  Terry, just come on.
Take me to Santa Rosa, Terry.  It's going to be all good,
okay?"

I said, "Okay.  Well, is he going to let us use the van?"

She say, "Yeah, he'll let us use the van, Terry. It'll be all good, Terry, I got –"

THE REPORTER: I need you to slow down, please. I can't keep up with you.

MS. SHAFER: I'm going to object to the hearsay about Ms. Rhone's statements.

THE COURT: Yes, the court will sustain the objection. The – that was said by a third person not present will be stricken, and the jury is not to consider that. You cannot – the testimony of what other people say cannot be given. You can talk about what you said and what you saw, but not --and – but not what somebody else said. All right?

THE WITNESS: I don't understand. It – I cant? –

THE COURT: You can testify as to what you said. You cannot testify about what somebody else said.

THE WITNESS: Okay. But, your Honor, but what I'm trying to – if – when I talk I can't just – my answer – my answer – my story comes out too – too – like, if somebody say something between and I respond back. I can't –

THE COURT: You cannot – under the rules of evidence, you cannot testify as to what other people said except under very different – different and particular circumstances, which that's the only time. So that's hearsay, and under the rules of evidence, you cannot give testimony about what somebody else said outside the courtroom.

[RT 364-365].

The court went on to say that appellant could give his half of the conversation, but not the other person's half. (RT 365). As appellant seemed to be confused, the prosecutor proposed discussing the matter outside the presence of the jury, but the court declined the offer (RT 366).

Appellant then attempted to tell his story without quoting what Ms. Rhone said to him, but soon ran astray, and the court interjected, "Sir, again, just to remind you, you cannot say what other people said." (RT 367).

After appellant testified, he called his investigator to the stand. Among other things, he established that the investigator had interviewed Dan Torliatt, the owner of the auto parts store. He asked, "what did the owner of Dan Autos tell about the burglary itself?" The prosecutor objected that this was hearsay. Without hearing argument or justification from appellant, the court sustained the objection (RT 406). (Oddly enough, when the investigator testified that he had talked to the witness across the street from the crime scene, a hearsay objection was overruled [RT 423]).

<u>The court's ruling is inexplicably wrong</u>

Clearly, appellant's purpose in testifying about what Ms. Rhone told him before the trip to Santa Rosa was to put before the jury what she had told him about the purpose of the trip, and the activities that she wanted to engage in. Undoubtedly, had appellant been able to repeat what she told him, it would have appeared that these were innocent purposes, and did not include burglarizing a store. This is simply not hearsay evidence, because it was not offered for the truth of anything Ms. Rhone might have said, but to show appellant's innocent state of mind. Hearsay is only inadmissible when it is offered to prove the truth of the matter stated

Claim Six
and
Supporting Facts on Claim
6

right. It concluded that under the so-called *Almendarez-Torres* exception to *Cunningham, supra* and its predecessors *Apprendi, Blakely*, and *Booker*, a court may properly find that a defendant has suffered prior convictions, and may also find without the assistance of a jury that those convictions are numerous and of increasing seriousness.[1] Once that finding has been made, or once any other aggravating factor has been admitted by the defendant or found true by a jury, then the maximum legal sentence allowed by California statute is the upper term, and such a term may be imposed based on any factors a judge may properly consider, even though such factors are not based on a jury finding and not proved beyond a reasonable doubt (*Black II, supra* [slip opinion], pp. 11-13).

We disagree. Under California law as it existed prior to *Cunningham, supra*, the maximum term authorized by a jury verdict for a crime sentenced under Penal Code section 1170 was the middle term. By law, this term must be imposed if there are no circumstances in aggravation or mitigation (Pen. Code §1170, subd. (b).) By law, the Judicial Council was to adopt rules for sentencing, including criteria for imposing the lower or upper prison term (Pen. Code §1170.3). It did so. The current version of Rule 4.420, subdivision (a), California Rules of Court, states, "[t]he middle term must be selected unless imposition of the upper or lower term is

[1] *Almendarez-Torres v. United* States (1998) 523 U.S. 224; *Apprendi v. New Jersey* (2000) 530 U.S. 466; *Blakely v. Washington* (2004) 542 U.S. 296; *United States v. Booker* (2005) 543 U.S. 220.

justified by circumstances in aggravation or mitigation." Subdivision (b) adds: "Selection of the upper term is justified only if, after a consideration of all the relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation." (However, these circumstances need only be proved by a preponderance of the evidence).

It follows that under California law, the mere presence of a circumstance in aggravation does not by itself authorize the upper term. The circumstances in aggravation, taken as a whole, must outweigh those in mitigation. In many cases, those factors in aggravation are not of sufficient weight to justify an upper term. In this case, for instance, appellant's prior record included many relatively minor felonies, which had resulted in prison terms. Accordingly, six years of appellant's twelve year sentence consisted of one-year enhancements for prior prison terms (see Pen. Code §667.5, subd. (b).) Whether or not imposition of the prior-prison-term enhancements precluded the court from also basing its selection of the upper term on the same convictions that led to the prison terms, it is indisputable that the weight of those convictions as aggravating factors was greatly reduced once the six consecutive one-year enhancements were imposed.

No court could say beyond a reasonable doubt that if the *only* fact in aggravation was appellant's prior record, the trial judge in this case would have selected the upper term. Appellant's prior record had already been

used twice – once to double his term under Three Strikes and once to impose six one-year enhancements. In selecting the upper term, the trial judge gave prominence to factors not found by a jury and not proved beyond a reasonable doubt: "professionalism", "planning", and "violent conduct" in the past. Although the Court of Appeal felt that the trial judge would inevitably have imposed the upper term, we see no logical reason why that should be the case.

The plain language of the *Cunningham* opinion supports our point of view: "In accord with *Blakely*, therefore, the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum ..." (127 S.Ct at p. 868).[2] The Supreme Court made it perfectly clear that *any* factfinding by a trial judge that raised a sentence beyond the midterm was barred under applicable Supreme Court precedent: "Factfinding to elevate a sentence from 12 to 16 years, our decisions make plain, falls within the province of the jury employing a beyond-a-reasonable-doubt standard, not the bailiwick of a judge determining where the preponderance of the evidence lies." (127 S.Ct at p. 870).

The choice to sentence appellant to 12 years in prison rather than the 10 he would have received if the middle term had been selected was based on facts about the crime not found by a jury and not proved beyond a reasonable doubt. This procedure deprived appellant of his Sixth

[2] The reference is to *Blakely v. Washington* (2004) 542 U.S. 296, 303.

Amendment right to trial by jury. Review should be granted and the sentence should be reduced to ten years.

**B. The error is prejudicial.**

As should be evident, we disagree with the finding of the Court of Appeal in this case that any *Cunningham* error was harmless beyond a reasonable doubt. A trial judge might quite reasonably have felt that appellant was being punished enough for his prior convictions, and based his decision to impose the upper term primarily on the findings the judge made about the crime.

That, then, raises the interesting question of relief. In *People v. Sandoval* (S148917, decided July 19, 2007), this Court held that in evaluating whether *Cunningham* error is harmless beyond a reasonable doubt, the reviewing court must ask if a jury "would have found true at least a single aggravating circumstance had it been submitted to the jury" (Slip Opn., pp. 11-12). The "single aggravating circumstance" limitation is based, of course, on the reasoning of *Black II* that only a single aggravating circumstance need be proved by Constitutional means for the upper term to be the term authorized by the jury verdict. Since the question of relief would only arise if, as we argue, *Black II*'s reasoning is wrong, it would follow that in order for error to be harmless, the court would have to find beyond a reasonable doubt that *every* aggravating circumstance relied on by

the judge would have been found true by a jury. For the reasons set forth in pages 12 through 15 of the *Sandoval* opinion, it is difficult if not impossible for a reviewing court to make such a finding, especially where facts relevant to such a decision were not introduced into evidence because there was no need for the trier of fact to consider them. In this particular case, there is substantial reason to doubt that the crime was either "planned" or "professional". We rather think a jury would find that this one-man operation, in which appellant pushed a safe down the stairs because it was too heavy for him to lift, was conducted in an unprofessional manner, probably because it was unplanned and the result of a spur-of-the-moment decision.

But we also question whether the prejudice analysis in *Sandoval* will ever be used again. *Sandoval* judicially rewrote the law, to say that the 2007 amendments to Penal Code section 1170, *et seq.* may now be used in cases that are reversed for *Cunningham* error. If that is the new standard, then surely the question of prejudice is now, "is the reviewing court convinced beyond a reasonable doubt that the trial judge, given untrammeled discretion, would choose the upper term?" As this Court implicitly recognized in *Sandoval, supra*, this is a question that is impossible to answer. The amended law leaves trial judges free to select the upper term based on the gestalt of the crime and the criminal, without finding any aggravating factors or mitigating factors. At the same time, it

removes any suggestion that where aggravating factors outweigh mitigating factors, the upper term should ordinarily be selected. We cannot be confident that in the overall scheme of things, the trial judge might not have felt that a 10-year sentence was sufficient in this case. It is hard to mindread beyond a reasonable doubt and easy to remand the case to let the trial judge decide for himself what sentence is fair. Therefore in the ordinary case where *Cunningham* error is found, a remand for resentencing is appropriate.

EXHIBIT EXHIBIT - B

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 3

FILED
Court of Appeal First Appellate District
JAN 23 2006
Diana Herbert, Clerk
By

THE PEOPLE,
Plaintiff and Respondent,
v.
TERYL ANTHONY WILLIAMS,
Defendant and Appellant.

A104274
Sonoma County No. SCR32705

BY THE COURT:

The petition for rehearing is denied.

Date: JAN 23 2006 McGUINESS, P.J.

oruu

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

FILED
APR - 9 2007
Court of Appeal - First App. Dist.
DIANA HERBERT
By ______ DEPUTY

| | |
|---|---|
| THE PEOPLE,<br>Plaintiff and Respondent,<br>v.<br>TERYL ANTHONY WILLIAMS,<br>Defendant and Appellant. | A104274<br><br>(Sonoma County<br>Super. Ct. No. SCR32705) |

THE COURT:

On February 20, 2007, the United States Supreme Court granted certiorari in the above-referenced matter, vacated the judgment, and remanded the matter to this court for further consideration in light of *Cunningham v. California* (2007) 549 U.S. ___ [127 S.Ct. 856] (*Cunningham*). Accordingly, the remittitur issued by this court on April 25, 2006 is hereby recalled, and the superior court clerk is directed to return said remittitur to this court for cancellation forthwith.

Within 15 days of the date of this order, the parties may serve and file simultaneous supplemental briefs addressing the effect of *Cunningham*, if any, on the issues presented in this appeal.

Date: APR - 9 2007 PARRILLI, J. ACTING P.J.



EXHIBIT IBIT - C

Court of Appeal, First Appellate District, Div. 3 - No. A104274
**S140906**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

THE PEOPLE, Plaintiff and Respondent,

v.

TERYL A. WILLIAMS, Defendant and Appellant.

---

Petition for review denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on California law.

Corrigan, J., recused and did not participate.

SUPREME COURT
**FILED**

APR 1 9 2006

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE

Chief Justice

Court of Appeal, First Appellate District, Div. 3 - No. A104274
**S154889**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

THE PEOPLE, Plaintiff and Respondent,

v.

TERYL WILLIAMS, Defendant and Appellant.

---

The petition for review is denied.

Corrigan, J., was recused and did not participate.

SUPREME COURT
FILED

SEP 1 2 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

EXI EXHIBIT

NO. ______________________

IN THE

SUPREME COURT OF THE UNITED STATES

TERYL A. WILLIAMS, Petitioner,

VS.

CALIFORNIA, RESPONDENT

ON PETITION FOR WRIT OF CERTIORARI
TO THE CALIFORNIA COURT OF APPEAL
FIRST APPELLATE DISTRICT, DIVISION THREE

MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS

OZRO WILLIAM CHILDS
1622 Fourth St.
Santa Rosa, CA 95404
(707) 527-9911

Counsel of Record for Petitioner,
TERYL A. WILLIAMS

EXHIBIT-E

EXHIBIT

HONORABLE RAIMA H. BALLINGER
SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF SONOMA
600 Administration Dr., Rm. 203-J
Santa Rosa, CA 95403
Telephone: (707) 565-2086

FILED
JUL 31 2006
Clerk of the Superior Court of California
County of Sonoma
By [signature]
Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SONOMA

In re the Matter of

TERYL A. WILLIAMS

for Writ of Habeas Corpus
_______________________________/

Case No. SCR-32705

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petition for Writ of Habeas Corpus is DENIED. The Petition is without merit, is untimely and raises claims that could have been raised on appeal.

DATED: JUL 31 2006

[signature]
RAIMA H. BALLINGER
Judge of The Superior Court

EXHIBIT - F

EXHIBIT



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

FILED
AUG 2 4 2006
Court of Appeal - First App. Dist.
DIANA HERBERT
By ______ DEPUTY

In re TERYL A. WILLIAMS, on Habeas Corpus.

A114867

(Sonoma County Super. Ct. No. SCR-32705)

BY THE COURT:[1]

The petition for a writ of habeas corpus is denied.

Dated: AUG 2 4 2006 McGUINESS, P.J. P.J.

[1] McGuiness, P.J., Pollak, J., & Siggins, J.

EXHIBIT-G

EXHIBIT

**S146358**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re TERYL WILLIAMS on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Dixon* (1953) 41 Cal.2d 756; *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

George, C. J., was absent and did not participate.
Corrigan, J., was recused and did not participate.

SUPREME COURT
FILED

APR 1 1 2007

Frederick K. Ohlrich Clerk

Deputy

**MORENO**

Acting Chief Justice

EXHIBIT

EXHIBIT-H

Docket of
DE 1 WILLIAMS, TERYL ANTHONY Offense Date: 02/02/2003
DOB 03/10/1955 DLN CA N4753898 DA #: DAR-459732

Filed Charges
F PC 459 Pending F PC 496(a) Pending

Arresting Agency: PETALUMA POLICE DEPARTMENT Agency #: PET-030874
Supr Location: Reel: DA Location:

==============================================================================

03/10/2003 DE 1
CRIMINAL HEARING - 03/13/2003 at 8:30am S2, INFORMATION TO BE FILED
BAIL INVESTIGATION RPT

03/13/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Gary A. Medvidgy REP: C A Martinez CLK: LA
Defendant present in custody
Public Defender, appearing
INFORMATION FILED
F PC 459 F PC 496(a)
Defendant's true name is Williams, Teryl A.
Defendant stipulates to due and proper arraignment
Advised of constitutional rights
Defendant waives reading of information
Waives further advisement of rights
Defendant pleads Not Guilty to count I PC 459
Defendant pleads Not Guilty to count II PC 496(a)
Fingerprint form filed
Defense to file motion by 03/19/2003
Defendant does not waive time
Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
PRE-TRIAL CONFIRMATION - 04/03/2003 at 2:30pm S2, PRETRIAL CONFIRMATION, 1538.5PC TO SUPPRESS
CONTINUED TO - 03/19/2003 at 8:30am S2, Filing of motion

03/17/2003 DE 1
TRANSCRIPT OF PRELIMINARY EXAMINATION FILED

03/19/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: KATHLEEN A. KNOTTS REP: Sandra L. Carranza CLK: LA
Defendant present in custody
Counsel Karen Silver, Public Defender, appearing
Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
PRE-TRIAL CONFIRMATION - 04/03/2003 at 2:30pm S2, PRETRIAL CONFIRMATION, 1538.5PC TO SUPPRESS
1538.5 PC Motion Set - 03/20/2003 at 8:30am S2, 1538.5PC TO SUPPRESS

03/20/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Alexander J. McMahon REP: F SANDERS CLK: LA
Defendant present in custody
Counsel K Silver, Public Defender, appearing
Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
PRE-TRIAL CONFIRMATION - 04/03/2003 at 2:30pm S2, PRETRIAL CONFIRMATION, 1538.5PC TO SUPPRESS

03/28/2003 DE 1

PEOPLE'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE PURSUANT TO PENAL CODE SECTION 1538.5 FILED
PROOF OF PERSONAL SERVICE

04/03/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Alexander J. McMahon REP: C A Martinez CLK: LA
No file
Defendant present in custody
Counsel K Silver, Public Defender, appearing
1538.5 PC Motion Held 3:47 pm
At 3:27 pm, Marsden Motion held
Courtroom cleared of everyone but Counsel Silver, Defendant, and Court staff.
Mr. Williams addresses the Court
Counsel Silver addresses the Court
Court's exhibits 1, 2, and 3 marked for ID as follows:
1) Handwritten Pitchess Motion
2) Handwritten Request for Discovery
3) Handwritten Ex-parte request for Marsden Motion
Court's exhibits 1, 2, and 3 are sealed and to be opened only by Court Officer.
Court does not find sufficient evidence to Grant Marsden Motion
At 3:45 pm, Court is reopened
1538.5 PC Motion Held 3:47 pm
People call Officer Paul Gilman, sworn and testified.
Witness identifies Defendant(s).
Cross examination by Counsel Silver

04/03/2003 DE 1 Courtroom Minutes of Department S2 (continued)
Defense exhibits A and B, marked for identification: A) picture of rear vehicle, B) picture of rear vehicle
Defense's exhibits received into evidence A and B
Redirect conducted by Counsel McMahan
People's exhibits 1 and 2 marked for Identification as follows:
1) 14 page document
2) 22 page rap sheet of Teryl Williams
People's exhibits 1 and 2 received into evidence.
People rest
Counsel confers with her client
Defense does not present any evidence
Defense waives any irregularities as to continued 1538.5 PC motion
CONTINUED TO - 04/17/2003 at 8:30am S2, MOTION, CONTINUED
Court will accept further case studies up to 04/15/2003

04/15/2003 DE 1
REPORTER'S TRANSCRIPT FILED

04/17/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Alexander J. McMahon REP: C A Martinez CLK: PJS
Defendant present in custody
Counsel K Silver, Public Defender, appearing
Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
PRE-TRIAL CONFIRMATION - 04/18/2003 at 8:30am S2, PRETRIAL CONFIRMATION, MOTION

04/17/2003 DE 1
CUSTODY INFORMATION TRANSMITTED TO JAIL BY pschulze FOR 4/17/2003 8:30 S2

04/18/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Alexander J. McMahon REP: C A Martinez CLK: PJS
Defendant present in custody
Counsel K. Silver, Public Defender, appearing
People argue.
Defense argues.
People respond.
Motion is denied
Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
Pretrial Conference Held
Readiness Conference Set - 04/25/2003 at 10:00am S2, READINESS CONFERENCE

04/25/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: KATHLEEN A. KNOTTS REP: F SANDERS CLK: LA
Defendant present in custody
Counsel K. Silver, Public Defender, appearing
Jury Trial Set - 04/29/2003 at 9:30am S2, FURTHER P T C
Trailing status
Readiness Conference Held
Trial date vacated - 04/28/2003 at 9:30am S2

04/25/2003 DE 1
MOVED TO - 04/29/2003 at 9:30am S2, FURTHER P T C

04/29/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Alexander J. McMahon REP: C A Martinez CLK: LA
Judge has the file
Defendant present in custody
Counsel K. Silver, Public Defender, appearing
Jury Trial Set - 04/30/2003 at 8:30am S2, ARRAIGNMENT

04/30/2003 DE 1 Courtroom Minutes of Department S2

HON: R.DALE DDA: KATHLEEN A. KNOTTS REP: C A Martinez CLK: LA
To #1 forthwith
JUDGE: RB
DA: AJM
REPORTER: FS
CLERK: KLK
Defendant present in custody
Counsel K. Silver, Public Defender, appearing
Court re-opens after closed hearing at 10:44 a.m. Defense requests 1368 proceedings for reasons stated
Defense files ex-parte request for Marsden hearing
Marsden Motion Held
Marsden Motion DENIED
Defendant Certified Superior Court per 1368 PC to be heard
Jury Trial Vacated
Criminal Proceedings Suspended
CONTINUED TO - 05/01/2003 at 8:30am S2, 1368 PC CERTIFICATION, FURTHER PROCEEDINGS
Re: appt. of alienist

05/01/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Alexander J. McMahon REP: C A Martinez CLK: LA
Defendant present in custody
Counsel S. Fabian, Public Defender, appearing
CONTINUED TO - 05/29/2003 at 8:30am S2, FOR REPORT
Dr. Cushing appointed to examine defendant
Report due 5-27-2003, appointment pursuant to 1368

05/23/2003 DE 1
PSYCHOLOGICAL EVALUATION RECEIVED - Dr. Cushing

05/28/2003 DE 1
ORDER FOR PAYMENT OF EXPERT FEES FILED - Dr. Cushing Report
CERTIFIED COPY OF ORDER FOR PAYMENT SENT TO COURT ADMINISTRATION - Dr. Cushing Report

05/29/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: KATHLEEN A. KNOTTS REP: C A Martinez CLK: LA
Defendant present in custody
Counsel Karen Silver, Public Defender, appearing
Report from Dr. Cushing filed
Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
PRE-TRIAL CONFIRMATION - 07/09/2003 at 8:30am S2, PRETRIAL CONFIRMATION
CONTINUED TO - 06/03/2003 at 8:30am S2, TO SET
Criminal Proceedings Reinstated

06/03/2003 DE 1 Courtroom Minutes of Department S2

HON: C. WONG DDA: Jerome J Mautner REP: TERI HOSMER CLK: LA
Defendant present in custody
Counsel K Silver, Public Defender, appearing
Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
Pre-trial confirmation set - 07/09/2003 at 8:30am S2, PRETRIAL CONFIRMATION
CONTINUED TO - 06/10/2003 at 8:30am S2, Filing of motion

06/10/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Jerome J Mautner REP: C A Martinez CLK: LA
Defendant present in custody
Counsel K Silver, Public Defender, appearing
Public Defender relieved
Court signs and files Declaration, Finding and Order re: Self Rep. in a criminal case
Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL

06/10/2003 DE 1 Courtroom Minutes of Department S2 (continued)
Pre-trial confirmation set - 07/09/2003 at 8:30am S2, PRETRIAL CONFIRMATION
CONTINUED TO - 06/13/2003 at 8:30am S2, FURTHER PROCEEDINGS

06/13/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: TROYE K. SHAFFER REP: C A Martinez CLK: JL
File with Judge B.
Defendant present in custody
Counsel S. Fabian, Public Defender, appearing
Defendant requests transcripts from 4-30-2003, 5-29-2003 - court states they may be provided to defendant.
Hearing Set - 06/19/2003 at 2:30pm S2, HEARING
CONTINUED TO - 06/16/2003 at 8:30am S2, FURTHER PROCEEDINGS
(re: library access; discovery)
Defendant files misc. motion
People's response by 6-18-2003 5:00 p.m.

06/16/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: TROYE K. SHAFFER REP: C A Martinez CLK: LA
Notice of Motion to Compel Discovery filed
Defendant present in custody
Defendant in Pro Per
Court advises defendant that in the court's opinion it is not a good idea to represent himself.
CONTINUED TO - 06/19/2003 at 2:30pm S2, HEARING, MOTION
CONTINUED TO - 06/17/2003 at 8:30am S2, FURTHER PROCEEDINGS
(re: law library)

06/17/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: KATHLEEN A. KNOTTS REP: C A Martinez CLK: LA
No file
Defendant present in custody
In pro per
CONTINUED TO - 06/19/2003 at 8:30am S2, FURTHER PROCEEDINGS
(re: law library access)

06/19/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Jerome J Mautner REP: C A Martinez CLK: MB
Defendant present in custody in Pro Per
Counsel K Silver, Public Defender, appearing
Matter continued to 2:30 pm

06/19/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Jerome J Mautner REP: C A Martinez CLK: MB
Defendant present in custody in Pro Per
Counsel K Silver, Public Defender, appearing
The Court orders a transcript of the 06/19/2003 proceedings
995 PC Motion Filed
995 PC Motion Held
995 PC Motion Denied
Motion to Appt. Inv. Filed
Motion to Appt. Inv. Held
Motion to Appt. Inv. Granted
CONTINUED TO - 06/20/2003 at 8:30am S2, FURTHER PROCEEDINGS
Motion re: Discovery and Physical Evidence Held

06/20/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: TROYE K. SHAFFER REP: B L Peterson CLK: MB
Defendant present in custody
Courtroom cleared for in camera hearing for appointment of investigator.
The court authorizes defendant four completed phone alls to investigative agencies.
CONTINUED TO - 06/24/2003 at 9:00am S2, FURTHER PROCEEDINGS (appt. of investigator)

06/24/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: ROBERT J.WANER REP: KAREN THOMPSON CLK: MB
Defendant present in custody in Pro Per
The Court orders four completed telephone calls to investigative agencies as previously ordered on 06/20/2003.
Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
Pretrial Confirmation Set - 07/09/2003 at 8:30am S2, PRETRIAL CONFIRMATION
CONTINUED TO - 07/02/2003 at 8:30am S2, FURTHER PROCEEDINGS

06/27/2003 DE 1
REPORTER'S TRANSCRIPT FILED PROCEEDINGS

07/02/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Jerome J Mautner REP: F SANDERS CLK: LA
JUDGE HAS FILE
Defendant present in custody
1st Amended Information filed
Defendant advised of charges/allegations
Stipulates to arraignment

07/02/2003 DE 1 Courtroom Minutes of Department S2 (continued)

Defendant advised of constitutional rights
Defendant waives reading of information - 1st Amended Information
Defendant pleads Not Guilty to count I PC 459
Defendant pleads Not Guilty to count II PC 496(a)
CONTINUED TO - 07/03/2003 at 8:30am S2, FURTHER PROCEEDINGS

07/03/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER REP: F SANDERS CLK: LA
Judge has file
Defendant present in custody in Pro Per
Defendant is to be allowed 4 completed telephone calls to investigators on Monday
Court Authorizes today 4 compelted telephone calls to investigators.
CONTINUED TO - 07/08/2003 at 9:00am S2, FURTHER PROCEEDINGS

07/08/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER REP: C A Martinez CLK: LA
JUDGE HAS FILE
These proceedings are ordered sealed.
Defendant present in custody in Pro Per
Court authorizes completed telephone contact with 664-0327 today.
Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
Pretrial Confirmation Set - 07/09/2003 at 8:30am S2, PRETRIAL CONFIRMATION

07/09/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Jerome J Mautner REP: C A Martinez CLK: LA
No file
Today's proceedings ordered sealed
Defendant present in custody
Defendant present in custody in Pro Per
Defendant to have complete tele contact with 664-0327 today
Defendant waives time to 07/16/2003 plus 60 days
Vacated - 07/14/2003 at 9:30am S2
CONTINUED TO - 07/16/2003 at 8:30am S2, TO RESET
Defense's 1050 PC Motion Granted
Defendant allowed to view any relevant videotape with his investigator or in private
CONTINUED TO - 07/11/2003 at 9:00am S2, FURTHER PROCEEDINGS

07/11/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER REP: C A Martinez CLK: LA
These proceedings sealed
Defendant present in custody in Pro Per
Disc. that def. shall be passed to investigator also videotaped
CONTINUED TO - 07/16/2003 at 8:30am S2, TO RESET

07/16/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Jerome J Mautner REP: C A Martinez CLK: LA
No File
Defendant present in custody in Pro Per
Jury Trial Set - 09/02/2003 at 9:30am S2, JURY TRIAL
Pretrial Confirmation Set - 08/22/2003 at 8:30am S2, PRETRIAL CONFIRMATION

07/21/2003 DE 1
PROOF OF SERVICE BY MAIL FILED

08/22/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: Jerome J Mautner REP: C A Martinez CLK: LA
Defendant present in custody in Pro Per
P & A's in opposition to suppression of evidence filed
Jury Trial Set - 09/02/2003 at 9:30am S2, JURY TRIAL
Pretrial Conference Held
Readiness Conference Set - 08/29/2003 at 10:00am S2, READINESS CONFERENCE
CONTINUED TO - 08/28/2003 at 2:30pm S2, MOTION

08/22/2003 DE 1
CUSTODY INFORMATION TRANSMITTED TO JAIL BY lalberts FOR 8/22/2003 8:30 S2

08/28/2003 DE 1
ORDER FOR PAYMENT OF EXPERT FEES FILED - Fees of Investigator
CERTIFIED COPY OF ORDER FOR PAYMENT SENT TO COURT ADMINISTRATION - Fees of Investigator

08/28/2003 DE 1 Courtroom Minutes of Department S2

HON: Dean A. Beaupre DDA: Jerome J Mautner REP: C A Martinez CLK: LA
INT: ED SALDIVAR - SPANISH
Defendant present in custody
Defense Counsel Bernabe Hernandez appearing
Defense Motions in Limine filed
People are ordered to turn over Discovery consisting of defendant's

08/28/2003 DE 1 Courtroom Minutes of Department S2 (continued)
rap sheet
Defense Motion to reopen is denied
Jury Trial as Set - 09/02/2003 at 9:30am S2, JURY TRIAL
Readiness Conference as set - 08/29/2003 at 10:00am S2, READINESS CONFERENCE

08/29/2003 DE 1 Courtroom Minutes of Department S2

HON: Phillip Champlain DDA: Jerome J Mautner REP: C A Martinez CLK: LA
Defendant present in custody in Pro Per
Readiness Conference Held
Trial date of 09-02-2003 confirmed
Time estimate 4 days

09/02/2003 DE 1 Courtroom Minutes of Department S2

HON: Robert S. Boyd DDA: TROYE K. SHAFFER REP: KAREN THOMPSON CLK: LA
Defendant present in custody in Pro Per
60th day is 09-16-2003
Jury Trial Set - 09/05/2003 at 10:00am S2, JURY TRIAL
(Trailing status)

09/05/2003 DE 1 Courtroom Minutes of Department S2

HON: C. WONG DDA: Jerome J Mautner REP: SHELLY BERG CLK: PJS
Defendant present in custody in Pro Per
Defendant to be dressed in civilian clothes.
Jury Trial Set - 09/08/2003 at 9:30am S2, JURY TRIAL
trailing status

09/08/2003 DE 1 Courtroom Minutes of Department S2

HON: R.BALLINGER DDA: TROYE K. SHAFFER REP: C A Martinez CLK: LA
Defendant present in custody
Defendant present in custody in Pro Per
Anthony Piazza present addresses the Court.
Complaint amended to reflect date of compalint 7/2/03
People's proposed Witness List is filed
Defense Proof Of Service filed
Jury Trial Set - 09/09/2003 at 9:30am S2, JURY TRIAL
Defendant to provide letter to DA
DROPPED FROM CALENDAR - 09/09/2003 at 9:30am S2
Jury Trial Set - 09/09/2003 at 8:30am S2, JURY TRIAL

09/09/2003 DE 1 Courtroom Minutes of Department S2

HON: Robert S. Boyd DDA: Jerome J Mautner REP: D M Morin CLK: MB
Case called at 1:30pm in Department S4
Defendant present in custody in Pro Per
Jury Trial Set - 09/10/2003 at 8:30am S4, JURY TRIAL
(trailing status)

09/10/2003 DE 1 Courtroom Minutes of Department S4

HON: Robert S. Boyd DDA: ROBERT J.WANER REP: D M Morin CLK: MB
Defendant present in custody in Pro Per
Mr. Piaza present.
Defendant to be dressed in civilian clothing.
Jury Trial Set - 09/11/2003 at 9:30am S4, JURY TRIAL
(trailing status)

09/11/2003 DE 1 Courtroom Minutes of Department S4

HON: Robert S. Boyd DDA: TROYE K. SHAFFER REP: D M Morin CLK: MB
This cause comes on regularly for commencement of jury trial. At 10:55 a.m., the Court convenes. Troye Shaffer appearing on behalf of the People. Defendant present in custody, in pro per, with his investigator, Anthony Piazza.
The Court hears and rules on motions in limine.
The issue of priors is bifurcated.
At 11:56 a.m., the Court declares the noon recess.
At 2:21 p.m., the Court reconvenes. Ms. Shaffer present. Defendant present in custody. Anthony Piazza present.
The Court continues to hear and rule on motions in limine.
The Court sets the 402 hearing with Ms. Rhone for September 12, 2003 at 1:30 p.m.
The Court continues this matter to September 12, 2003 at 10:00 a.m. in Department S4 for further jury trial.
CONTINUED TO - 09/12/2003 at 10:00am S4, JURY TRIAL
Defendant to be dressed in civilian clothing.

09/11/2003 DE 1

PEOPLE'S SUPPLEMENTAL MOTIONS IN LIMINE FILED
PEOPLE'S TRIAL BRIEF FILED
DEFENDANT'S PROPOSED WITNESS LIST FILED

09/12/2003 DE 1 Courtroom Minutes of Department S4

HON: Robert S. Boyd DDA: TROYE K. SHAFFER REP: D M Morin CLK: MB
Cause comes on regularly this date for further jury trial pursuant to adjournment of September 12, 2003. At 10:09 a.m., the Courtconvenes. Troye Shaffer present on behalf of the People. Defendant present, in pro per. Prospective jurors not present. Anthony Piazza present.
The Court and counsel discuss legal issues.
At 10:37 a.m., a panel of prospective jurors is summoned into open Court and sworn as to their qualifications.
The Court outlines the cause to the panel.
The numbers of eighteen prospective jurors are called to fill the jury box.
Voir dire examination commences.
At 11:56 a.m., the Court admonishes the prospective jurors and decla res the noon recess.
Outside the presence of the prospective jurors, the Court and counse l discuss legal issues.
At 11:58 a.m., the Court declares the noon recess.
At 1:43 p.m., the Court reconvenes. Ms. Shaffer present. Defendant present in custody with his investigator Mr. Piazza.
Prospective jurors not present.
Outside the presence of the jurors, the Court and counsel discuss the comments of Juror #1858.
The defendant waives any right to appeal regarding the comments of Juror #1858.
402 Hearing
Galara Rhone is sworn and refuses answer questions, asserting her Fifth Amendment rights.
The witness steps down.
The Court and counsel discuss legal issues.
The Court and counsel discuss Juror #1728.
At 2:08 p.m., the prospective jurors are summoned into open Court.
Voir dire of prospective jurors continues.
At 2:17 p.m., the Court reminds the prospective jurors of their admonishment and declares a brief recess.
Outside the presence of the prospective jurors, the Court and counsel discuss challenges for cause.
At 2:22 p.m., the prospective jurors are summoned into open Court.
Voir dire continues.
At 2:45 p.m., the Court reminds the prospective jurors of their admonishment and declares a brief recess.
Outside the presence of the prospective jurors, the Court and counsel discuss challenges for cause.
At 2:48 p.m., the prospective jurors are summoned into open Court.
Voir dire continues.
Peremptory challenges having been exercised and both sides now

09/12/2003 DE 1 Courtroom Minutes of Department S4 (continued)

being satisfied, the following jurors are sworn to try the cause:
1. #1892 2. #1777 3. #1891 4. #1834 5. #1868
6. #1733 7. #1693 8. #1712 9. #1742 10. #1872
11. #1815 12. #1893.
Peremptory challenges having been exercised and both sides now being satisfied, the following alternate juror is sworn to try the cause: #1897
At 2:54 p.m., the Court reminds the jurors of their admonishment and declares a brief recess.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 3:20 p.m., the Court reconvenes. Counsel present. Defendant present in custody. Jurors not present. Mr. Piazza present.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 3:22 p.m., the jurors are summoned into open Court.
Court pre-instructs jury
At the direction of the Court, the clerk reads the Information.
At 3:47 p.m., the Court reminds the jurors of their admonishment and declares a recess until September 15, 2003 at 10:30 a.m. in Department S4 for further jury trial.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
Counsel directed to return at 10:00 a.m.
The Court stands adjourned.
Defendant to be dressed in civilian clothing.
CONTINUED TO - 09/15/2003 at 10:00am S4, JURY TRIAL

09/15/2003 DE 1 Courtroom Minutes of Department S4

HON: Robert S. Boyd DDA: TROYE K. SHAFFER REP: KAREN THOMPSON CLK: MB
Cause comes on regularly this date for further jury trial pursuant to adjournment of September 12, 2003. At 10:08 a.m., the Court convenes. Troye Shaffer present on behalf of the People.
Defendant present in custody, in pro per. Anthony Piazza, present.
Jurors not present.
Outside the presence of the jurors, The Court and counsel discuss legal issues.
At 10:36 a.m., the jurors are summoned into open Court.
OFFICER PAUL GILMAN, Petaluma Police Department, is sworn and testifies on behalf of the People.
The following People's exhibits are marked for identification:
1. Large Map
2. Small Map
The witness identifies defendant.
The following People's exhibits are marked for identification:
3. Small Color Photo

4. Small Color Photo
5. Small Color Photo
6. Small Color Photo
7. Small Color Photo
8. Small Color Photo
9. Small Color Photo
10. Small Color Photo
11. Small Color Photo
12. Small Color Photo
13. Small Color Photo
14. Officer Gilman's Report
15. Checks
16. Copies of Checks

Cross examination
The following defendant's exhibits are marked for identification:
A. Small Map
B. Small Color Photo
C. Small Color Photo
D. Small Color Photo
E. Small Color Photo
F. Small Color Photo
G. Small Color Photo
H. Small Color Photo

Redirect
The People's Exhibit 17, CLETS Response Document, is marked for identification.
The witness steps down.
At 12:03 p.m., the Court reminds the jurors of their admonishment and declares the noon recess.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 12:05 p.m., the Court declares the noon recess.
At 1:37 p.m., the Court convenes. Counsel present. Defendant present in custody in pro per. Mr. Piazza not present. Jurors not present.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 1:41 p.m., the jurors are summoned into open Court.
DANIEL TORLIATT is sworn and testifies on behalf of the People.
The following People's exhibits are marked for identification:
18. Copy of Coins
19. Copy of Coins
20. Small Photo

Cross examination
The Defendant's Exhibit I, Polaroid Photo, is marked for identification.
Redirect

The witness steps down.

DETECTIVE ROBERT BARNES, Petaluma Police Department, is sworn and testifies on behalf of the People.

The following People's exhibits are marked for identification, offered and received in evidence:

21. Small Color Photo
22. Small Color Photo
23. Small Color Photo
24. Small Color Photo
25. Small Color Photo
26. Small Color Photo
27. Small Color Photo
28. Small Color Photo
29. Large Color Photo
30. Large Color Photo
31. Large Color Photo
32. Large Color Photo
33. Large Color Photo

The People's Exhibit 34, Oakland Newspaper, is marked for identification.

The following People's exhibits are marked for identification, offered and received in evidence:

35. Large Color Photo
36. Large Color Photo
37. Large Color Photo
38. Large Color Photo
39. Large Color Photo
40. Large Color Photo

The following Peole's exhibits are marked for identification:

41. Large Color Photo
42. Large Color Photo
43. Large Color Photo
44. Large Color Photo
45. Large Color Photo
46. Large Color Photo
47. Large Color Photo
48. Large Color Photo
49. Large Color Photo

The following People's exhibits are marked for identification, offered and received in evidence:

50. Fingerprint Card
51. Fingerprint Card

At 3:04 p.m., the Court reminds the jurors of their admonishment and declares a brief recess.

Outside the presence of the jurors, the Court and counsel discuss legal issues.

At 3:05 p.m., the Court declares a brief recess.

09/15/2003 DE 1 Courtroom Minutes of Department S4 (continued)

At 3:20 p.m., the Court reconvenes. Counsel present. Defendant present in custody. Mr. Piazza present. Jurors present.
DETECTIVE ROBERT BARNES, previously sworn, resumes the stand and further testifies.
Cross examination
The following defendant's exhibits are marked for identification:
J. Evidence Sheet
K. Report
The witness steps down.
DETECTIVE FROILAN MARISCAL, Petaluma Police Department, is sworn and testifies on behalf of the People.
CONTINUED TO - 09/17/2003 at 10:00am S4, JURY TRIAL
The following People's exhibits are marked for identification:
52. Large Color Photo
53. Large Color Photo
54. Large Color Photo
55. Large Color Photo
56. Large Color Photo
57. Large Color Photo
58. Large Color Photo
59. Large Color Photo
60. Glove
61. Glove
62. Glove
63. Glove
64. Glove
The People's Exhibits 55 and 56, previously marked for identification, are offered and received in evidence.
The following People's exhibits are marked for identification:
65. Packet of Documents
66. Bolt Cutters
67. Tire Iron
68. Tire Iron
69. Pry Tool
70. Tire Iron
71. Tire Iron
The witness steps down.
At 4:27 p.m., the Court reminds the jurors of their admonishment and declares a recess until September 17, 2003 at 10:30 a.m. in Department S4 for further jury trial.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
The Court directs all parties to appear September 17, 2003 at 10:00 a.m.
At 4:32 p.m., the Court stands adjourned.
Defendant to be dressed in civilian clothes September 17, 2003.

09/15/2003 DE 1
PEOPLE'S PROPOSED JURY INSTRUCTIONS FILED

09/17/2003 DE 1 Courtroom Minutes of Department S4

HON: Robert S. Boyd DDA: TROYE K. SHAFFER REP: KAREN THOMPSON CLK: MB
Cause comes on regularly this date for jury trial pursuant to adjournment of September 15, 2003. At 10:35 a.m., the Court convenes. Troye Shaffer present on behalf of the People. Defendant present in custody, in pro per.
Jurors not present. Anthony Piazza present.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
DETECTIVE FROILAN MARISCAL, Petaluma Police Department, is sworn and testifies on behalf of the People.
Cross examination
The following defendant's exhibits are marked for identification:
L. Small Color Photo
M. Small Color Photo
N. Small Color Photo
O. Small Color Photo
P. Small Color Photo
Q. Small Color Photo
R. Small Color Photo
S. Small Color Photo
The witness steps down.
At 11:55 a.m., the Court reminds the jurors of their admonishment and declares the noon recess.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 12:02 p.m., the Court declares the noon recess.
Courtroom Clerk Patty Schulze replaces Courtroom Clerk Marietta Betts.
At 1:35 p.m., the Court convenes, on the record, outside the presence of the jury. All other parties present. Discussions held.
at 1:45 p.m., the jury is summoned into open Court. All present.
People call BRIAN BAILEY, sworn and testified.
Cross examination
Witness steps down
People's exhibit 72, marked for identification: Document
People's exhibit 72 received into evidence.
The Court reads Exhibit 72 to the jury.
At 1:55 p.m., Court declares a recess. Court admonishes the jury.
At 2:12 p.m., the Court reconvenes, on the record, outside the presence of the jury. Discussions held.
At 2:15 p.m., jury is summoned into open Court. All present.
Defendant makes an opening statement
Defendant is sworn and testifies on his own behalf.

09/17/2003 DE 1 Courtroom Minutes of Department S4 (continued)

Defense exhibit T, marked for identification: Document - Copy of Property List
Cross examination
At 3:00 p.m., Court declares a recess: Jury admonished.
People's exhibit 73, premarked for identification: Small Color Photo
At 3:17 p.m., the Court reconvenes. All parties and jury present.
MR. WILLIAMS, heretofore sworn, resumes the stand.
Defendant identifies People's Exhibit 73.
Cross examination continues.
Redirect
Defense exhibit U, marked for identification: Documents
Defense exhibit V, marked for identification: Document
Witness steps down
Defense calls OFFICER KEVIN SIMMONS, sworn and testified
Cross examination
Witness steps down
Defense calls ANTHONY PIAZZA, sworn and testified
The following defense exhibits are marked for identification:
W. Small Color Photo
X. Small Color Photo
Y. Small Color Photo
Z. Small Color Photo
AA. Small Color Photo
BB. Small Color Photo
CC. Small Color Photo
DD. Small Color Photo
EE. Small Color Photo
At 4:30 p.m., the Court declares a recess. Jury admonished. Case continued to September 18, 2003 at 10:00 a.m. in Department S4.
CONTINUED TO - 09/18/2003 at 10:00am S4, JURY TRIAL

09/17/2003 DE 1

CUSTODY INFORMATION TRANSMITTED TO JAIL BY pschulze FOR 9/17/2003 10:00 S4
TRIAL CONTINUES TO 09/18/2003, 10:00AM, S4

09/18/2003 DE 1 Courtroom Minutes of Department S4

HON: Robert S. Boyd DDA: TROYE K. SHAFFER REP: KAREN THOMPSON CLK: MB
Cause comes on regularly this date for jury trial pursuant to adjournment of September 17, 2003. at 10:34 a.m., the Court convenes. Troye Shaffer present on behalf of the People. Defendant present in custody, in pro per. Jurors not present Mr.Piazza present
Outside the presence of the jurors, the Court and counsel discuss jury instructions.

09/18/2003 DE 1 Courtroom Minutes of Department S4 (continued)

At 10:40 a.m., the jurors are summoned into open Court.
Defense calls ANTHONY PIAZZA, sworn and testified
At 10:55 a.m., the Court reminds the jurors of their admonishment and declares a brief recess.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 11:16 a.m., the jurors are summoned into open Court.
The Court reads the stipulations for the record.
At 11:17 a.m., the Court reminds the jurors of their admonishment and declares the noon recess.
Outside the presence of the jurors, the Court and counsel discuss jury instructions.
The Court's Exhibit 1, Stipulation, is marked for identification.
The People withdraw Exhibit 14.
People's exhibit 1 through 20, 33, 41 through 44, 45 through 49, 52 through 54, 57 through 71, and 73 are admitted into evidence.
The Defendant's Exhibit A through T and X through EE are admitted into evidence.
The Defendant's Exhibit U is withdrawn.
At 1:35 p.m., the Court reconvenes. Counsel present. Defendant present in custody. Jurors not present. Mr. Piazza present.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 1:37 p.m., the jurors are summoned into open Court.
The court instructs jury.
Ms. Shaffer presents her closing arguments on behalf of the People.
Mr. Williams presents his closing arguments.
Ms. Shaffer presents her final arguments.
The Court reads the final jury instructions.
At 3:07 p.m., the bailiff is sworn to take charge of the jury.
The jurors retire to commence deliberation.
At 3:08 p.m., the Court reminds the alternate juror of her admonishment and thanks and excuses her until further notice.
Outside the presence of jurors, the Court and counsel discuss legal issues.
Counsel and defendant stipulate the bailiff may excuse and reconvene the jurors.
People rest At 3:12 p.m., the Court stands in recess.
At 4:35 p.m., the bailiff advises the jurors have left for the day and will return September 19, 2003 at 10:30 a.m. in Department S4.
CONTINUED TO - 09/19/2003 at 10:30am S4, JURY TRIAL

09/18/2003 DE 1

JURY INSTRUCTIONS GIVEN BY COURT FILED
CUSTODY INFORMATION TRANSMITTED TO JAIL BY mbetts FOR 9/18/2003 10:00 S4

09/19/2003 DE 1

VERDICTS FILED
VERDICT FORMS NOT USED FILED
TRIAL COMPLETED - 6 Day(s)

09/19/2003 DE 1 Courtroom Minutes of Department S4

HON: Robert S. Boyd DDA: TROYE K. SHAFFER REP: KAREN THOMPSON CLK: MB
Cause comes on regularly this date for jury trial pursuant to adjournment of September 18, 2003.
Bailiff Mark Mauldin is sworn to take charge of the jurors.
At 10:35 a.m., the bailiff advises all jurors are present and continue deliberations in the jury room.
At 11:37 a.m., the Court convenes. Counsel present. Defendant present in custody, in pro per. Jurors not present. Mr. Piazza not present.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 12:01 p.m., the jurors are summoned into open Court.
The jury, throught its foreperson, Juror #1712, renders the verdicts which are read by the clerk, affirmed as read and made a part of the Court's record:
We, the Jury, find the defendant, TERYL ANTHONY WILLIAMS, Guilty of violation of Section 459 of the Penal Code, a felony, to wit, SECOND DEGREE COMMERCIAL BURGLARY, as alleged in Count I of the First Amended Information.
DATED: 9/19/03 #1712
We, the Jury, find the defendant, TERYL ANTHONY WILLIAMS, Guilty of violation of Section 496(a) of the Penal Code, a felony, to wit, RECEIVING STOLEN PROPERTY, as alleged in Count II of the First Amended Information.
DATED: 9/19/03 #1712
At 12:05 p.m., the Court excuses the jurors into the hallway.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
The defendant waives jury trial on the priors.
At 12:08 p.m., the jurors are summoned into open Court.
The Court thanks and excuses the jurors.
Defendant admits the following priors on the record as follows:
Strike(s) 1170.12 Dated 12-17-84 Admitted
Prison Prior(s) 667.5(b) Dated 1-5-98 Admitted
Prison Prior(s) 667.5(b) Dated 3-4-93 Admitted
Prison Prior(s) 667.5(b) Dated 1-17-90 Admitted
Prison Prior(s) 667.5(b) Dated 12-17-84 Admitted
Prison Prior(s) 667.5(b) Dated 9-14-82 Admitted
Prison Prior(s) 667.5(b) Dated 1-3-79 Admitted
Case Referred to Probation Department for RPO Re: Presentence

SCR-32705 SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA Page 21

09/19/2003 DE 1 Courtroom Minutes of Department S4 (continued)

CONTINUED TO - 10/16/2003 at 9:00am S4, RPO/PRESENTENCE
Report due 10-9-2003
The Court stands adjourned.

***** End of Docket *****

EXHIBIT IBIT - I

# Petaluma Police Department

969 Petaluma Blvd. North, Petaluma, Ca. 94952

Phone Number (707) 778-4372 Fax: (707) 778-4501

Patrick T. Parks, Chief of Police

## Application for Release of Information

| | | |
|---|---|---|
| Date & Time of Incident: | Type of Incident [x] Traffic Collision [ ] Crime | Report Number (If Known) 03-874 |
| Location of Incident: | | |
| Name of Person Involved: TYREL WILLIAMS | | |

## Party of Interest (Please Check One)

- [ ] Person Involved Driver, Passenger, Pedestrian, Victim
- [ ] Insurance Representative
- [ ] Property Owner
- [ ] Attorney
- [ ] Authorized Individual (Signed authorization required)
- [ ] Parent/Guardian of Juvenile
- [ ] Other Party of Interest: (Specify)

## This is your mailing label. Type or Print carefully or affix a mailing label.

→ ← Name or Agency Name

→ Please call ← Address

→ will call ← City, State, Zip

Attention:

## Certification

I declare under the penalty of perjury that.... [ ] I am [x] I represent [ ] I am an attorney representing...the party of interest in the report requested. → Court Appointed Investigator

Signature: [signature]

| Today's Date: | Phone Number: 707-664-0327 [ ] Business [ ] Home | Agency Represented (if applicable) Private Inv. Appointed for Defense by Judge |
|---|---|---|
| 8-25-03 | | |

## PPD Use Only--Do Not Write Below This Line

| Report Number | Person Releasing | Date Released | Method of Release |
|---|---|---|---|
| | | | |

Rev 4/29/99

EXHIBIT J

So your motion is denied at this point.

MS. SILVER: And, Your Honor --

THE COURT: Yes?

MS. SILVER: I would actually ask the Court to, at this time, have -- institute 1368 proceedings. I don't feel Mr. Williams is able to cooperate with counsel. I also don't feel he's even acting in his own best interest. Just moments ago, before we came over to this department, he's known all along that this case was set for jury trial. That's been at his request. And just moments -- we were sent over here, he said, "I never asked for this jury trial."

THE COURT: All right. What I'm going to do is take -- your motion under 1368 should be done in open court. So what I'm going to do, I'm going to conclude these matters insofar as the Marsden motion is concerned. I'll open the courtroom doors, call both matters, and you can make your representation at this time.

MS. SILVER: Thank you.

THE DEFENDANT: Your Honor? Your Honor?

(Courtroom opened to public.)

(End of Marsden motion.)

\- - -

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

HON. ROBERT P. DALE, JUDGE COURTROOM TWO

- - -

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiffs, v. TERYL ANTHONY WILLIAMS, Defendant. | No. SCR-32705 |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Wednesday, April 30, 2003

- - -

Appearances:

For the People: STEPHAN R. PASSALACQUA
District Attorney
212-J Hall of Justice
Santa Rosa, California 95403

By: ALEXANDER J. McMAHON
Deputy District Attorney

For the Defendant: LOUIS S. HAFFNER
Public Defender
106-J Hall of Justice
Santa Rosa, California 95403

By: KAREN SILVER
Deputy Public Defender

- - -

Reported by:

FRAN GI SANDERS, CSR No. 6071

SANTA ROSA, CALIFORNIA 10:03 A.M.

- - -

THE COURT: All right. This is the matter of People versus Teryl Anthony Williams.

Mr. Williams, I'm Judge Dale. The matter's been transferred into this courtroom for possible jury trial. But before we do that, I see you filed a Marsden motion here, so I'm going to hear what you have to say.

Give me a little bit of time here so I can read what you've written down. I see you've spent some time writing this down. Let me read this first, and then I'll hear what you have to say.

(Reviewing.)

(Marsden motion had, reported, transcribed and bound separately.)

- - -

THE COURT: We're back on the record, in open court, in the matter of People versus Williams and Rone. All parties are present, to include Ms. Rone and her attorney. The People are represented by Deputy District Attorney Bud McMahon.

The Court has just concluded a Marsden motion in camera, actually in a closed courtroom with only the essential participants available.

Court has denied the motion. Ms. Silver started to make a separate motion, and I indicated it would be best to have it made in open court since it

may have some bearing on the co-defendant as well.

Ms. Silver?

MS. SILVER: Yes, Your Honor. I'd ask the Court to suspend proceedings on behalf of Mr. Williams in that I don't feel he's competent to assist counsel with these proceedings. Again, I'll give the Court an example. We've been set in a trailing position for jury trial all week. We've had readiness conferences. And just five minutes before we came over to this courtroom, Mr. Williams informed me he never asked for a jury trial, which led me to believe he wanted a Court trial. But regardless, it's an example of the type of cooperation I've had from Mr. Williams all along. He's unable to carry on communications with me of any kind of a helpful manner regarding his case, and I'm asking the Court to have him evaluated by a forensic psychologist and psychiatrist.

THE COURT: Can you be more specific? Obviously, the ability to cooperate with counsel has bearing on the 1368, and you just made that one mention. Are there any other factors that you can bring to the Court's attention?

MS. SILVER: Well, that -- that he spent a good -- he spent a good deal of time talking with the Court and me, as well bringing up the same issues, for example, regarding discovery, regarding motions I should be making, which were dealt with even by the Court with him in regards to the -- how the grounds for

those motions and I am under an obligation not to file those. He spends his time talking about that and getting upset about that, rather than helping me to get ready for the case and work on his defense.

He's -- He's -- I'd say at least three of the last four meetings I've had with him, I've had to leave because he won't stop yelling. And again, we don't get to talk about the substance of the case, but something simply he's mad about, like I didn't file the motion, and it can't get beyond that context.

So -- not to mention the fact he said he never asked for a jury trial, and we've been -- I don't know how many times we met in court, and it's been very clear this is on its way to a jury trial.

THE COURT: All right. That's at least sufficient at this point, as to this co-defendant, to suspend proceedings pursuant to Section 1368. And I will do this. This is a case I've called at the request of Judge Ballinger. So what I'm going to do at this point is return the case to her tomorrow morning at the 8:30 calendar, and criminal proceedings will be suspended with regards to Mr. Williams at this point.

And just so the record is clear, the jury trial is still set as to Ms. Rone, and so that puts her in a position, at least ostensibly at this point, of going to jury trial.

MS. THISTLETHWAITE: Your Honor --

THE COURT: Unless --

MS. THISTLETHWAITE: Ms. Rone -- I've explained to her the potential situation. She is still -- she's prepared to waive time. What my request is, is that we go over to Department Two tomorrow, that an alienist will be assigned. It will probably be three weeks for the report and then another, I don't know, two or three days after that. But we give my client a day to come back for setting in approximately 3 1/2 weeks, four weeks, and she would waive time to that date plus 90 days.

THE COURT: The only question I have, and this is up to Mr. McMahon, obviously, if he wants to keep the jury trial date intact, vacate it now or consider that tomorrow morning. I just want to make the record clear since I'm suspending proceedings with regards to this one. Ms. Rone is still ostensibly set for jury trial, so that's up to you at this point.

MR. McMAHON: Thank you, Your Honor. With counsel's representation that Ms. Rone will enter into a time waiver, we'll ask the trial date be vacated.

THE COURT: Would you take that from her, personally, on the record, please?

MS. THISTLETHWAITE: Ms. Rone, you have the right to have your jury trial within 60 days of the date you enter your plea, and in the trial department. That is a right you can waive, however.

Do you waive that right so your case can be recalled in approximately four weeks for setting and

that your trial can be held within 90 days of the setting date?

DEFENDANT RONE: Yes, that's fine.

THE COURT: Very well. The trial date is vacated, and the criminal proceedings are suspended with respect to Mr. Williams pursuant to 1368. The matter will be returned to Judge Ballinger tomorrow morning, May 1st, 8:30, for further proceedings consistent with 1368.

MS. THISTLETHWAITE: And, Your Honor, my client, she's coming -- and has been coming -- from the South Bay. Could she have a date to return in approximately four weeks?

THE COURT: Any objection, Mr. McMahon?

MR. McMAHON: No.

THE COURT: All right. Approximately four weeks. We'll put her matter back on in front of Judge Ballinger the morning of May the 28th at 8:30. Does that work?

MS. THISTLETHWAITE: Yes, it does.

MS. SILVER: Thank you.

THE COURT: And I'll return this to you.

And this Court is in recess this morning. Thank you, all.

(Proceedings adjourned to May 1, 2003 at 8:30 a.m. in Department Two.)

\- - -

REPORTER'S CERTIFICATE

COUNTY OF SONOMA )
) ss:
STATE OF CALIFORNIA )

I, FRAN GI SANDERS, an Official Court Reporter of the Superior Court of the State of California, County of Sonoma, do hereby certify that I correctly reported the within-entitled matter and that the foregoing is a full, true and correct transcription of my shorthand notes of the testimony and other oral proceedings had in the said matter.

Dated this 17th day of November 2003 at Santa Rosa, California.

FRAN GI SANDERS, CSR No. 6071

EXHIBIT K

EXHIBIT

ORIGINAL

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SONOMA

HONORABLE RAIMA H. BALLINGER, JUDGE

. . .

FILED

JUN 27 2003

Clerk of the Superior Court of California
County of Sonoma
By ________
Deputy Clerk

PEOPLE OF THE STATE OF CALIFORNIA, )
Plaintiff, )
vs. )
TERYL ANTHONY WILLIAMS, )
Defendant. )

Case No.: SCR-32705
Date: April 30, 2003
May 1, 2003
May 29, 2003
June 13, 2003
Time: 8:30 a.m.
Courtroom: 2

PROCEEDINGS

A P P E A R A N C E S

For the People:

Stephan Passalacqua
District Attorney
By: ALEXANDER McMAHON, ESQ.
By: TROYE SHAFFER, ESQ.
212-J Hall of Justice
Santa Rosa, CA 95403

For the Defendant:

Louis Haffner
Public Defender
By: KAREN SILVER, ESQ.
By: STEVE FABIAN, ESQ.
111-J Hall of Justice
Santa Rosa, CA 95403

CARLOS A. MARTINEZ
OFFICIAL SHORTHAND REPORTER #10620
600 ADMINISTRATION DRIVE
ROOM 218-J
SANTA ROSA, CA 95403
(707) 565-2390

Wednesday, April 30, 2003

. . .

THE COURT: Ms. Thistlethwaite, why don't we start with Mr. -- Mr. Williams is here and Ms. Rhone. Is Ms. Rhone present?

MS. THISTLETHWAITE: Yes, she is. But we need Ms. Silver for that, and she's not here. I'm sorry. We need Mr. McMahon and he's not here. But we can start with Mr. Turner who is here.

MS. SILVER: And to let the Court know, I believe Mr. Williams has a motion that he wants to run.

THE COURT: It's going to be in another department, whatever motion that wants to be.

(THE MATTER WAS PASSED)

THE COURT: I now have Mr. McMahon here. And Mr. Williams is here? And we also have Ms. Rhone here if she'll come forward. This matter trailed today for jury trial. It's going to be transferred to department No. 1 for proceedings in that department.

So --

MS. SILVER: So --

THE COURT: We need to have one of you, Mr. McMahon, do you want to take the file over there? Judge Dale has already reviewed it. He knows it's coming.

MS. THISTLETHWAITE: Should we go over there right now? I do have a 9 o'clock sentencing.

THE COURT: Why don't you go check in with department No. 1 and get going on that and we'll have Mr. Williams

transferred over there.

(THE MATTER WAS TRANSFERRED TO DEPARTMENT 1)

///

///

Thursday, May 1, 2003

. . .

MR. McMAHON: Your Honor, we're ready on the Williams matter, Teryl Williams.

THE COURT: Mr. Williams is present.

It's my understanding that today I'm to be appointing an alienist --

MR. McMAHON: That's correct.

THE COURT: -- to talk to Mr. Williams.

MR. McMAHON: Pursuant to 1368 proceedings, Your Honor, Ms. Silver and I did discuss yesterday an alienist, and we were going to suggest to the Court Dr. Cushing, if that would be fine.

THE COURT: All right. The Court will appoint Dr. Cushing to speak with Mr. Williams. And --

MR. McMAHON: The codefendant is back for setting, I believe, on the 29th, so we want to wrap this up by then.

THE COURT: The Court will have this matter back on calendar on May 29th to discuss this report at 8:30 in the morning. The report from Dr. Cushing will be due on May 27th. That gives us enough time to have read it.

MR. McMAHON: Thank you.

(THE PROCEEDINGS WERE CONCLUDED)

///

///

Thursday, May 29, 2003

. . .

THE COURT: I want to call Mr. Williams who is also back. Teryl Williams.

We have his file, the codefendant was on yesterday. So do we still have that file around?

Ms. Thistlethwaite, did we bring your client, back Ms. Rhone, from yesterday?

MS. THISTLETHWAITE: No, we didn't. We set her.

THE COURT: Oh, we set her?

MS. SILVER: Yeah.

THE COURT: The Court -- this is concerning Mr. Williams. Mr. Williams is present in custody. Ms. Knotts, are you appearing?

MS. KNOTTS: I can. This is Mr. McMahon's case, but I can.

THE COURT: All right. We do have a receipt from Dr. Cushing and are you going to --

MS. SILVER: Submitted.

THE COURT: -- submit it?

Are you submitting it?

MS. KNOTTS: Yes, Your Honor.

THE COURT: Criminal proceedings are reinstated.

MS. SILVER: Mr. Williams does have a motion he would like to make. He would like to make a Faretta motion. And at this point I'd like the Court to know that he would like to represent himself.

THE COURT: There's a full Faretta waiver that he has

to fill out before I'll consider that.

MS. SILVER: Do you want to set it for another date?

THE COURT: Yes. He needs time to fill out the Faretta waiver. It's quite detailed. And I need a lot of information on there before I consider this given the gravity of the situation.

So the Court will place the matter back on calendar on -- we can do it June 3rd, 8:30 in the morning. That will be to set his jury trial.

MS. SILVER: And at this time --

MS. THISTLETHWAITE: Actually, I think the dates for jury trial are set.

THE COURT: I don't have the minutes.

MS. KNOTTS: It's July 14th.

THE COURT: Oh, I do have the minutes. July 14th at 9:30 for jury trial.

MS. THISTLETHWAITE: And I have a specially set jury trial.

THE COURT: I'm going to keep them together. July 9th, 8:30 for pretrial. And that is within the -- that's within the 60 calendar days. And we'll talk about whether or not he gets to represent himself on Tuesday morning at 8:30.

MS. SILVER: Do you have that Faretta questionnaire?

THE COURT: I do.

MS. SILVER: I'll give it to him so he can fill out before we come back.

(THE PROCEEDINGS WERE CONCLUDED)

///

Friday, June 13, 2003

. . .

THE COURT: I'll call Mr. Williams' case.

Mr. Williams, I placed you on calendar today in order to talk to some administrative person in the jail about your request for law library access, and I don't yet have a response from them. So I'm intending on putting this over till probably Tuesday, and then I should have more information for you.

THE DEFENDANT: Your Honor, I would like to make a motion, though. I would like to make a motion. I'd like to make a violation motion. And, Your Honor --

THE COURT: Okay. I can't hear you.

THE DEFENDANT: Your Honor, I would like to file this motion right here, and I would like to order the transcript. I can prepare myself the 995 motion. I would like to order the transcript for --

THE COURT: A transcript of what?

THE DEFENDANT: April 30th, May the 1st, and May the 29th.

THE COURT: And why do you need those transcripts?

THE DEFENDANT: I need these to prepare myself -- I want to file a 995 motion.

THE COURT: Well, a 995 motion goes just to the preliminary hearing.

THE DEFENDANT: Well, Your Honor, I had a hearing, okay, and this is what I want to file my 995 motion on. I had a competency hearing.

THE COURT: You had a what?

THE DEFENDANT: I had a competency hearing.

THE COURT: Yeah. That doesn't have anything to do with a 995 motion.

THE DEFENDANT: Okay. Basically what I want to do, Your Honor, okay, the Court's is basing a violation of speedy rights trial. Okay. They went way past my trial date, over my trial date. Okay. At this time they're way over my trial date.

THE COURT: They suspended criminal proceedings while a psychologist took a look at the situation.

THE DEFENDANT: I know that, Your Honor. But then again my procedure starts where it stopped at. It don't start over. And they started my proceedings over.

THE COURT: Well, it does start over. That's the law.

THE DEFENDANT: I have -- I have cases that say that it does not start over.

THE COURT: Mr. Williams, if there's something that you want to file this morning, I'll let you file it. But I can't give you legal advice. You wanted to represent yourself.

THE DEFENDANT: Okay. I would like to.

THE COURT: Okay. So you've got a copy for the district attorney. And we've -- the district attorney, do you acknowledge that you have a copy?

MS. SHAFFER: Yes.

THE COURT: Procedurally, Mr. Williams, I have to set a motion for a hearing, and you've got a trial date that's coming up rapidly.

THE DEFENDANT: Okay.

THE COURT: I'd like to put this matter on calendar

for a hearing on the 19th. That's not even quite a week. Do you think you could get something in response on file even if it's the night before.

MS. SHAFFER: Your Honor, I believe that we can probably get something together.

THE COURT: Okay. I'll place hearing on the motion on June 19th at 2:30 in the afternoon. People to provide their response by June 18th at 5:00 p.m. And certainly you're going to have to serve Mr. Williams with that as well as the Court. And if you would make sure that I get a courtesy copy or I won't see it.

We'll have a hearing on your motion.

THE DEFENDANT: Okay. Your Honor, I have another matter here. Your Honor, I did not have -- the public defender office never gave me nothing pertaining to my case. I don't have nothing. They gave me nothing for my case. And I asked the district attorney for discovery. They gave me nothing. I don't have nothing to proceed with, period.

THE COURT: Okay. This had been Ms. Silver's case. Do you have any information, Mr. Fabian, as to whether or not any information has been turned over to Mr. Williams?

MR. FABIAN: I don't know. But if not, Your Honor, I'll talk to Ms. Silver to make sure. He should be getting a copy of all of his police reports, all of the preliminary hearing transcripts and that sort of thing. Copy of -- we're in the information stage. He should have a copy of that also. It's not been turned over to you yet?

THE DEFENDANT: No, I haven't received nothing.

MR. FABIAN: I'll talk to Ms. Silver today, and we'll make sure that we drop it off at the jail today.

And there's one thing that I ask the Court. Normally we provide police reports to our clients -- I mean, not normally. Always we delete out all addresses and phone numbers of nonpolice witnesses and victims.

Doing that, though, to someone that is representing themselves presents a problem for a person trying to investigate their own -- trying to investigate his own crime. I'm just going to ask the Court direction as to whether or not we should delete out all addresses and phone numbers or should we give him the police reports?

THE COURT: What's the People's position on that? I want to know if it's a problem.

MS. SHAFFER: Your Honor, based on the nature of the charges being possession of stolen property, it will be our position not to disclose those addresses and those phone numbers directly to the defendant but instead appoint him an investigator who can be the middle person. But those victims probably wouldn't be real responsive anyway directly to the defendant.

THE COURT: That would be the appropriate procedure if you have an investigator that would be helping you, that person could have the addresses and telephone numbers and would do the investigation for you.

MR. FABIAN: So what I'm understanding is you want us to then make copies of the police reports and so redact out addresses and phone numbers of all nonpolice witnesses? Police

EXHIBIT L

EXHIBIT

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# VEHICLE REPORT

CHP 180 (Rev. 2-99) OPI 061

NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

| REPORTING DEPARTMENT | LOCATION CODE | DATE / TIME OF REPORT | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY | FILE NO. |
|---|---|---|---|---|
| Petaluma PD | 4908 | 2/7/03 0600 | ☐ | 03-874 |

| LOCATION TOWED / STOLEN FROM | ODOMETER READING | VIN CLEAR IN SVS? / LIC. CLEAR IN SVS? | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|
| Kenilworth @ E. Washington | 20949 | VIN: ☒ YES ☐ NO; LIC: ☒ YES ☐ NO | 2/7/03 | |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE NO. | ONE / TWO | MONTH / YEAR | STATE |
|---|---|---|---|---|---|---|---|---|
| 80 | Dodge | 280 | Van | Tan | 1AME828 | ☐ ONE ☒ TWO | 9/03 | CA |

| VEHICLE IDENTIFICATION NO. | ENGINE NO. | VALUATION BY |
|---|---|---|
| B21JPAX121383 | | ☒ OFFICER ☐ OWNER; ☐ 0-300 ☒ 301-4000 ☐ 4001 + ☐ $ |

**REGISTERED OWNER**

Terence Leith Harris
9606 Empire Rd
Oakland, CA 94603

**LEGAL OWNER**

☒ SAME AS R/O

☐ STORED ☒ IMPOUNDED ☐ RELEASED ☐ RECOVERED - VEHICLE / COMPONENT

| TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE) | STORAGE AUTHORITY / REASON |
|---|---|
| Downtown Autobody 1490 N. Petaluma Blvd 665-9106 | 21655.5 VC |

| TOWED TO / STORED AT | AIRBAG? | DRIVEABLE? | VIN SWITCHED? |
|---|---|---|---|
| Same | ☐ YES ☒ NO ☐ 1 ☐ 2 | ☒ YES ☐ NO ☐ JUNK ☐ UNK | ☐ YES ☒ NO |

| CONDITION | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | TIRES / WHEELS | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WRECKED | | x | SEAT (FRONT) | x | | REGISTRATION | x | | CAMPER | | x | LEFT FRONT | Poor |
| BURNED HULK per 431(c) VC | | \| | SEAT (REAR) | \| | | ALT. / GENERATOR | \| | | VESSEL AS LOAD | | \| | RIGHT FRONT | \| |
| VANDALIZED | | \| | RADIO | x | | BATTERY | \| | | FIREARMS | | \| | LEFT REAR | \| |
| ENG. / TRANS. STRIP | | \| | TAPE DECK | | x | DIFFERENTIAL | \| | | OTHER | | x | RIGHT REAR | Poor |
| MISC. PARTS STRIP | | \| | TAPES | | x | TRANSMISSION | | | | | | SPARE | Yes |
| BODY METAL STRIP | | \| | OTHER RADIO | x | | AUTOMATIC | x | | | | | HUB CAPS | No |
| SURGICAL STRIP per 431(b) VC | | x | IGNITION KEY | x | | MANUAL | | x | | | | SPECIAL WHEELS | Mags |

| RELEASE VEHICLE TO: | GARAGE PRINCIPAL / AGENT STORING VEHICLE (SIGNATURE) | DATE / TIME |
|---|---|---|
| ☐ R/O OR AGENT ☒ AGENCY HOLD ☐ 22850.3 VC | [signature] Glenn Russell | 2/7/03 |

| NAME OF PERSON / AGENCY AUTHORIZING RELEASE | I.D. NO. | DATE | CERTIFICATION: I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT I AM LEGALLY AUTHORIZED AND ENTITLED TO TAKE POSSESSION OF THE ABOVE DESCRIBED VEHICLE. |
|---|---|---|---|
| | | | |

| SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON TAKING POSSESSION |
|---|---|
| | |

☐ STOLEN VEHICLE / COMPONENT ☐ EMBEZZLED VEHICLE ☐ PLATE(S) REPORT

| DATE / TIME OF OCCURRENCE | DATE / TIME REPORTED | NAME OF REPORTING PARTY (R/P) | DRIVER LICENSE NO. / STATE |
|---|---|---|---|
| | | | |

| LAST DRIVER OF VEHICLE | DATE / TIME | ADDRESS OF R/P | TELEPHONE OF R/P |
|---|---|---|---|
| | | | ( ) |

I CERTIFY OR DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF PERSON MAKING REPORT

## REMARKS

[LIST PROPERTY, TOOLS, VEHICLE DAMAGE, ARRESTS]

| DRIVER'S NAME | ARRESTED / SECTION? | REPORTED BY | CARGO / TYPE? | VALUE $ |
|---|---|---|---|---|
| Zhone, G. | ☒ YES ☐ NO 459 | Gilman | ☐ YES ☐ NO | ☐ BILL OF LADING ATTACHED |

360° Poor paint
Poor interior
Misc clothing & tools
Passenger door broken
360° rust
Broken rear taillight

FRONT LEFT SIDE RIGHT SIDE REAR TOP

| SIGNATURE OF OFFICER TAKING REPORT | I.D. NO. | SUPERVISOR | REQUIRED NOTICES SENT TO REGISTERED AND LEGAL OWNERS PER 22852 VC? | DATE NOTIFIED |
|---|---|---|---|---|
| [signature] 2042 | 2042 | K. Evans | ☒ YES ☐ NO | 2/7/03 DR |

1334 2/7/03

OSP 99 18768 c180_299.frp