FILED

E-Filing

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Teryl A Williams V11316
2  Ca. State Prison - Solano
3  P.O. Box 4000 - 4 - 207
4  Vacaville, Ca. 95696 · 4001
5
6
7  UNITED STATES DISTRICT COURT
8
9  NORTHERN DISTRICT OF CALIFORNIA
10
11  Teryl A. Williams
            Petitioner                C  07  5342
12
13
14  D. K. Sisto
15      Respondent
16
17      I Teryl A. Williams declare:
18      I am the petitioner in this action.
19      I declare under penalty of perjury under the law
20  of the state of California that the foregoing attached copies
21  of these document are true and correct as followed:
22      1. Petitioner's Attached Supporting Facts. see Exhibit-A
23      2. Appellant's California Court of Appeal Disposition. see
24      Exhibit-B
25      3. Appellant's California Supreme Court Petition-for
26      Review. see Exhibit-C
27      4. Appellant's United States Supreme Court Petitioner
28      for a Writ of Certiorari. see Exhibit-D

5. Petitioner's Superior Court for the state of California County of Sonoma Writ of Habeas Disposition. see Exhibit-E

6. Petitioner's California Court of Appeal Writ of Habeas Disposition. see Exhibit-F

7. Petitioner's California Supreme Court Writ of Habeas Disposition. see Exhibit-G

8. Sonoma County Superior Court Minutes. see Exhibit-H

9. Application for Release of Information. see Exhibit-I

10. Transcript of Proceeding April 30, 2003 Marsden Motion. see Exhibit-J

11. Reporter's Transcript of Proceeding April 30, 2003 May 1, 2003 and May 29, 2003. see Exhibit-K

12. Petaluma Police Department Vehicle Report. see Exhibit-L

EXHIBIT

EXHIBIT-A

Supporting Facts on Claim
1

(1) The traffic stop

Petaluma police officer Paul Gilman testified that on February 7, 2003, at about 5:30 a.m., he was dispatched to Dan's Auto and Truck Supply on Lakeville Highway (RT 6]. He saw a beige van partially into the roadway, but not blocking traffic; the officer assumed the driver intended to turn onto the road (RT 19).  As he approached, the van backed into the

---

[5] Appellant subsequently moved (before a different judge) to renew and reopen the search motion, based on the newly-decided *People v. Sanders* (2003) 31 Cal.4th 318 (CT 237).  The People filed opposition, insisting that *People v. Viers* (1991) 1 Cal.App.4th 990 authorized the search (CT 255).  The court denied permission to reopen (CT 274).  We also appeal this denial.

[6] All references in this section will be to the volume of reporters' transcript covering the dates April 3 through June 19, 2003, bound in a single volume.

parking lot. He felt it was "suspicious" that a van was in the lot at a time when none of the businesses were opened (RT 9). The officer passed the location, turned off his lights, and circled back to a point near the parking lot, where he still saw the van, parked with its engine running and lights on (RT 7-9). About 35 seconds later, the van left the parking lot and turned right onto the highway; the officer followed at a distance. He attempted to run a check on the license plate, but the numbers were partially blocked by a ladder mounted on the rear of the vehicle (RT 9-10). The license plate could be read, but only by approaching the van on foot, and looking underneath the rung of the ladder (RT 10).[7]

Because the van had an obscured license plate, Gilman felt justified in stopping the van; he had no other lawful reason that he knew of (RT 18). He never issued a citation for the license plate violation (RT 26).

### (2) The search of the van.

Gilman approached the van alone, before any backup had arrived (RT 19). He saw two persons in the cab, appellant and his codefendant, Galana Rhone (RT 11). Ms. Rhone, who was driving, was wearing a long-sleeved shirt, but no pants (RT 12). Williams gave his name, but had no picture ID. Gilman ordered Rhone out, intending to search the vehicle for her identification, because she also had not produced any ID (RT 12).

---

[7] Photographs of the license plate were admitted (defense Exhs. A & B) (RT 18).

16

Meanwhile, appellant attempted to move to the back of the van, but the officer instructed him to sit down and face forward (RT 13).

Rhone explained to the officer that she needed to put pants on. He permitted her to retrieve a pair of pants from a duffel bag located near the driver's seat (RT 21). As she left the vehicle, she said she was cold and asked to retrieve her jacket. Gilman ordered her to sit on the curb, and told her he would retrieve it for her (RT 13). For "officer safety reasons", he also ordered Williams to exit the vehicle, and before proceeding further, searched appellant's pockets (see next subsection). He then returned to the van and started to open its rear doors to reach for a jacket he had seen in the rear of the van. As he was doing so, Williams said that Ms. Rhone did not have a jacket; Ms. Rhone agreed, and explained that what she wanted was her sweater, which, as the officer already knew, was in Ms. Rhone's duffel bag (RT 24).

Gilman disregarded this request, and removed the jacket, which was covering a large metallic object. He did so because he felt the jacket would be "much warmer" than the sweater. Underneath, he saw the metallic object in more detail. After giving the jacket to Ms. Rhone, he asked both defendants whether they owned the metallic object; they both denied it. Looking again at the object, he saw that the object was a large square safe with wheels. On top of it was a stack of blank business checks on top of it, from Dan's Auto and Truck Supply (RT 15-16, 25).

17

No one had consented to a search of the van (RT 25).

(3) The search of appellant's pocket

Gilman did a pat-search of appellant for "officer safety" and asked appellant if he "had anything illegal on him." Appellant denied this, and turned his back to the officer while spreading his arms, in a gesture the officer interpreted as permission to conduct a pat search (RT 14, 23).[8] The officer then searched appellant and felt some wadded up paper in a back pocket, which, he believed, might contain identification. He did not believe that the wad of paper was some sort of weapon (RT 23).

He took these papers from appellant's pocket, and handed them to a backup officer. When Gilman eventually looked at the former contents of the pocket, he discovered receipts for the previous business day from the auto supply store, and inside the receipts, some money (RT 14-15). Gilman arrested both appellant and Ms. Rhone, and put them in handcuffs (RT 16).

The prosecutor argued that the search was permissible on three independent grounds: The suspicious activity of the van, the obscured license plate, and the fact (though unknown to the officer) that appellant was on probation (RT 29).

After argument, the trial court denied the motion without stating any reason for its ruling (RT [4/18/03] 4).

---

[8] On direct examination, Gilman claimed he obtained oral permission to search for "anything illegal" (see Part C, *infra*).

18

Supporting Facts on Claim
2

On April 3, 2003, appellant presented a written *Marsden* motion, asking for removal of counsel, and alleging that deputy public defender Silver was inadequate; he wanted the court to appoint a new lawyer (CT 104). After being initially denied by Judge Ballinger, who then heard appellant's motion to suppress evidence, the motion was considered at greater length on April 30, 2003, when the case had been assigned to trial before Judge Dale.

Appellant's handwritten motion was ordered filed on that date. It set forth appellant's grievances in some detail. Nonetheless, Judge Dale asked appellant to explain his feelings orally in a closed proceeding where appellant and his attorney were present. The gist of appellant's complaint was that Deputy Public Defender Silver had consistently shown herself uninterested in trying the case, and spent almost all of her interview time trying to persuade appellant to plead guilty. As a result, she had allowed the trial date to arrive without fully completing discovery, and without any attempt to obtain a forensic examination of the physical evidence (RTM 11-19).[11] According to appellant, whenever he talked to Ms. Silver, she took unjust offense at his attitude. She even accused him of using profanity to her, which appellant did not use. All she wanted to talk about was disposing the case (RTM 28-29). He felt she was not interested in his case and at trial would just "do the basics", and he would be convicted (RTM 30).

Ms. Silver had committed what appellant saw as an act of betrayal. His co-defendant Rhone had written him a letter from jail and made a video that exonerated him from responsibility for the burglary. Ms. Silver showed the letter to Ms. Rhone's counsel, without appellant's permission. Appellant intended to reserve the letter and videotape for impeachment of Ms. Rhone, should she testify and try to implicate appellant. In response to the letter, Ms. Rhone's counsel instructed her client to change her story

---

[11] "RTM" refers to the *Marsden* transcript of April 30, 2003.

(RTM 3-5, 6. 8), and to side with the prosecution, possibly by testifying against appellant, but in any case by taking "a deal from the District Attorney (RT 7, 9).[12]. Appellant believed Ms. Silver had "destroyed his defense" by turning the letter over to Ms. Rhone's counsel (RTM 10).

In defense of her professional competence, Ms. Silver explained that Ms. Rhone had also exonerated appellant and then retracted the exoneration when interviewed by the police. It was a tactical decision to show the letter to Jamie Thistlethwaite, Rhone's court-appointed lawyer[13] (RTM 22). She felt some of the motions appellant wanted to file were unmeritorious (RTM 23). We need not, in this case, decide who was right. Regardless of whether Ms. Silver had acted properly and with the minimum diligence required of a court-appointed defender, her testimony and actions made it clear that the attorney-client relationship had broken down to the point she could no longer adequately represent appellant.

Ms. Silver's explanation made this clear, and her decision to make a groundless suggestion under Penal Code section 1368 made it certain that, however competently she might represent another client, she was no longer capable of representing appellant. She felt the case against appellant was overwhelming, and had told him so. Yet he insisted on a trial, and was "totally unapproachable about any disposition in the case". Appellant, in

---

[12] Ms. Rhone in fact did plead guilty before trial (CT 279).
[13] Ms. Thistlethwaite is married to a senior member of the Public Defender's office, which no doubt increased appellant's distrust of Ms. Silver.

her view, was not cooperating to help prove his case, but had become

obsessed with the idea he had been betrayed, and could talk about nothing

but her having shown Rhone's letters to Rhone's counsel. She did not deny

that their meetings had turned harsh and acrimonious. She told the court

that in her opinion, appellant should consider going pro per, because he

"has displayed a total inability to cooperate with counsel." (RTM 25).

The court opined that it could only discharge counsel "if it's clearly

shown the attorney represented is not providing adequate representation or

that there's such an irreconcilable conflict that ineffective representation is

likely." He felt that neither situation had been shown, and denied the

motion (RTM 32).

Immediately on hearing that ruling, Ms. Silver announced she would

move under Penal Code 1368 to suspend the proceedings because she did

not fell appellant was able to cooperate with counsel (RTM 34, CT 112).[14]

---

[14] Clearly if attorney Silver thought appellant could represent himself, she cannot
have also believed that appellant was incompetent to stand trial. A person who is
incompetent to stand trial is incompetent to represent himself; in that respect, the
standards for competence are identical (*Godinez v. Moran* (1993) 509 U.S. 389,
400-401; *People v. Welch* (1999) 20 Cal.4th 701, 732-734). The judge should not
have referred the case for a competency hearing merely on defense counsel's
request, without some evidence that would support the *court's* belief that
appellant was incompetent (*People v. Frye* (1998) 18 Cal.4th 894, 953; *People v.
Welch, supra*, 20 Cal.4th at p. 742). Trial in this case was continued beyond the
statutory period (Pen. Code §1382) for no justifiable reason, and appellant's
motion to dismiss should have been granted on that ground. Unfortunately,
appellate review of the denial of dismissal is limited by the requirement that
appellant prove prejudice from the delay in trial (*People v. Wilson* (1963) 60
Cal.2d 139, 151-152; *People v. Johnson* (1980) 26 Cal.3d 557, 574).

On May 22, 2003, Dr. Cushing reported that appellant was competent to stand trial (CT 114). When appellant returned to court on May 29, 2003, he moved to represent himself (RT 40), which was granted on June 10, 2003 (RT 44-45).

Trial was set before a different judge, Judge Boyd. After the jury panel had been seated and questioning of the panel had begun, the prosecutor asked the judge to again review whether appellant wanted to proceed in propria persona. The judge offered to appoint a different public defender, and to waive time for at least two weeks so the new public defender could prepare the case. Appellant believed that at least six months would be required, and knew the court would not continue the case for that length of time. Appellant then observed that the case had already been going on for eight months, and he would prefer to go to trial before the jury panel that was present (RT 93-95, 97). He explained that he would not "participate with the Public Defender's Office, period. I will not – I had bad experience there. I will not go there, okay.....That's why I'm in the position I'm in right now." (RT 96).

33

Supporting Facts on Claim
3

In this case, the defendant testified to certain matters. If you find that the defendant failed to explain or deny any evidence against him introduced by the prosecution which he can reasonably be expected to explain or deny because of facts within his knowledge, you may take that failure into consideration as tending to indicate the truth of this evidence and as indicating that among the inferences that may reasonably be drawn therefrom those unfavorable to the defendant are the more probable.

The instruction goes on to explain that the failure to explain or deny does not "by itself" warrant an inference of guilt, nor does it change the burden of proof beyond a reasonable doubt; moreover, if the defendant does not have sufficient knowledge to explain or deny, this should not be used against him (CT 370).

This instruction cannot be given without adversely impacting a defendant's due process right to put on a defense, and was not justified in this case.

It is error to give this instruction absent evidence in the People's case which the defendant did not explain, although he could have ·

Supporting Facts on Claim

4

[THE WITNESS:] "Terry, come on. Terry, come on. Terry, I know somebody in Santa Rosa. Terry, just come on. Take me to Santa Rosa, Terry. It's going to be all good, okay?"

I said, "Okay. Well, is he going to let us use the van?"

She say, "Yeah, he'll let us use the van, Terry.  It'll be all good, Terry, I got –"

THE REPORTER:  I need you to slow down, please.  I can't keep up with you.

MS. SHAFER:  I'm going to object to the hearsay about Ms. Rhone's statements.

THE COURT:  Yes, the court will sustain the objection.  The – that was said by a third person not present will be stricken, and the jury is not to consider it.  You cannot – the testimony of what other people say cannot be given.  You can talk about what you said and what you saw, but not --and – but not what somebody else said.  All right?

THE WITNESS:  I don't understand. It – I cant? –

THE COURT:  You can testify as to what you said.  You cannot testify about what somebody else said.

THE WITNESS:  Okay. But, your Honor, but what I'm trying to – if – when I talk I can't just – my answer – my answer – my story comes out too – too – like, if somebody say something between and I respond back.  I can't –

THE COURT:  You cannot – under the rules of evidence, you cannot testify as to what other people said except under very different – different and particular circumstances, which that's the only time.  So that's hearsay, and under the rules of evidence, you cannot give testimony about what somebody else said outside the courtroom.

[RT 364-365].

The court went on to say that appellant could give his half of the conversation, but not the other person's half. (RT 365).  As appellant seemed to be confused, the prosecutor proposed discussing the matter outside the presence of the jury, but the court declined the offer (RT 366).

Appellant then attempted to tell his story without quoting what Ms. Rhone said to him, but soon ran astray, and the court interjected, "Sir, again, just to remind you, you cannot say what other people said." (RT 367).

After appellant testified, he called his investigator to the stand. Among other things, he established that the investigator had interviewed Dan Torliatt, the owner of the auto parts store. He asked, "what did the owner of Dan Autos tell about the burglary itself?" The prosecutor objected that this was hearsay. Without hearing argument or justification from appellant, the court sustained the objection (RT 406). (Oddly enough, when the investigator testified that he had talked to the witness across the street from the crime scene, a hearsay objection was overruled [RT 423]).

### The court's ruling is inexplicably wrong

Clearly, appellant's purpose in testifying about what Ms. Rhone told him before the trip to Santa Rosa was to put before the jury what she had told him about the purpose of the trip, and the activities that she wanted to engage in. Undoubtedly, had appellant been able to repeat what she told him, it would have appeared that these were innocent purposes, and did not include burglarizing a store. This is simply not hearsay evidence, because it was not offered for the truth of anything Ms. Rhone might have said, but to show appellant's innocent state of mind. Hearsay is only inadmissible when it is offered to prove the truth of the matter stated

Claim Six
and
Supporting Facts on Claim
6

right. It concluded that under the so-called *Almendarez-Torres* exception to *Cunningham, supra* and its predecessors *Apprendi, Blakely,* and *Booker,* a court may properly find that a defendant has suffered prior convictions, and may also find without the assistance of a jury that those convictions are numerous and of increasing seriousness.[1] Once that finding has been made, or once any other aggravating factor has been admitted by the defendant or found true by a jury, then the maximum legal sentence allowed by California statute is the upper term, and such a term may be imposed based on any factors a judge may properly consider, even though such factors are not based on a jury finding and not proved beyond a reasonable doubt (*Black II, supra* [slip opinion], pp. 11-13).

We disagree. Under California law as it existed prior to *Cunningham, supra,* the maximum term authorized by a jury verdict for a crime sentenced under Penal Code section 1170 was the middle term. By law, this term must be imposed if there are no circumstances in aggravation or mitigation (Pen. Code §1170, subd. (b).) By law, the Judicial Council was to adopt rules for sentencing, including criteria for imposing the lower or upper prison term (Pen. Code §1170.3). It did so. The current version of Rule 4.420, subdivision (a), California Rules of Court, states, "[t]he middle term must be selected unless imposition of the upper or lower term is

---

[1] *Almendarez-Torres v. United* States (1998) 523 U.S. 224; *Apprendi v. New Jersey* (2000) 530 U.S. 466; *Blakely v. Washington* (2004) 542 U.S. 296; *United States v. Booker* (2005) 543 U.S. 220.

4

justified by circumstances in aggravation or mitigation." Subdivision (b) adds: "Selection of the upper term is justified only if, after a consideration of all the relevant facts, the circumstances in aggravation outweigh the circumstances in mitigation." (However, these circumstances need only be proved by a preponderance of the evidence).

It follows that under California law, the mere presence of a circumstance in aggravation does not by itself authorize the upper term. The circumstances in aggravation, taken as a whole, must outweigh those in mitigation. In many cases, those factors in aggravation are not of sufficient weight to justify an upper term. In this case, for instance, appellant's prior record included many relatively minor felonies, which had resulted in prison terms. Accordingly, six years of appellant's twelve year sentence consisted of one-year enhancements for prior prison terms (see Pen. Code §667.5, subd. (b).) Whether or not imposition of the prior-prison-term enhancements precluded the court from also basing its selection of the upper term on the same convictions that led to the prison terms, it is indisputable that the weight of those convictions as aggravating factors was greatly reduced once the six consecutive one-year enhancements were imposed.

No court could say beyond a reasonable doubt that if the *only* fact in aggravation was appellant's prior record, the trial judge in this case would have selected the upper term. Appellant's prior record had already been

5

used twice – once to double his term under Three Strikes and once to impose six one-year enhancements. In selecting the upper term, the trial judge gave prominence to factors not found by a jury and not proved beyond a reasonable doubt: "professionalism", "planning", and "violent conduct" in the past. Although the Court of Appeal felt that the trial judge would inevitably have imposed the upper term, we see no logical reason why that should be the case.

The plain language of the *Cunningham* opinion supports our point of view: "In accord with *Blakely*, therefore, the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum ..." (127 S.Ct at p. 868).[2] The Supreme Court made it perfectly clear that *any* factfinding by a trial judge that raised a sentence beyond the midterm was barred under applicable Supreme Court precedent: "Factfinding to elevate a sentence from 12 to 16 years, our decisions make plain, falls within the province of the jury employing a beyond-a-reasonable-doubt standard, not the bailiwick of a judge determining where the preponderance of the evidence lies." (127 S.Ct at p. 870).

The choice to sentence appellant to 12 years in prison rather than the 10 he would have received if the middle term had been selected was based on facts about the crime not found by a jury and not proved beyond a reasonable doubt. This procedure deprived appellant of his Sixth

---

[2] The reference is to *Blakely v. Washington* (2004) 542 U.S. 296, 303.

Amendment right to trial by jury. Review should be granted and the sentence should be reduced to ten years.

### B. The error is prejudicial.

As should be evident, we disagree with the finding of the Court of Appeal in this case that any *Cunningham* error was harmless beyond a reasonable doubt. A trial judge might quite reasonably have felt that appellant was being punished enough for his prior convictions, and based his decision to impose the upper term primarily on the findings the judge made about the crime.

That, then, raises the interesting question of relief. In *People v. Sandoval* (S148917, decided July 19, 2007), this Court held that in evaluating whether *Cunningham* error is harmless beyond a reasonable doubt, the reviewing court must ask if a jury "would have found true at least a single aggravating circumstance had it been submitted to the jury" (Slip Opn., pp. 11-12). The "single aggravating circumstance" limitation is based, of course, on the reasoning of *Black II* that only a single aggravating circumstance need be proved by Constitutional means for the upper term to be the term authorized by the jury verdict. Since the question of relief would only arise if, as we argue, *Black II*'s reasoning is wrong, it would follow that in order for error to be harmless, the court would have to find beyond a reasonable doubt that *every* aggravating circumstance relied on by

7

the judge would have been found true by a jury. For the reasons set forth in pages 12 through 15 of the *Sandoval* opinion, it is difficult if not impossible for a reviewing court to make such a finding, especially where facts relevant to such a decision were not introduced into evidence because there was no need for the trier of fact to consider them. In this particular case, there is substantial reason to doubt that the crime was either "planned" or "professional". We rather think a jury would find that this one-man operation, in which appellant pushed a safe down the stairs because it was too heavy for him to lift, was conducted in an unprofessional manner, probably because it was unplanned and the result of a spur-of-the-moment decision.

But we also question whether the prejudice analysis in *Sandoval* will ever be used again. *Sandoval* judicially rewrote the law, to say that the 2007 amendments to Penal Code section 1170, *et seq.* may now be used in cases that are reversed for *Cunningham* error. If that is the new standard, then surely the question of prejudice is now, "is the reviewing court convinced beyond a reasonable doubt that the trial judge, given untrammeled discretion, would choose the upper term?" As this Court implicitly recognized in *Sandoval, supra*, this is a question that is impossible to answer. The amended law leaves trial judges free to select the upper term based on the gestalt of the crime and the criminal, without finding any aggravating factors or mitigating factors. At the same time, it

removes any suggestion that where aggravating factors outweigh mitigating factors, the upper term should ordinarily be selected. We cannot be confident that in the overall scheme of things, the trial judge might not have felt that a 10-year sentence was sufficient in this case. It is hard to mindread beyond a reasonable doubt and easy to remand the case to let the trial judge decide for himself what sentence is fair. Therefore in the ordinary case where *Cunningham* error is found, a remand for resentencing is appropriate.

EXHIBIT     EXHIBIT - B



COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 3

FILED
Court of Appeal First Appellate District

JAN 2 3 2006

Diana Herbert, Clerk

By _____

THE PEOPLE,
Plaintiff and Respondent,
v.
TERYL ANTHONY WILLIAMS,
Defendant and Appellant.

A104274
Sonoma County No. SCR32705

BY THE COURT:

The petition for rehearing is denied.

Date: __JAN 2 3 2006__            McGUINESS, _____P.J.

oruu

COPY
4/24

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

APR - 9 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
                    DEPUTY

THE PEOPLE,

      Plaintiff and Respondent,

v.

TERYL ANTHONY WILLIAMS,

      Defendant and Appellant.

A104274

(Sonoma County
Super. Ct. No. SCR32705)

THE COURT:

On February 20, 2007, the United States Supreme Court granted certiorari in the above-referenced matter, vacated the judgment, and remanded the matter to this court for further consideration in light of *Cunningham v. California* (2007) 549 U.S. ___ [127 S.Ct. 856] (*Cunningham*). Accordingly, the remittitur issued by this court on April 25, 2006 is hereby recalled, and the superior court clerk is directed to return said remittitur to this court for cancellation forthwith.

Within 15 days of the date of this order, the parties may serve and file simultaneous supplemental briefs addressing the effect of *Cunningham*, if any, on the issues presented in this appeal.

Date: **APR - 9 2007**           **PARRILLI, J.**          ACTING
                                                                    P.J.

Court of Appeal, First Appellate District, Div. 3 - No. A104274
**S140906**

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

TERYL A. WILLIAMS, Defendant and Appellant.

Petition for review denied without prejudice to any relief to which defendant might be entitled after the United States Supreme Court determines in *Cunningham v. California*, No. 05-6551, the effect of *Blakely v. Washington* (2004) 542 U.S. 296 and *United States v. Booker* (2005) 543 U.S. 220, on California law.

Corrigan, J., recused and did not participate.

SUPREME COURT
**FILED**

APR 1 9 2006

Frederick K. Ohlrich Clerk

DEPUTY

GEORGE
_____
Chief Justice

Court of Appeal, First Appellate District, Div. 3 - No. A104274
**S154889**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

TERYL WILLIAMS, Defendant and Appellant.

The petition for review is denied.

Corrigan, J., was recused and did not participate.

SUPREME COURT
FILED

SEP 1 2 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

EX EXHIBIT   D

NO. _____

IN THE

SUPREME COURT OF THE UNITED STATES

TERYL A. WILLIAMS, Petitioner,

VS.

CALIFORNIA, RESPONDENT

ON PETITION FOR WRIT OF CERTIORARI
TO THE CALIFORNIA COURT OF APPEAL
FIRST APPELLATE DISTRICT, DIVISION THREE

MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS

OZRO WILLIAM CHILDS
1622 Fourth St.
Santa Rosa, CA 95404
(707) 527-9911

Counsel of Record for Petitioner,
TERYL A. WILLIAMS

EXHIBIT-E    EXHIBIT

1   HONORABLE RAIMA H. BALLINGER
    SUPERIOR COURT STATE OF CALIFORNIA
2   COUNTY OF SONOMA
    600 Administration Dr., Rm. 203-J
3   Santa Rosa, CA 95403
    Telephone: (707) 565-2086
4

**F I L E D**

JUL 3 1 2006

Clerk of the Superior Court of California
County of Sonoma
By_____
        Deputy Clerk

5

6                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7                          COUNTY OF SONOMA

8

9   In re the Matter of                          Case No. SCR-32705

10       TERYL A. WILLIAMS                  **ORDER ON PETITION FOR**
                                            **WRIT OF HABEAS CORPUS**
11   for Writ of Habeas Corpus

12   _____/

13

14          Petition for Writ of Habeas Corpus is DENIED.  The Petition is without merit, is

15   untimely and raises claims that could have been raised on appeal.

16

17

18   DATED: JUL 3 1 2006

19                                          RAIMA H. BALLINGER
                                            Judge of The Superior Court
20

21

22

23

24

25

26

27

28

EXHIBIT - F



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

**FILED**

AUG 2 4 2006

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

In re TERYL A. WILLIAMS,

    on Habeas Corpus.

A114867

(Sonoma County
Super. Ct. No. SCR-32705)

BY THE COURT:[1]

    The petition for a writ of habeas corpus is denied.

Dated: AUG 2 4 2006        McGUINESS, P.J. P.J.

---

[1] McGuiness, P.J., Pollak, J., & Siggins, J.

EXHIBIT-C

S146358

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re TERYL WILLIAMS on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Dixon* (1953) 41 Cal.2d 756; *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

George, C. J., was absent and did not participate.
Corrigan, J., was recused and did not participate.

SUPREME COURT
**FILED**

APR 1 1 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**MORENO**
_____
Acting Chief Justice

```
SCR-32705     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page    1
MCR-415138                   CRIMINAL DOCKET          Printed  6/05/2003   9:50
```

Docket of
```
DE 1    WILLIAMS, TERYL ANTHONY                    Offense Date: 02/02/2003
DOB 03/10/1955 DLN CA N4753898                     DA #: DAR-459732
```

   Filed Charges
```
   F PC 459 Pending                     F PC 496(a) Pending
```

```
Arresting Agency: PETALUMA POLICE DEPARTMENT          Agency #: PET-030874
Supr Location:        Reel:                     DA Location:
==============================================================================
```

03/10/2003 DE 1
   CRIMINAL HEARING - 03/13/2003 at 8:30am S2, INFORMATION TO BE FILED
   BAIL INVESTIGATION RPT

03/13/2003 DE 1     Courtroom Minutes of Department S2

   HON: R.BALLINGER  DDA: Gary A. Medvidgy  REP: C A Martinez  CLK: LA
   Defendant present in custody
   Public Defender, appearing
   INFORMATION FILED
   F PC 459                          F PC 496(a)
   Defendant's true name is Williams, Teryl A.
   Defendant stipulates to due and proper arraignment
   Advised of constitutional rights
   Defendant waives reading of information
   Waives further advisement of rights
   Defendant pleads Not Guilty to count I PC 459
   Defendant pleads Not Guilty to count II PC 496(a)
   Fingerprint form filed
   Defense to file motion by 03/19/2003
   Defendant does not waive time
   Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
   PRE-TRIAL CONFIRMATION - 04/03/2003 at 2:30pm S2, PRETRIAL
     CONFIRMATION, 1538.5PC TO SUPPRESS
   CONTINUED TO - 03/19/2003 at 8:30am S2, Filing of motion

03/17/2003 DE 1
   TRANSCRIPT OF PRELIMINARY EXAMINATION FILED

SCR-32705    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 2

03/19/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: KATHLEEN A. KNOTTS  REP: Sandra L. Carranza  CLK: LA
    Defendant present in custody
    Counsel Karen Silver, Public Defender, appearing
    Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
    PRE-TRIAL CONFIRMATION - 04/03/2003 at 2:30pm S2, PRETRIAL
      CONFIRMATION, 1538.5PC TO SUPPRESS
    1538.5 PC Motion Set - 03/20/2003 at 8:30am S2, 1538.5PC TO SUPPRESS

03/20/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Alexander J. McMahon  REP: F SANDERS  CLK: LA
    Defendant present in custody
    Counsel K Silver, Public Defender, appearing
    Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
    PRE-TRIAL CONFIRMATION - 04/03/2003 at 2:30pm S2, PRETRIAL
      CONFIRMATION, 1538.5PC TO SUPPRESS

03/28/2003 DE 1
    PEOPLE'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
    PURSUANT TO PENAL CODE SECTION 1538.5 FILED
    PROOF OF PERSONAL SERVICE

04/03/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Alexander J. McMahon  REP: C A Martinez  CLK: LA
    No file
    Defendant present in custody
    Counsel K Silver, Public Defender, appearing
    1538.5 PC Motion Held 3:47 pm
    At 3:27 pm, Marsden Motion held
    Courtroom cleared of everyone but Counsel Silver, Defendant, and
    Court staff.
    Mr. Williams addresses the Court
    Counsel Silver addresses the Court
    Court's exhibits 1, 2, and 3 marked for ID as follows:
    1)  Handwritten Pitchess Motion
    2)  Handwritten Request for Discovery
    3)  Handwritten Ex-parte request for Marsden Motion
    Court's exhibits 1, 2, and 3 are sealed and to be opened only by
    Court Officer.
    Court does not find sufficient evidence to Grant Marsden Motion
    At 3:45 pm, Court is reopened
    1538.5 PC Motion Held 3:47 pm
    People call Officer Paul Gilman, sworn and testified.
    Witness identifies Defendant(s).
    Cross examination by Counsel Silver

SCR-32705     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA     Page 3

04/03/2003 DE 1     Courtroom Minutes of Department S2   (continued)
    Defense exhibits A and B, marked for identification: A) picture of
    rear vehicle, B) picture of rear vehicle
    Defense's exhibits received into evidence A and B
    Redirect conducted by Counsel McMahan
    People's exhibits 1 and 2 marked for Identification as follows:
    1)   14 page document
    2)   22 page rap sheet of Teryl Williams
    People's exhibits 1 and 2 received into evidence.
    People rest
    Counsel confers with her client
    Defense does not present any evidence
    Defense waives any irregularities as to continued 1538.5 PC motion
    CONTINUED TO - 04/17/2003 at 8:30am S2, MOTION, CONTINUED
    Court will accept further case studies up to 04/15/2003

04/15/2003 DE 1
    REPORTER'S TRANSCRIPT FILED

04/17/2003 DE 1     Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Alexander J. McMahon  REP: C A Martinez  CLK: PJS
    Defendant present  in custody
    Counsel K Silver, Public Defender, appearing
    Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
    PRE-TRIAL CONFIRMATION - 04/18/2003 at 8:30am S2, PRETRIAL
      CONFIRMATION, MOTION

04/17/2003 DE 1
    CUSTODY INFORMATION TRANSMITTED TO JAIL BY pschulze FOR 4/17/2003
    8:30 S2

04/18/2003 DE 1     Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Alexander J. McMahon  REP: C A Martinez  CLK: PJS
    Defendant present in custody
    Counsel K. Silver, Public Defender, appearing
    People argue.
    Defense argues.
    People respond.
    Motion is denied
    Jury Trial Set - 04/28/2003 at 9:30am S2, JURY TRIAL
    Pretrial Conference Held
    Readiness Conference Set - 04/25/2003 at 10:00am S2, READINESS
      CONFERENCE

SCR-32705    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 4

04/25/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: KATHLEEN A. KNOTTS  REP: F SANDERS  CLK: LA
    Defendant present in custody
    Counsel K. Silver, Public Defender, appearing
    Jury Trial Set - 04/29/2003 at 9:30am S2, FURTHER P T C
    Trailing status
    Readiness Conference Held
    Trial date vacated - 04/28/2003 at 9:30am S2

04/25/2003 DE 1
    MOVED TO - 04/29/2003 at 9:30am S2, FURTHER P T C

04/29/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Alexander J. McMahon  REP: C A Martinez  CLK: LA
    Judge has the file
    Defendant present in custody
    Counsel K. Silver, Public Defender, appearing
    Jury Trial Set - 04/30/2003 at 8:30am S2, ARRAIGNMENT

04/30/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.DALE  DDA: KATHLEEN A. KNOTTS  REP: C A Martinez  CLK: LA
    To #1 forthwith
    JUDGE: RB
    DA: AJM
    REPORTER: FS
    CLERK: KLK
    Defendant present in custody
    Counsel K. Silver, Public Defender, appearing
    Court re-opens after closed hearing at 10:44 a.m.  Defense requests
    1368 proceedings for reasons stated
    Defense files ex-parte request for Marsden hearing
    Marsden Motion Held
    Marsden Motion DENIED
    Defendant Certified Superior Court per 1368 PC to be heard
    Jury Trial Vacated
    Criminal Proceedings Suspended
    CONTINUED TO - 05/01/2003 at 8:30am S2, 1368 PC CERTIFICATION,
      FURTHER PROCEEDINGS
    Re: appt. of alienist

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA      Page 5

05/01/2003 DE 1 ____ Courtroom Minutes of Department S2

  HON: R.BALLINGER  DDA: Alexander J. McMahon  REP: C A Martinez  CLK: LA
  Defendant present in custody
  Counsel S. Fabian, Public Defender, appearing
  CONTINUED TO - 05/29/2003 at 8:30am S2, FOR REPORT
  Dr. Cushing appointed to examine defendant
  Report due 5-27-2003, appointment pursuant to 1368

05/23/2003 DE 1
  PSYCHOLOGICAL EVALUATION RECEIVED - Dr. Cushing

05/28/2003 DE 1
  ORDER FOR PAYMENT OF EXPERT FEES FILED - Dr. Cushing Report
  CERTIFIED COPY OF ORDER FOR PAYMENT SENT TO COURT
  ADMINISTRATION - Dr. Cushing Report

05/29/2003 DE 1 ____ Courtroom Minutes of Department S2

  HON: R.BALLINGER  DDA: KATHLEEN A. KNOTTS  REP: C A Martinez  CLK: LA
  Defendant present in custody
  Counsel Karen Silver, Public Defender, appearing
  Report from Dr. Cushing filed
  Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
  PRE-TRIAL CONFIRMATION - 07/09/2003 at 8:30am S2, PRETRIAL
    CONFIRMATION
  CONTINUED TO - 06/03/2003 at 8:30am S2, TO SET
  Criminal Proceedings Reinstated

06/03/2003 DE 1 ____ Courtroom Minutes of Department S2

  HON: C. WONG  DDA: Jerome J Mautner  REP: TERI HOSMER  CLK: LA
  Defendant present in custody
  Counsel K Silver, Public Defender, appearing
  Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
  Pre-trial confirmation set - 07/09/2003 at 8:30am S2, PRETRIAL
    CONFIRMATION
  CONTINUED TO - 06/10/2003 at 8:30am S2, Filing of motion

06/10/2003 DE 1 ____ Courtroom Minutes of Department S2

  HON: R.BALLINGER  DDA: Jerome J Mautner  REP: C A Martinez  CLK: LA
  Defendant present in custody
  Counsel K Silver, Public Defender, appearing
  Public Defender relieved
  Court signs and files Declaration, Finding and Order re: Self Rep.
  in a criminal case
  Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL

SCR-32705    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 6

06/10/2003 DE 1    Courtroom Minutes of Department S2    (continued)
    Pre-trial confirmation set - 07/09/2003 at 8:30am S2, PRETRIAL
        CONFIRMATION
    CONTINUED TO - 06/13/2003 at 8:30am S2, FURTHER PROCEEDINGS

06/13/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: TROYE K. SHAFFER  REP: C A Martinez  CLK: JL
    File with Judge B.
    Defendant present in custody
    Counsel S. Fabian, Public Defender, appearing
    Defendant requests transcripts from 4-30-2003, 5-29-2003 - court
    states they may be provided to defendant.
    Hearing Set - 06/19/2003 at 2:30pm S2, HEARING
    CONTINUED TO - 06/16/2003 at 8:30am S2, FURTHER PROCEEDINGS
    (re: library access; discovery)
    Defendant files misc. motion
    People's response by 6-18-2003 5:00 p.m.

06/16/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: TROYE K. SHAFFER  REP: C A Martinez  CLK: LA
    Notice of Motion to Compel Discovery filed
    Defendant present in custody
    Defendant in Pro Per
    Court advises defendant that in the court's opinion it is not a good
     idea to represent himself.
    CONTINUED TO - 06/19/2003 at 2:30pm S2, HEARING, MOTION
    CONTINUED TO - 06/17/2003 at 8:30am S2, FURTHER PROCEEDINGS
    (re: law library)

06/17/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: KATHLEEN A. KNOTTS  REP: C A Martinez  CLK: LA
    No file
    Defendant present in custody
    In pro per
    CONTINUED TO - 06/19/2003 at 8:30am S2, FURTHER PROCEEDINGS
    (re: law library access)

06/19/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Jerome J Mautner  REP: C A Martinez  CLK: MB
    Defendant present in custody in Pro Per
    Counsel K Silver, Public Defender, appearing
    Matter continued to 2:30 pm

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 7

06/19/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Jerome J Mautner  REP: C A Martinez  CLK: MB
    Defendant present in custody in Pro Per
    Counsel K Silver, Public Defender, appearing
    The Court orders a transcript of the 06/19/2003 proceedings
    995 PC Motion Filed
    995 PC Motion Held
    995 PC Motion Denied
    Motion to Appt. Inv. Filed
    Motion to Appt. Inv. Held
    Motion to Appt. Inv. Granted
    CONTINUED TO - 06/20/2003 at 8:30am S2, FURTHER PROCEEDINGS
    Motion re: Discovery and Physical Evidence Held

06/20/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: TROYE K. SHAFFER  REP: B L Peterson  CLK: MB
    Defendant present in custody
    Courtroom cleared for in camera hearing for appointment of
    investigator.
    The court authorizes defendant four completed phone alls to
    investigative agencies.
    CONTINUED TO - 06/24/2003 at 9:00am S2, FURTHER PROCEEDINGS
    (appt. of investigator)

06/24/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: ROBERT J.WANER  REP: KAREN THOMPSON  CLK: MB
    Defendant present in custody in Pro Per
    The Court orders four completed telephone calls to investigative
    agencies as previously ordered on 06/20/2003.
    Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
    Pretrial Confirmation Set - 07/09/2003 at 8:30am S2, PRETRIAL
      CONFIRMATION
    CONTINUED TO - 07/02/2003 at 8:30am S2, FURTHER PROCEEDINGS

06/27/2003 DE 1
    REPORTER'S TRANSCRIPT FILED PROCEEDINGS

07/02/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Jerome J Mautner  REP: F SANDERS  CLK: LA
    JUDGE HAS FILE
    Defendant present in custody
    1st Amended Information filed
    Defendant advised of charges/allegations
    Stipulates to arraignment

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 8

07/02/2003 DE 1    Courtroom Minutes of Department S2    (continued)
    Defendant advised of constitutional rights
    Defendant waives reading of information - 1st Amended Information
    Defendant pleads Not Guilty to count I PC 459
    Defendant pleads Not Guilty to count II PC 496(a)
    CONTINUED TO - 07/03/2003 at 8:30am S2, FURTHER PROCEEDINGS

07/03/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  REP: F SANDERS  CLK: LA
    Judge has file
    Defendant present in custody in Pro Per
    Defendant is to be allowed 4 completed telephone calls to
    investigators on Monday
    Court Authorizes today 4 compelted telephone calls to investigators.
    CONTINUED TO - 07/08/2003 at 9:00am S2, FURTHER PROCEEDINGS

07/08/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  REP: C A Martinez  CLK: LA
    JUDGE HAS FILE
    These proceedings are ordered sealed.
    Defendant present in custody in Pro Per
    Court authorizes completed telephone contact with 664-0327 today.
    Jury Trial Set - 07/14/2003 at 9:30am S2, JURY TRIAL
    Pretrial Confirmation Set - 07/09/2003 at 8:30am S2, PRETRIAL
      CONFIRMATION

07/09/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: Jerome J Mautner  REP: C A Martinez  CLK: LA
    No file
    Today's proceedings ordered sealed
    Defendant present in custody
    Defendant present in custody in Pro Per
    Defendant to have complete tele contact with 664-0327 today
    Defendant waives time to 07/16/2003 plus 60 days
    Vacated - 07/14/2003 at 9:30am S2
    CONTINUED TO - 07/16/2003 at 8:30am S2, TO RESET
    Defense's 1050 PC Motion Granted
    Defendant allowed to view any relevant videotape with his
    investigator or in private
    CONTINUED TO - 07/11/2003 at 9:00am S2, FURTHER PROCEEDINGS

SCR-32705       SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA         Page 9

07/11/2003 DE 1    Courtroom Minutes of Department S2

   HON: R.BALLINGER  REP: C A Martinez  CLK: LA
   These proceedings sealed
   Defendant present in custody in Pro Per
   Disc. that def. shall be passed to investigator also videotaped
   CONTINUED TO - 07/16/2003 at 8:30am S2, TO RESET

07/16/2003 DE 1    Courtroom Minutes of Department S2

   HON: R.BALLINGER  DDA: Jerome J Mautner  REP: C A Martinez  CLK: LA
   No File
   Defendant present in custody in Pro Per
   Jury Trial Set - 09/02/2003 at 9:30am S2, JURY TRIAL
   Pretrial Confirmation Set - 08/22/2003 at 8:30am S2, PRETRIAL
     CONFIRMATION

07/21/2003 DE 1
   PROOF OF SERVICE BY MAIL FILED

08/22/2003 DE 1    Courtroom Minutes of Department S2

   HON: R.BALLINGER  DDA: Jerome J Mautner  REP: C A Martinez  CLK: LA
   Defendant present in custody in Pro Per
   P & A's in opposition to suppression of evidence filed
   Jury Trial Set - 09/02/2003 at 9:30am S2, JURY TRIAL
   Pretrial Conference Held
   Readiness Conference Set - 08/29/2003 at 10:00am S2, READINESS
     CONFERENCE
   CONTINUED TO - 08/28/2003 at 2:30pm S2, MOTION

08/22/2003 DE 1
   CUSTODY INFORMATION TRANSMITTED TO JAIL BY lalberts FOR 8/22/2003
   8:30 S2

08/28/2003 DE 1
   ORDER FOR PAYMENT OF EXPERT FEES FILED - Fees of Investigator
   CERTIFIED COPY OF ORDER FOR PAYMENT SENT TO COURT
   ADMINISTRATION - Fees of Investigator

08/28/2003 DE 1    Courtroom Minutes of Department S2

   HON: Dean A. Beaupre  DDA: Jerome J Mautner  REP: C A Martinez  CLK: LA
     INT: ED SALDIVAR - SPANISH
   Defendant present in custody
   Defense Counsel Bernabe Hernandez appearing
   Defense Motions in Limine filed
   People are ordered to turn over Discovery consisting of defendant's

SCR-32705    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 10

08/28/2003 DE 1    Courtroom Minutes of Department S2    (continued)
    rap sheet
    Defense Motion to reopen is denied
    Jury Trial as Set - 09/02/2003 at 9:30am S2, JURY TRIAL
    Readiness Conference as set - 08/29/2003 at 10:00am S2, READINESS
       CONFERENCE

08/29/2003 DE 1    Courtroom Minutes of Department S2

    HON: Phillip Champlain  DDA: Jerome J Mautner  REP: C A Martinez  CLK: LA
    Defendant present in custody in Pro Per
    Readiness Conference Held
    Trial date of 09-02-2003 confirmed
    Time estimate 4 days

09/02/2003 DE 1    Courtroom Minutes of Department S2

    HON: Robert S. Boyd  DDA: TROYE K. SHAFFER  REP: KAREN THOMPSON  CLK: LA
    Defendant present in custody in Pro Per
    60th day is 09-16-2003
    Jury Trial Set - 09/05/2003 at 10:00am S2, JURY TRIAL
    (Trailing status)

09/05/2003 DE 1    Courtroom Minutes of Department S2

    HON: C. WONG  DDA: Jerome J Mautner  REP: SHELLY BERG  CLK: PJS
    Defendant present in custody in Pro Per
    Defendant to be dressed in civilian clothes.
    Jury Trial Set - 09/08/2003 at 9:30am S2, JURY TRIAL
    trailing status

09/08/2003 DE 1    Courtroom Minutes of Department S2

    HON: R.BALLINGER  DDA: TROYE K. SHAFFER  REP: C A Martinez  CLK: LA
    Defendant present in custody
    Defendant present in custody in Pro Per
    Anthony Piazza present addresses the Court.
    Complaint amended to reflect date of compalint 7/2/03
    People's proposed Witness List is filed
    Defense Proof Of Service filed
    Jury Trial Set - 09/09/2003 at 9:30am S2, JURY TRIAL
    Defendant to provide letter to DA
    DROPPED FROM CALENDAR - 09/09/2003 at 9:30am S2
    Jury Trial Set - 09/09/2003 at 8:30am S2, JURY TRIAL

SCR-32705     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 11

09/09/2003 DE 1     Courtroom Minutes of Department S2

    HON: Robert S. Boyd  DDA: Jerome J Mautner  REP: D M Morin  CLK: MB
    Case called at 1:30pm in Department S4
    Defendant present in custody in Pro Per
    Jury Trial Set - 09/10/2003 at 8:30am S4, JURY TRIAL
    (trailing status)

09/10/2003 DE 1     Courtroom Minutes of Department S4

    HON: Robert S. Boyd  DDA: ROBERT J.WANER  REP: D M Morin  CLK: MB
    Defendant present in custody in Pro Per
    Mr. Piaza present.
    Defendant to be dressed in civilian clothing.
    Jury Trial Set - 09/11/2003 at 9:30am S4, JURY TRIAL
    (trailing status)

09/11/2003 DE 1     Courtroom Minutes of Department S4

    HON: Robert S. Boyd  DDA: TROYE K. SHAFFER  REP: D M Morin  CLK: MB
    This cause comes on regularly for commencement of jury trial. At
    10:55 a.m., the Court convenes.  Troye Shaffer appearing on behalf
    of the People.  Defendant present in custody, in pro per, with his
    investigator, Anthony Piazza.
    The Court hears and rules on motions in limine.
    The issue of priors is bifurcated.
    At 11:56 a.m., the Court declares the noon recess.
    At 2:21 p.m., the Court reconvenes. Ms. Shaffer present. Defendant
    present in custody.  Anthony Piazza present.
    The Court continues to hear and rule on motions in limine.
    The Court sets the 402 hearing with Ms. Rhone for September 12,
    2003 at 1:30 p.m.
    The Court continues this matter to September 12, 2003 at 10:00 a.m.
    in Department S4 for further jury trial.
    CONTINUED TO - 09/12/2003 at 10:00am S4, JURY TRIAL
    Defendant to be dressed in civilian clothing.

09/11/2003 DE 1
    PEOPLE'S SUPPLEMENTAL MOTIONS IN LIMINE FILED
    PEOPLE'S TRIAL BRIEF FILED
    DEFENDANT'S PROPOSED WITNESS LIST FILED

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 12

09/12/2003 DE 1    Courtroom Minutes of Department S4

HON: Robert S. Boyd  DDA: TROYE K. SHAFFER  REP: D M Morin  CLK: MB
Cause comes on regularly this date for further jury trial pursuant
to adjournment of September 12, 2003.  At 10:09 a.m., the
Courtconvenes.  Troye Shaffer present on behalf of the People.
Defendant present, in pro per.  Prospective jurors not present.
Anthony Piazza present.
The Court and counsel discuss legal issues.
At 10:37 a.m., a panel of prospective jurors is summoned into open
Court and sworn as to their qualifications.
The Court outlines the cause to the panel.
The numbers of eighteen prospective jurors are called to fill the
jury box.
Voir dire examination commences.
At 11:56 a.m., the Court admonishes the prospective jurors and decla
res the noon recess.
Outside the presence of the prospective jurors, the Court and counse
l discuss legal issues.
At 11:58 a.m., the Court declares the noon recess.
At 1:43 p.m., the Court reconvenes. Ms. Shaffer present. Defendant
 present in custody with his investigator Mr. Piazza.
Prospective jurors not present.
Outside the presence of the jurors, the Court and counsel discuss
the comments of Juror #1858.
The defendant waives any right to appeal regarding the comments of
Juror #1858.
402 Hearing
Galara Rhone is sworn and refuses answer questions, asserting her
Fifth Amendment rights.
The witness steps down.
The Court and counsel discuss legal issues.
The Court and counsel discuss Juror #1728.
At 2:08 p.m., the prospective jurors are summoned into open Court.
Voir dire of prospective jurors continues.
At 2:17 p.m., the Court reminds the prospective jurors of their
admonishment and declares a brief recess.
Outside the presence of the prospective jurors, the Court and
counsel discuss challenges for cause.
At 2:22 p.m., the prospective jurors are summoned into open Court.
Voir dire continues.
At 2:45 p.m., the Court reminds the prospective jurors of their
admonishment and declares a brief recess.
Outside the presence of the prospective jurors, the Court and
counsel discuss challenges for cause.
At 2:48 p.m., the prospective jurors are summoned into open Court.
Voir dire continues.
Peremptory challenges having been exercised and both sides now

SCR-32705     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 13

09/12/2003 DE 1    Courtroom Minutes of Department S4    (continued)
   being satisfied, the following jurors are sworn to try the cause:
   1.  #1892     2.  #1777     3.  #1891     4.  #1834     5.  #1868
   6.  #1733     7.  #1693     8.  #1712     9.  #1742    10.  #1872
   11.  #1815     12.  #1893.
   Peremptory challenges having been exercised and both sides now
   being satisfied, the following alternate juror is sworn to try
   the cause:  #1897
   At 2:54 p.m., the Court reminds the jurors of their admonishment
   and declares a brief recess.
   Outside the presence of the jurors, the Court and counsel discuss
   legal issues.
   At 3:20 p.m., the Court reconvenes. Counsel present. Defendant
   present in custody.  Jurors not present.  Mr. Piazza present.
   Outside the presence of the jurors, the Court and counsel discuss
   legal issues.
   At 3:22 p.m., the jurors are summoned into open Court.
   Court pre-instructs jury
   At the direction of the Court, the clerk reads the Information.
   At 3:47 p.m., the Court reminds the jurors of their admonishment
   and declares a recess until September 15, 2003 at 10:30 a.m. in
   Department S4 for further jury trial.
   Outside the presence of the jurors, the Court and counsel discuss
   legal issues.
   Counsel directed to return at 10:00 a.m.
   The Court stands adjourned.
   Defendant to be dressed in civilian clothing.
   CONTINUED TO - 09/15/2003 at 10:00am S4, JURY TRIAL

09/15/2003 DE 1    Courtroom Minutes of Department S4

   HON: Robert S. Boyd  DDA: TROYE K. SHAFFER  REP: KAREN THOMPSON  CLK: MB
   Cause comes on regularly this date for further jury trial pursuant
   to adjournment of September 12, 2003. At 10:08 a.m., the Court
   convenes.   Troye Shaffer present on behalf of the People.
   Defendant present in custody, in pro per. Anthony Piazza, present.
   Jurors not present.
   Outside the presence of the jurors, The Court and counsel discuss
   legal issues.
   At 10:36 a.m., the jurors are summoned into open Court.
   OFFICER PAUL GILMAN, Petaluma Police Department, is sworn and
   testifies on behalf of the People.
   The following People's exhibits are marked for identification:
   1.   Large Map
   2.   Small Map
   The witness identifies defendant.
   The following People's exhibits are marked for identification:
   3.   Small Color Photo

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA      Page 14

09/15/2003 DE 1    Courtroom Minutes of Department S4    (continued)
```
  4.  Small Color Photo
  5.  Small Color Photo
  6.  Small Color Photo
  7.  Small Color Photo
  8.  Small Color Photo
  9.  Small Color Photo
 10.  Small Color Photo
 11.  Small Color Photo
 12.  Small Color Photo
 13.  Small Color Photo
 14.  Officer Gilman's Report
 15.  Checks
 16.  Copies of Checks
```
Cross examination
The following defendant's exhibits are marked for identification:
```
A.  Small Map
B.  Small Color Photo
C.  Small Color Photo
D.  Small Color Photo
E.  Small Color Photo
F.  Small Color Photo
G.  Small Color Photo
H.  Small Color Photo
```
Redirect
The People's Exhibit 17, CLETS Response Document, is marked for identification.
The witness steps down.
At 12:03 p.m., the Court reminds the jurors of their admonishment and declares the noon recess.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 12:05 p.m., the Court declares the noon recess.
At 1:37 p.m., the Court convenes. Counsel present. Defendant present in custody in pro per.  Mr. Piazza not present.  Jurors not present.
Outside the presence of the jurors, the Court and counsel discuss legal issues.
At 1:41 p.m., the jurors are summoned into open Court.
DANIEL TORLIATT is sworn and testifies on behalf of the People.
The following People's exhibits are marked for identification:
```
18.  Copy of Coins
19.  Copy of Coins
20.  Small Photo
```
Cross examination
The Defendant's Exhibit I, Polaroid Photo, is marked for identification.
Redirect

SCR-32705    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 15

09/15/2003 DE 1    Courtroom Minutes of Department S4    (continued)
The witness steps down.
DETECTIVE ROBERT BARNES, Petaluma Police Department, is sworn and
testifies on behalf of the People.
The following People's exhibits are marked for identification,
offered and received in evidence:
21.  Small Color Photo
22.  Small Color Photo
23.  Small Color Photo
24.  Small Color Photo
25.  Small Color Photo
26.  Small Color Photo
27.  Small Color Photo
28.  Small Color Photo
29.  Large Color Photo
30.  Large Color Photo
31.  Large Color Photo
32.  Large Color Photo
33.  Large Color Photo
The People's Exhibit 34, Oakland Newspaper, is marked for
identification.
The following People's exhibits are marked for identification,
offered and received in evidence:
35.  Large Color Photo
36.  Large Color Photo
37.  Large Color Photo
38.  Large Color Photo
39.  Large Color Photo
40.  Large Color Photo
The following Peole's exhibits are marked for identification:
41.  Large Color Photo
42.  Large Color Photo
43.  Large Color Photo
44.  Large Color Photo
45.  Large Color Photo
46.  Large Color Photo
47.  Large Color Photo
48.  Large Color Photo
49.  Large Color Photo
The following People's exhibits are marked for identification,
offered and received in evidence:
50.  Fingerprint Card
51.  Fingerprint Card
At 3:04 p.m., the Court reminds the jurors of their admonishment
and declares a brief recess.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
At 3:05 p.m., the Court declares a brief recess.

SCR-32705    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA        Page 16

09/15/2003 DE 1    Courtroom Minutes of Department S4    (continued)
At 3:20 p.m., the Court reconvenes. Counsel present. Defendant
present in custody.  Mr. Piazza present.  Jurors present.
DETECTIVE ROBERT BARNES, previously sworn, resumes the stand and
further testifies.
Cross examination
The following defendant's exhibits are marked for identification:
J.   Evidence Sheet
K.   Report
The witness steps down.
DETECTIVE FROILAN MARISCAL, Petaluma Police Department, is sworn
and testifies on behalf of the People.
CONTINUED TO - 09/17/2003 at 10:00am S4, JURY TRIAL
The following People's exhibits are marked for identification:
52.   Large Color Photo
53.   Large Color Photo
54.   Large Color Photo
55.   Large Color Photo
56.   Large Color Photo
57.   Large Color Photo
58.   Large Color Photo
59.   Large Color Photo
60.   Glove
61.   Glove
62.   Glove
63.   Glove
64.   Glove
The People's Exhibits 55 and 56, previously marked for
identification, are offered and received in evidence.
The following People's exhibits are marked for identification:
65.   Packet of Documents
66.   Bolt Cutters
67.   Tire Iron
68.   Tire Iron
69.   Pry Tool
70.   Tire Iron
71.   Tire Iron
The witness steps down.
At 4:27 p.m., the Court reminds the jurors of their admonishment
and declares a recess until September 17, 2003 at 10:30 a.m.
in Department S4 for further jury trial.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
The Court directs all parties to appear September 17, 2003 at
10:00 a.m.
At 4:32 p.m., the Court stands adjourned.
Defendant to be dressed in civilian clothes September 17, 2003.

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA      Page 17

09/15/2003 DE 1
  PEOPLE'S PROPOSED JURY INSTRUCTIONS FILED

09/17/2003 DE 1    Courtroom Minutes of Department S4

HON: Robert S. Boyd  DDA: TROYE K. SHAFFER  REP: KAREN THOMPSON  CLK: MB
Cause comes on regularly this date for jury trial pursuant to
adjournment of September 15, 2003.  At 10:35 a.m., the
Court convenes.  Troye Shaffer present on behalf of
the People.  Defendant present in custody, in pro per.
Jurors not present.  Anthony Piazza present.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
DETECTIVE FROILAN MARISCAL, Petaluma Police Department, is sworn
and testifies on behalf of the People.
Cross examination
The following defendant's exhibits are marked for identification:
L.  Small Color Photo
M.  Small Color Photo
N.  Small Color Photo
O.  Small Color Photo
P.  Small Color Photo
Q.  Small Color Photo
R.  Small Color Photo
S.  Small Color Photo
The witness steps down.
At 11:55 a.m., the Court reminds the jurors of their admonishment
and declares the noon recess.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
At 12:02 p.m., the Court declares the noon recess.
Courtroom Clerk Patty Schulze replaces Courtroom Clerk Marietta
Betts.
At 1:35 p.m., the Court convenes, on the record, outside the
presence of the jury.  All other parties present.  Discussions held.
at 1:45 p.m., the jury is summoned into open Court. All present.
People call BRIAN BAILEY, sworn and testified.
Cross examination
Witness steps down
People's exhibit 72, marked for identification: Document
People's exhibit 72 received into evidence.
The Court reads Exhibit 72 to the jury.
At 1:55 p.m., Court declares a recess. Court admonishes the jury.
At 2:12 p.m., the Court reconvenes, on the record, outside the
presence of the jury.  Discussions held.
At 2:15 p.m., jury is summoned into open Court. All present.
Defendant makes an opening statement
Defendant is sworn and testifies on his own behalf.

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 18

09/17/2003 DE 1     Courtroom Minutes of Department S4    (continued)
     Defense exhibit T, marked for identification: Document - Copy of
     Property List
     Cross examination
     At 3:00 p.m., Court declares a recess: Jury admonished.
     People's exhibit 73, premarked for identification: Small Color
     Photo
     At 3:17 p.m., the Court reconvenes. All parties and jury present.
     MR. WILLIAMS, heretofore sworn, resumes the stand.
     Defendant identifies People's Exhibit 73.
     Cross examination continues.
     Redirect
     Defense exhibit U, marked for identification: Documents
     Defense exhibit V, marked for identification: Document
     Witness steps down
     Defense calls OFFICER KEVIN SIMMONS, sworn and testified
     Cross examination
     Witness steps down
     Defense calls ANTHONY PIAZZA, sworn and testified
     The following defense exhibits are marked for identification:
     W.   Small Color Photo
     X.   Small Color Photo
     Y.   Small Color Photo
     Z.   Small Color Photo
     AA.  Small Color Photo
     BB.  Small Color Photo
     CC.  Small Color Photo
     DD.  Small Color Photo
     EE.  Small Color Photo
     At 4:30 p.m., the Court declares a recess. Jury admonished. Case
     continued to September 18, 2003 at 10:00 a.m. in Department S4.
     CONTINUED TO - 09/18/2003 at 10:00am S4, JURY TRIAL

09/17/2003 DE 1
     CUSTODY INFORMATION TRANSMITTED TO JAIL BY pschulze FOR 9/17/2003
     10:00 S4
     TRIAL CONTINUES TO 09/18/2003, 10:00AM, S4

09/18/2003 DE 1     Courtroom Minutes of Department S4

     HON: Robert S. Boyd  DDA: TROYE K. SHAFFER  REP: KAREN THOMPSON  CLK: MB
     Cause comes on regularly this date for jury trial pursuant to
     adjournment of September 17, 2003.  at 10:34 a.m., the
     Court convenes.  Troye Shaffer present on behalf of the
     People.  Defendant present in custody, in pro per.  Jurors not
     present Mr.Piazza present
     Outside the presence of the jurors, the Court and counsel discuss
     jury instructions.

SCR-32705      SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 19

09/18/2003 DE 1    Courtroom Minutes of Department S4    (continued)
At 10:40 a.m., the jurors are summoned into open Court.
Defense calls ANTHONY PIAZZA, sworn and testified
At 10:55 a.m., the Court reminds the jurors of their admonishment
and declares a brief recess.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
At 11:16 a.m., the jurors are summoned into open Court.
The Court reads the stipulations for the record.
At 11:17 a.m., the Court reminds the jurors of their admonishment
and declares the noon recess.
Outside the presence of the jurors, the Court and counsel discuss
jury instructions.
The Court's Exhibit 1, Stipulation, is marked for identification.
The People withdraw Exhibit 14.
People's exhibit 1 through 20, 33, 41 through 44, 45 through 49,
52 through 54, 57 through 71, and 73 are admitted into evidence.
The Defendant's Exhibit A through T and X through EE are admitted
into evidence.
The Defendant's Exhibit U is withdrawn.
At 1:35 p.m., the Court reconvenes. Counsel present. Defendant
present in custody.  Jurors not present. Mr. Piazza present.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
At 1:37 p.m., the jurors are summoned into open Court.
The court instructs jury.
Ms. Shaffer presents her closing arguments on behalf of the People.
Mr. Williams presents his closing arguments.
Ms. Shaffer presents her final arguments.
The Court reads the final jury instructions.
At 3:07 p.m., the bailiff is sworn to take charge of the jury.
The jurors retire to commence deliberation.
At 3:08 p.m., the Court reminds the alternate juror of her
admonishment and thanks and excuses her until further notice.
Outside the presence of jurors, the Court and counsel discuss legal
issues.
Counsel and defendant stipulate the bailiff may excuse and
reconvene the jurors.
People rest At 3:12 p.m., the Court stands in recess.
At 4:35 p.m., the bailiff advises the jurors have left for the day
and will return September 19, 2003 at 10:30 a.m. in Department S4.
CONTINUED TO - 09/19/2003 at 10:30am S4, JURY TRIAL

09/18/2003 DE 1
JURY INSTRUCTIONS GIVEN BY COURT FILED
CUSTODY INFORMATION TRANSMITTED TO JAIL BY mbetts FOR 9/18/2003
10:00 S4

SCR-32705    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 20

09/19/2003 DE 1
    VERDICTS FILED
    VERDICT FORMS NOT USED FILED
    TRIAL COMPLETED - 6 Day(s)

09/19/2003 DE 1    Courtroom Minutes of Department S4

HON: Robert S. Boyd  DDA: TROYE K. SHAFFER  REP: KAREN THOMPSON  CLK: MB
Cause comes on regularly this date for jury trial pursuant to
adjournment of September 18, 2003.
Bailiff Mark Mauldin is sworn to take charge of the jurors.
At 10:35 a.m., the bailiff advises all jurors are present and
continue deliberations in the jury room.
At 11:37 a.m., the Court convenes. Counsel present. Defendant
present in custody, in pro per. Jurors not present.  Mr. Piazza
not present.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
At 12:01 p.m., the jurors are summoned into open Court.
The jury, throught its foreperson, Juror #1712, renders the verdicts
which are read by the clerk, affirmed as read and made a part of
the Court's record:
We, the Jury, find the defendant, TERYL ANTHONY WILLIAMS, Guilty of
violation of Section 459 of the Penal Code, a felony, to wit,
SECOND DEGREE COMMERCIAL BURGLARY, as alleged in Count I of the
First Amended Information.
DATED:  9/19/03                    #1712
We, the Jury, find the defendant, TERYL ANTHONY WILLIAMS, Guilty
of violation of Section 496(a) of the Penal Code, a felony, to wit,
RECEIVING STOLEN PROPERTY, as alleged in Count II of the
First Amended Information.
DATED:  9/19/03                    #1712
At 12:05 p.m., the Court excuses the jurors into the hallway.
Outside the presence of the jurors, the Court and counsel discuss
legal issues.
The defendant waives jury trial on the priors.
At 12:08 p.m., the jurors are summoned into open Court.
The Court thanks and excuses the jurors.
Defendant admits the following priors on the record as follows:
Strike(s) 1170.12 Dated  12-17-84 Admitted
Prison Prior(s) 667.5(b) Dated  1-5-98 Admitted
Prison Prior(s) 667.5(b) Dated  3-4-93 Admitted
Prison Prior(s) 667.5(b) Dated 1-17-90 Admitted
Prison Prior(s) 667.5(b) Dated  12-17-84 Admitted
Prison Prior(s) 667.5(b) Dated  9-14-82 Admitted
Prison Prior(s) 667.5(b) Dated  1-3-79 Admitted
Case Referred to Probation Department for RPO Re: Presentence

SCR-32705     SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA          Page 21

09/19/2003 DE 1    Courtroom Minutes of Department S4    (continued)
   CONTINUED TO - 10/16/2003 at 9:00am S4, RPO/PRESENTENCE
   Report due 10-9-2003
   The Court stands adjourned.

\*\*\*\*\*    End of Docket    \*\*\*\*\*

EXHIBIT IBIT - I

# Petaluma Police Department

## 969 Petaluma Blvd. North, Petaluma, Ca. 94952

**Phone Number (707) 778-4372**                    **Fax: (707) 778-4501**

Patrick T. Parks, Chief of Police

| | | |
|---|---|---|
| **Date & Time of Incident :** | **Type of Incident** ☑ Traffic Collision ☐ Crime | **Report Number (If Known)** X B-874 |
| **Location of Incident:** | | |
| **Name of Person Involved:** | TYREL WILLIAMS | |

### Party of Interest: (Please Check One)

☐ **Person Involved** Driver, Passenger, Pedestrian, Victim     ☐ **Insurance Representative**     ☐ **Property Owner**

☐ **Attorney**     ☐ **Authorized Individual** (Signed authorization required)     ☐ **Parent/Guardian of Juvenile**

☐ **Other Party of Interest: (Specify)**

### This is your mailing label.
### Type or Print contents of this mailing label

→ *please call* ← **Name or Agency Name**

→ *will call.* ← **Address**

→ ← **City, State, Zip**

**Attention:**

### Certification

I declare under the penalty of perjury that.... ☐ I am  ☑ I represent  ☐ I am an attorney representing...the party of interest in the report requested.  → COURT APPOINTED INVESTIGATOR

**Signature:** *E. Anthony Stark*

| **Today's Date:** 8-25-03 | **Phone Number:** 707-664-0327 ☐ Business ☐ Home | **Agency Represented** (if applicable) PRIVATE INV. APPOINTED FOR DEFENSE BY JUDGE |
|---|---|---|

### PPD Use Only-Do Not Write Below This Line

| Report Number | Person Releasing | Date Released | Method of Release |
|---|---|---|---|
| | | | |

Rev 4/29/99



1            So your motion is denied at this point.

2            MS. SILVER:  And, Your Honor --

3            THE COURT:  Yes?

4            MS. SILVER:  I would actually ask the Court

5    to, at this time, have -- institute 1368 proceedings.

6    I don't feel Mr. Williams is able to cooperate with

7    counsel.  I also don't feel he's even acting in his own

8    best interest.  Just moments ago, before we came over

9    to this department, he's known all along that this case

10   was set for jury trial.  That's been at his request.

11   And just moments -- we were sent over here, he said, "I

12   never asked for this jury trial."

13           THE COURT:  All right.  What I'm going to do

14   is take -- your motion under 1368 should be done in

15   open court.  So what I'm going to do, I'm going to

16   conclude these matters insofar as the <u>Marsden</u> motion is

17   concerned.  I'll open the courtroom doors, call both

18   matters, and you can make your representation at this

19   time.

20           MS. SILVER:  Thank you.

21           THE DEFENDANT:  Your Honor?  Your Honor?

22           (Courtroom opened to public.)

23           (End of <u>Marsden</u> motion.)

24                     - - -

25

26

27

28
                                                    34

1    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2          IN AND FOR THE COUNTY OF SONOMA

3   HON. ROBERT P. DALE, JUDGE        COURTROOM TWO

4             - - -

5   THE PEOPLE OF THE STATE  )  No.  SCR-32705
      OF CALIFORNIA,         )

6                     )

7           Plaintiffs, )

8            v.        )

9   TERYL ANTHONY WILLIAMS,  )

10           Defendant.  )
      _____)

11

12        REPORTER'S TRANSCRIPT OF PROCEEDINGS

13          Wednesday, April 30, 2003

14             - - -

15   <u>Appearances</u>:

16     <u>For the People</u>:       STEPHAN R. PASSALACQUA
                        District Attorney

17                        212-J Hall of Justice
                        Santa Rosa, California  95403

18

19                        By:  ALEXANDER J. McMAHON
                        Deputy District Attorney

20     <u>For the Defendant</u>:    LOUIS S. HAFFNER
                        Public Defender

21                        106-J Hall of Justice
                        Santa Rosa, California  95403

22

23                        By:  KAREN SILVER
                        Deputy Public Defender

24             - - -

25

26

27   <u>Reported by</u>:

28     FRAN GI SANDERS, CSR No. 6071

1   SANTA ROSA, CALIFORNIA                    10:03 A.M.

2                          - - -

3            THE COURT:  All right.  This is the matter

4   of People versus Teryl Anthony Williams.

5            Mr. Williams, I'm Judge Dale.  The matter's

6   been transferred into this courtroom for possible jury

7   trial.  But before we do that, I see you filed a

8   <u>Marsden</u> motion here, so I'm going to hear what you have

9   to say.

10           Give me a little bit of time here so I can

11  read what you've written down.  I see you've spent some

12  time writing this down.  Let me read this first, and

13  then I'll hear what you have to say.

14                (Reviewing.)

15                (Marsden motion had, reported, transcribed

16  and bound separately.)

17                          - - -

18           THE COURT:  We're back on the record, in

19  open court, in the matter of People versus Williams and

20  Rone.  All parties are present, to include Ms. Rone and

21  her attorney.  The People are represented by Deputy

22  District Attorney Bud McMahon.

23           The Court has just concluded a <u>Marsden</u>

24  motion <u>in camera</u>, actually in a closed courtroom with

25  only the essential participants available.

26           Court has denied the motion.  Ms. Silver

27  started to make a separate motion, and I indicated it

28  would be best to have it made in open court since it

                                                      3

1    may have some bearing on the co-defendant as well.

2         Ms. Silver?

3         MS. SILVER:  Yes, Your Honor.  I'd ask the

4    Court to suspend proceedings on behalf of Mr. Williams

5    in that I don't feel he's competent to assist counsel

6    with these proceedings.  Again, I'll give the Court an

7    example.  We've been set in a trailing position for

8    jury trial all week.  We've had readiness conferences.

9    And just five minutes before we came over to this

10   courtroom, Mr. Williams informed me he never asked for

11   a jury trial, which led me to believe he wanted a Court

12   trial.  But regardless, it's an example of the type of

13   cooperation I've had from Mr. Williams all along.  He's

14   unable to carry on communications with me of any kind

15   of a helpful manner regarding his case, and I'm asking

16   the Court to have him evaluated by a forensic

17   psychologist and psychiatrist.

18        THE COURT:  Can you be more specific?

19   Obviously, the ability to cooperate with counsel has

20   bearing on the 1368, and you just made that one

21   mention.  Are there any other factors that you can

22   bring to the Court's attention?

23        MS. SILVER:  Well, that -- that he spent a

24   good -- he spent a good deal of time talking with the

25   Court and me, as well bringing up the same issues, for

26   example, regarding discovery, regarding motions I

27   should be making, which were dealt with even by the

28   Court with him in regards to the -- how the grounds for

4

1    those motions and I am under an obligation not to file

2    those.  He spends his time talking about that and

3    getting upset about that, rather than helping me to get

4    ready for the case and work on his defense.

5            He's -- He's -- I'd say at least three of

6    the last four meetings I've had with him, I've had to

7    leave because he won't stop yelling.  And again, we

8    don't get to talk about the substance of the case, but

9    something simply he's mad about, like I didn't file the

10    motion, and it can't get beyond that context.

11            So -- not to mention the fact he said he

12    never asked for a jury trial, and we've been -- I don't

13    know how many times we met in court, and it's been very

14    clear this is on its way to a jury trial.

15            THE COURT:  All right.  That's at least

16    sufficient at this point, as to this co-defendant, to

17    suspend proceedings pursuant to Section 1368.  And I

18    will do this.  This is a case I've called at the

19    request of Judge Ballinger.  So what I'm going to do at

20    this point is return the case to her tomorrow morning

21    at the 8:30 calendar, and criminal proceedings will be

22    suspended with regards to Mr. Williams at this point.

23            And just so the record is clear, the jury

24    trial is still set as to Ms. Rone, and so that puts her

25    in a position, at least ostensibly at this point, of

26    going to jury trial.

27            MS. THISTLETHWAITE:  Your Honor --

28            THE COURT:  Unless --

5

1          MS. THISTLETHWAITE:  Ms. Rone -- I've

2     explained to her the potential situation.  She is

3     still -- she's prepared to waive time.  What my request

4     is, is that we go over to Department Two tomorrow, that

5     an alienist will be assigned.  It will probably be

6     three weeks for the report and then another, I don't

7     know, two or three days after that.  But we give my

8     client a day to come back for setting in approximately

9     3 1/2 weeks, four weeks, and she would waive time to

10    that date plus 90 days.

11         THE COURT:  The only question I have, and

12    this is up to Mr. McMahon, obviously, if he wants to

13    keep the jury trial date intact, vacate it now or

14    consider that tomorrow morning.  I just want to make

15    the record clear since I'm suspending proceedings with

16    regards to this one.  Ms. Rone is still ostensibly set

17    for jury trial, so that's up to you at this point.

18         MR. McMAHON:  Thank you, Your Honor.  With

19    counsel's representation that Ms. Rone will enter into

20    a time waiver, we'll ask the trial date be vacated.

21         THE COURT:  Would you take that from her,

22    personally, on the record, please?

23         MS. THISTLETHWAITE:  Ms. Rone, you have the

24    right to have your jury trial within 60 days of the

25    date you enter your plea, and in the trial department.

26    That is a right you can waive, however.

27         Do you waive that right so your case can be

28    recalled in approximately four weeks for setting and

                                                    6

1    that your trial can be held within 90 days of the

2    setting date?

3                    DEFENDANT RONE:  Yes, that's fine.

4                    THE COURT:  Very well.  The trial date is

5    vacated, and the criminal proceedings are suspended

6    with respect to Mr. Williams pursuant to 1368.  The

7    matter will be returned to Judge Ballinger tomorrow

8    morning, May 1st, 8:30, for further proceedings

9    consistent with 1368.

10                    MS. THISTLETHWAITE:  And, Your Honor, my

11   client, she's coming -- and has been coming -- from the

12   South Bay.  Could she have a date to return in

13   approximately four weeks?

14                    THE COURT:  Any objection, Mr. McMahon?

15                    MR. McMAHON:  No.

16                    THE COURT:  All right.  Approximately four

17   weeks.  We'll put her matter back on in front of

18   Judge Ballinger the morning of May the 28th at 8:30.

19   Does that work?

20                    MS. THISTLETHWAITE:  Yes, it does.

21                    MS. SILVER:  Thank you.

22                    THE COURT:  And I'll return this to you.

23                    And this Court is in recess this morning.

24   Thank you, all.

25                    (Proceedings adjourned to May 1, 2003 at

26   8:30 a.m. in Department Two.)

27                         -  -  -

28

                                                          7

1                    REPORTER'S CERTIFICATE

2    COUNTY OF SONOMA        )
                              ) ss:
3    STATE OF CALIFORNIA      )

4              I, FRAN GI SANDERS, an Official Court

5    Reporter of the Superior Court of the State of

6    California, County of Sonoma, do hereby certify that I

7    correctly reported the within-entitled matter and that

8    the foregoing is a full, true and correct transcription

9    of my shorthand notes of the testimony and other oral

10   proceedings had in the said matter.

11             Dated this 17th day of November 2003 at

12   Santa Rosa, California.

13

14

15                              _____
                                FRAN GI SANDERS, CSR No. 6071

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                              8



EXHIBIT K

ORIGINAL

1          SUPERIOR COURT OF CALIFORNIA

2             COUNTY OF SONOMA

3      HONORABLE RAIMA H. BALLINGER, JUDGE

4

5

6   PEOPLE OF THE STATE OF CALIFORNIA,    )

7                      Plaintiff,    )
                                      )
8      vs.                           )
                                      )
9   TERYL ANTHONY WILLIAMS,          )
                                      )
10                    Defendant.      )
    _____/

11

12                          Case No.:  SCR-32705
13                          Date:  April 30, 2003
                                   May 1, 2003
                                   May 29, 2003
14                                 June 13, 2003
                            Time:  8:30 a.m.
15                          Courtroom:  2

16

17                    PROCEEDINGS

18

19              A P P E A R A N C E S

20      For the People:          For the Defendant:

21      Stephan Passalacqua       Louis Haffner
        District Attorney         Public Defender
22      By: ALEXANDER McMAHON, ESQ. By: KAREN SILVER, ESQ.
        By: TROYE SHAFFER, ESQ.   By: STEVE FABIAN, ESQ.
23      212-J Hall of Justice     111-J Hall of Justice
        Santa Rosa, CA 95403      Santa Rosa, CA 95403

24

25

26              CARLOS A. MARTINEZ
         OFFICIAL SHORTHAND REPORTER #10620
27             600 ADMINISTRATION DRIVE
                    ROOM 218-J
28              SANTA ROSA, CA 95403
                   (707) 565-2390

                                              1

FILED

JUN 27 2003

Clerk of the Superior Court of California
County of Sonoma
By_____
      Deputy Clerk

```
 1                    Wednesday, April 30, 2003

 2                        .      .      .

 3          THE COURT:  Ms. Thistlethwaite, why don't we start

 4   with Mr. -- Mr. Williams is here and Ms. Rhone.  Is Ms. Rhone

 5   present?

 6          MS. THISTLETHWAITE:  Yes, she is.  But we need

 7   Ms. Silver for that, and she's not here.  I'm sorry.  We need

 8   Mr. McMahon and he's not here.  But we can start with Mr. Turner

 9   who is here.

10          MS. SILVER:  And to let the Court know, I believe

11   Mr. Williams has a motion that he wants to run.

12          THE COURT:  It's going to be in another department,

13   whatever motion that wants to be.

14                    (THE MATTER WAS PASSED)

15          THE COURT:  I now have Mr. McMahon here.  And

16   Mr. Williams is here?  And we also have Ms. Rhone here if she'll

17   come forward.  This matter trailed today for jury trial.  It's

18   going to be transferred to department No. 1 for proceedings in

19   that department.

20          So --

21          MS. SILVER:  So --

22          THE COURT:  We need to have one of you, Mr. McMahon,

23   do you want to take the file over there?  Judge Dale has already

24   reviewed it.  He knows it's coming.

25          MS. THISTLETHWAITE:  Should we go over there right

26   now?  I do have a 9 o'clock sentencing.

27          THE COURT:  Why don't you go check in with department

28   No. 1 and get going on that and we'll have Mr. Williams

                                                              2
```

1    transferred over there.

2            (THE MATTER WAS TRANSFERRED TO DEPARTMENT 1)

3    ///

4    ///

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1                    Thursday, May 1, 2003

2                      .        .        .

3          MR. McMAHON:  Your Honor, we're ready on the Williams

4    matter, Teryl Williams.

5          THE COURT:  Mr. Williams is present.

6          It's my understanding that today I'm to be appointing

7    an alienist --

8          MR. McMAHON:  That's correct.

9          THE COURT:  -- to talk to Mr. Williams.

10         MR. McMAHON:  Pursuant to 1368 proceedings, Your

11   Honor, Ms. Silver and I did discuss yesterday an alienist, and

12   we were going to suggest to the Court Dr. Cushing, if that would

13   be fine.

14         THE COURT:  All right.  The Court will appoint

15   Dr. Cushing to speak with Mr. Williams.  And --

16         MR. McMAHON:  The codefendant is back for setting, I

17   believe, on the 29th, so we want to wrap this up by then.

18         THE COURT:  The Court will have this matter back on

19   calendar on May 29th to discuss this report at 8:30 in the

20   morning.  The report from Dr. Cushing will be due on May 27th.

21   That gives us enough time to have read it.

22         MR. McMAHON:  Thank you.

23              (THE PROCEEDINGS WERE CONCLUDED)

24   ///

25   ///

26

27

28

                                                              4

Thursday, May 29, 2003

1

2                .       .       .

3          THE COURT:  I want to call Mr. Williams who is also

4    back.  Teryl Williams.

5          We have his file, the codefendant was on yesterday.

6    So do we still have that file around?

7          Ms. Thistlethwaite, did we bring your client, back

8    Ms. Rhone, from yesterday?

9          MS. THISTLETHWAITE:  No, we didn't.  We set her.

10         THE COURT:  Oh, we set her?

11         MS. SILVER:  Yeah.

12         THE COURT:  The Court -- this is concerning

13   Mr. Williams.  Mr. Williams is present in custody.  Ms. Knotts,

14   are you appearing?

15         MS. KNOTTS:  I can.  This is Mr. McMahon's case, but I

16   can.

17         THE COURT:  All right.  We do have a receipt from

18   Dr. Cushing and are you going to --

19         MS. SILVER:  Submitted.

20         THE COURT:  -- submit it?

21         Are you submitting it?

22         MS. KNOTTS:  Yes, Your Honor.

23         THE COURT:  Criminal proceedings are reinstated.

24         MS. SILVER:  Mr. Williams does have a motion he would

25   like to make.  He would like to make a Faretta motion.  And at

26   this point I'd like the Court to know that he would like to

27   represent himself.

28         THE COURT:  There's a full Faretta waiver that he has

                                                              5

1    to fill out before I'll consider that.

2              MS. SILVER:  Do you want to set it for another date?

3              THE COURT:  Yes.  He needs time to fill out the

4    <u>Faretta</u> waiver.  It's quite detailed.  And I need a lot of

5    information on there before I consider this given the gravity of

6    the situation.

7              So the Court will place the matter back on calendar

8    on -- we can do it June 3rd, 8:30 in the morning.  That will be

9    to set his jury trial.

10             MS. SILVER:  And at this time --

11             MS. THISTLETHWAITE:  Actually, I think the dates for

12   jury trial are set.

13             THE COURT:  I don't have the minutes.

14             MS. KNOTTS:  It's July 14th.

15             THE COURT:  Oh, I do have the minutes.  July 14th at

16   9:30 for jury trial.

17             MS. THISTLETHWAITE:  And I have a specially set jury

18   trial.

19             THE COURT:  I'm going to keep them together.  July

20   9th, 8:30 for pretrial.  And that is within the -- that's within

21   the 60 calendar days.  And we'll talk about whether or not he

22   gets to represent himself on Tuesday morning at 8:30.

23             MS. SILVER:  Do you have that <u>Faretta</u> questionnaire?

24             THE COURT:  I do.

25             MS. SILVER:  I'll give it to him so he can fill out

26   before we come back.

27                  (THE PROCEEDINGS WERE CONCLUDED)

28   ///

                                                            6

1              Friday, June 13, 2003

2                      .        .        .

3         THE COURT:  I'll call Mr. Williams' case.

4         Mr. Williams, I placed you on calendar today in order

5    to talk to some administrative person in the jail about your

6    request for law library access, and I don't yet have a response

7    from them.  So I'm intending on putting this over till probably

8    Tuesday, and then I should have more information for you.

9         THE DEFENDANT:  Your Honor, I would like to make a

10   motion, though.  I would like to make a motion.  I'd like to

11   make a violation motion.  And, Your Honor --

12        THE COURT:  Okay.  I can't hear you.

13        THE DEFENDANT:  Your Honor, I would like to file this

14   motion right here, and I would like to order the transcript.  I

15   can prepare myself the 995 motion.  I would like to order the

16   transcript for --

17        THE COURT:  A transcript of what?

18        THE DEFENDANT:  April 30th, May the 1st, and May the

19   29th.

20        THE COURT:  And why do you need those transcripts?

21        THE DEFENDANT:  I need these to prepare myself -- I

22   want to file a 995 motion.

23        THE COURT:  Well, a 995 motion goes just to the

24   preliminary hearing.

25        THE DEFENDANT:  Well, Your Honor, I had a hearing,

26   okay, and this is what I want to file my 995 motion on.  I had a

27   competency hearing.

28        THE COURT:  You had a what?

                                                        7

1    THE DEFENDANT:  I had a competency hearing.

2    THE COURT:  Yeah.  That doesn't have anything to do

3    with a 995 motion.

4    THE DEFENDANT:  Okay.  Basically what I want to do,

5    Your Honor, okay, the Court's is basing a violation of speedy

6    rights trial.  Okay.  They went way past my trial date, over my

7    trial date.  Okay.  At this time they're way over my trial date.

8    THE COURT:  They suspended criminal proceedings while

9    a psychologist took a look at the situation.

10    THE DEFENDANT:  I know that, Your Honor.  But then

11    again my procedure starts where it stopped at.  It don't start

12    over.  And they started my proceedings over.

13    THE COURT:  Well, it does start over.  That's the law.

14    THE DEFENDANT:  I have -- I have cases that say that

15    it does not start over.

16    THE COURT:  Mr. Williams, if there's something that

17    you want to file this morning, I'll let you file it.  But I

18    can't give you legal advice.  You wanted to represent yourself.

19    THE DEFENDANT:  Okay.  I would like to.

20    THE COURT:  Okay.  So you've got a copy for the

21    district attorney.  And we've -- the district attorney, do you

22    acknowledge that you have a copy?

23    MS. SHAFFER:  Yes.

24    THE COURT:  Procedurally, Mr. Williams, I have to set

25    a motion for a hearing, and you've got a trial date that's

26    coming up rapidly.

27    THE DEFENDANT:  Okay.

28    THE COURT:  I'd like to put this matter on calendar

8

1    for a hearing on the 19th.  That's not even quite a week.  Do

2    you think you could get something in response on file even if

3    it's the night before.

4            MS. SHAFFER:  Your Honor, I believe that we can

5    probably get something together.

6            THE COURT:  Okay.  I'll place hearing on the motion on

7    June 19th at 2:30 in the afternoon.  People to provide their

8    response by June 18th at 5:00 p.m.  And certainly you're going

9    to have to serve Mr. Williams with that as well as the Court.

10   And if you would make sure that I get a courtesy copy or I won't

11   see it.

12           We'll have a hearing on your motion.

13           THE DEFENDANT:  Okay.  Your Honor, I have another

14   matter here.  Your Honor, I did not have -- the public defender

15   office never gave me nothing pertaining to my case.  I don't

16   have nothing.  They gave me nothing for my case.  And I asked

17   the district attorney for discovery.  They gave me nothing.  I

18   don't have nothing to proceed with, period.

19           THE COURT:  Okay.  This had been Ms. Silver's case.

20   Do you have any information, Mr. Fabian, as to whether or not

21   any information has been turned over to Mr. Williams?

22           MR. FABIAN:  I don't know.  But if not, Your Honor,

23   I'll talk to Ms. Silver to make sure.  He should be getting a

24   copy of all of his police reports, all of the preliminary

25   hearing transcripts and that sort of thing.  Copy of -- we're in

26   the information stage.  He should have a copy of that also.

27   It's not been turned over to you yet?

28           THE DEFENDANT:  No, I haven't received nothing.

                                                                    9

1    MR. FABIAN: I'll talk to Ms. Silver today, and we'll

2   make sure that we drop it off at the jail today.

3          And there's one thing that I ask the Court. Normally

4   we provide police reports to our clients -- I mean, not

5   normally. Always we delete out all addresses and phone numbers

6   of nonpolice witnesses and victims.

7          Doing that, though, to someone that is representing

8   themselves presents a problem for a person trying to investigate

9   their own -- trying to investigate his own crime. I'm just

10  going to ask the Court direction as to whether or not we should

11  delete out all addresses and phone numbers or should we give him

12  the police reports?

13         THE COURT: What's the People's position on that? I

14  want to know if it's a problem.

15         MS. SHAFFER: Your Honor, based on the nature of the

16  charges being possession of stolen property, it will be our

17  position not to disclose those addresses and those phone numbers

18  directly to the defendant but instead appoint him an

19  investigator who can be the middle person. But those victims

20  probably wouldn't be real responsive anyway directly to the

21  defendant.

22         THE COURT: That would be the appropriate procedure if

23  you have an investigator that would be helping you, that person

24  could have the addresses and telephone numbers and would do the

25  investigation for you.

26         MR. FABIAN: So what I'm understanding is you want us

27  to then make copies of the police reports and so redact out

28  addresses and phone numbers of all nonpolice witnesses? Police

10

CARLOS A. MARTINEZ, CSR 10620 * SANTA ROSA, CA * (707) 565-2390

EXHIBIT L  

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**VEHICLE REPORT**
CHP 180 (Rev. 2-99) OPI 061  _San Francisco Daya HP DR 2/7/03  MS_

NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

| REPORTING DEPARTMENT | LOCATION CODE | DATE / TIME OF REPORT | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY ☐ | FILE NO. |
|---|---|---|---|---|
| Petaluma PD | 4908 | 2/7/03 0000 | | 03-874 |

| LOCATION TOWED / STOLEN FROM | ODOMETER READING | VIN CLEAR IN SVS? ☒YES ☐NO | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|
| Kenilworth @ E. Washington | 20949 | LIC. CLEAR IN SVS? ☒YES ☐NO | 2/7/03 | |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE NO. | ☐ONE ☒TWO | MONTH / YEAR | STATE |
|---|---|---|---|---|---|---|---|---|
| 80 | DODGE | 280 | VAN | TAN | 1AME528 | | 9/03 | CA |

| VEHICLE IDENTIFICATION NO. | ENGINE NO. | VALUATION BY ☐OFFICER ☐OWNER |
|---|---|---|
| B 2 1 J P A X 1 2 1 3 8 3 | | ☐0-300 ☐301-4000 ☐4001+ ☐$ |

REGISTERED OWNER

Terence Leith Harris
9606 Empire Rd
Oakland, CA 94603

LEGAL OWNER    ☒SAME AS R/O

☐ **STORED**    ☒ **IMPOUNDED**    ☐ **RELEASED**    ☐ **RECOVERED - VEHICLE / COMPONENT**

| TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE) | STORAGE AUTHORITY / REASON |
|---|---|
| Downtown Autobody 1490 N. Petaluma Blvd  665-9100 | 21655.5 VC |

| TOWED TO / STORED AT | AIRBAG? ☐YES ☒NO ☐1 ☐2 | DRIVEABLE? ☐YES ☒NO ☐JUNK ☐UNK | VIN SWITCHED? ☐YES ☒NO |
|---|---|---|---|
| Same | | | |

| CONDITION | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | TIRES / WHEELS | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WRECKED | | ✗ | SEAT (FRONT) | ✗ | | REGISTRATION | ✗ | | CAMPER | | ✗ | LEFT FRONT | Poor |
| BURNED HULK per 431(c) VC | | | SEAT (REAR) | ✗ | | ALT. / GENERATOR | | | VESSEL AS LOAD | | | RIGHT FRONT | |
| VANDALIZED | | | RADIO | ✗ | | BATTERY | | | FIREARMS | | | LEFT REAR | |
| ENG. / TRANS. STRIP | | | TAPE DECK | | ✗ | DIFFERENTIAL | | | OTHER | | ✗ | RIGHT REAR | Poor |
| MISC. PARTS STRIP | | | TAPES | | ✗ | TRANSMISSION | | | | | | SPARE | Yes |
| BODY METAL STRIP | | | OTHER RADIO | ✗ | | AUTOMATIC | ✗ | | | | | HUB CAPS | No |
| SURGICAL STRIP per 431(b) VC | | ✗ | IGNITION KEY | ✗ | | MANUAL | | | | | | SPECIAL WHEELS | Mags |

| RELEASE VEHICLE TO: ☐R/O OR AGENT ☒AGENCY HOLD ☐22850.3 VC | GARAGE PRINCIPAL / AGENT STORING VEHICLE (SIGNATURE) Glenn Widdell | DATE / TIME 2/7/03 |
|---|---|---|

| NAME OF PERSON / AGENCY AUTHORIZING RELEASE | I.D. NO. | DATE |
|---|---|---|

CERTIFICATION: I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT I AM LEGALLY AUTHORIZED AND ENTITLED TO TAKE POSSESSION OF THE ABOVE DESCRIBED VEHICLE.

SIGNATURE OF PERSON AUTHORIZING RELEASE

SIGNATURE OF PERSON TAKING POSSESSION

☐ **STOLEN VEHICLE / COMPONENT**    ☐ **EMBEZZLED VEHICLE**    ☐ **PLATE(S) REPORT**

| DATE / TIME OF OCCURRENCE | DATE / TIME REPORTED | NAME OF REPORTING PARTY (R/P) | DRIVER LICENSE NO. / STATE |
|---|---|---|---|

| LAST DRIVER OF VEHICLE | DATE / TIME | ADDRESS OF R/P | TELEPHONE OF R/P ( ) |
|---|---|---|---|

I CERTIFY OR DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF PERSON MAKING REPORT

**REMARKS**
[LIST PROPERTY, TOOLS, VEHICLE DAMAGE, ARRESTS]

| DRIVER'S NAME | ARRESTED / SECTION? ☒YES ☐NO 459 | REPORTED BY | CARGO / TYPE? ☐YES ☐NO | VALUE $ ☐BILL OF LADING ATTACHED |
|---|---|---|---|---|
| Rhone, G. | | Gilman | | |

360° Poor Paint
Poor Interior
Misc Clothing & Tools
Passenger Door Broken
360° Rust
Broken Rear Taillight


FRONT    LEFT SIDE    RIGHT SIDE    REAR    TOP

| SIGNATURE OF OFFICER TAKING REPORT | I.D. NO. 2042 | SUPERVISOR Evans | REQUIRED NOTICES SENT TO REGISTERED AND LEGAL OWNERS PER 22852 VC? ☒YES ☐NO | DATE NOTIFIED 2/7/03 DR |
|---|---|---|---|---|
| 2042 | | 1334 2/7/03 | | |

DSP 99 18758
CHP 180_299.frp