EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
BRUCE ORTEGA
[State Bar No. 131145]
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, California 94102-7004
  Telephone: (415) 703-1335
  Fax: (415) 703-1234
  e-mail: bruce.ortega@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERYL A. WILLIAMS,<br><br>                          Petitioner,<br><br>v.<br><br>D.K. SISTO, Warden,<br><br>                          Respondent. | C 07-05342 CW (PR)<br><br>**ANSWER TO THE ORDER<br>TO SHOW CAUSE** |

Respondent D.K. Sisto, Warden, provides this Answer to the Order to Show Cause filed in this case on February 7, 2008:

I.

<u>Custody</u>

California state prisoner Teryl A. Williams ("Petitioner") is lawfully in the custody of the California Department of Corrections and Rehabilitation pursuant to a valid judgment in *People v. Williams*, Sonoma County Superior Court case number SCR-32705. In that case, a jury convicted Petitioner of commercial burglary (count 1), and receiving stolen property (count 2). The trial court, after a bifurcated bench trial, found true the allegations that Petitioner had a prior "strike" conviction

ANSWER TO THE ORDER TO SHOW CAUSE

*Williams v. Sisto*
C 07-05342 CW (PR)

1  and had served six prior prison terms. The court sentenced Petitioner to 12 years in state prison.
2  Petitioner unsuccessfully pursued state direct review and state collateral review.

## II.

### Verification

The Petition for Writ of Habeas Corpus is signed and verified by Petitioner.

## III.

### Exhaustion of State Remedies

Petitioner's current claims are exhausted.

## IV.

### Timeliness

Petitioner filed his Petition for Writ of Habeas Corpus within the one-year statute of limitations period set by 28 U.S.C. § 2244(d).

## V.

### General Denial

Petitioner was not denied rights under the Constitution or laws of the United States and is not entitled to discharge from his present confinement. Petitioner has made six claims in his habeas application. One is barred by *Stone v. Powell*, 428 U.S. (1989), which holds federal habeas review is not available to a defendant claiming that his conviction rests on evidence seized in violation of the Fourth Amendment if, as here, the habeas applicant had a full and fair opportunity to litigate the claim in state court. *Id.* at 481-82. Another claim, that the trial court committed evidentiary error, is procedurally defaulted. A third claim, which, as best understood, alleges a speedy trial violation, fails because it does not raise a federal constitutional question. As for the state reviewing courts' adjudication on the merits of the remaining claims, the state courts did not rule contrary to, or unreasonably apply, any clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Nor was any state court decision in this case based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d)(2).

ANSWER TO THE ORDER TO SHOW CAUSE                         *Williams v. Sisto*
                                                          C 07-05342 CW (PR)

## VI.

### Specific Denial

At trial Petitioner contended that he was the victim of unreasonable searches by police and was due a suppression of the evidence seized. His first claim in this Court is that his trial court erred under the Fourth Amendment in denying the motion to suppress. Pet. at 6. This contention is barred. In *Stone v. Powell*, 428 U.S. at 481-82, the High Court held, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search and seizure was introduced at his trial." Here, California provided Petitioner a full and fair opportunity to litigate his Fourth Amendment claim.

Petitioner's Claim Two is that the trial court erred under state law and violated his federal constitutional right to counsel by denying his motion for substitute counsel, thereby "forcing" him to represent himself. Pet. at 6. The state courts' rejection of this claim was not contrary to or an unreasonable application of clearly established High Court precedent and the state courts did not unreasonably determine any facts.

Petitioner contends third that the trial court prejudicially erred by instructing the jury with California Jury Instruction, Criminal ("CALJIC") No. 2.62, regarding his failure to explain or deny the evidence against him. Pet. at 6. In *Caminetti v. United States*, 242 U.S. 470, 494 (1917), the High Court approved the use of an instruction that allowed the jury to consider a testifying defendant's failure to explain or deny acts of an incriminating nature introduced in the prosecution's case. Accordingly, the state appellate courts' rejection of Petitioner's Claim Three was not contrary to, or an unreasonable application of, clearly established Supreme Court authority. Nor did the state courts unreasonably determine any facts.

Petitioner's Claim Four is that the trial court deprived him of due process and a fair trial "by making and sustaining hearsay objections." Pet. at 6-2. This claim is procedurally defaulted. A federal habeas court cannot review a claimed denial of a federal constitutional right if the state court rejected the claim because of an independent and adequate state procedural rule. *Coleman v.*

ANSWER TO THE ORDER TO SHOW CAUSE

*Williams v. Sisto*
C 07-05342 CW (PR)

1 *Thompson*, 501 U.S. 722, 729 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 81, 87 (1977); *Valerio v. Crawford*, 306 F.3d 742, 773-74 (9th Cir. 2002) (en banc); *accord, Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). Here the California Court of Appeal rejected Petitioner's hearsay-error claim on the grounds of California Evidence Code § 354, which states that a claim that evidence was erroneously excluded at trial is not cognizable on appeal unless the defense made an offer of proof to the trial court regarding the evidence. California Evidence Code § 354 is an adequate and independent state procedural rule under *Wainwright v. Sykes*, 433 U.S. at 87-88. *Rogan v. Henry*, No. C 97-4460 BZ (PR), 1999 U.S. Dist. LEXIS 8579 **5-9 (N.D. Cal. June 4, 1999)

With his Claim Five, Petitioner argues, as best understood, that the trial court erred under state law in denying his motion to dismiss for a violation of California's speedy trial statute, thus depriving him of his "due process and speedy trial rights." Pet. at 6-2—6.3. A close review of this claim shows that it fails to raise the requisite federal constitutional issue. Federal habeas is available only for federal questions, and does not lie to retry state issues. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Finally, regarding Petitioner's Claim Six, it is an attack on the aggravated three-year prison term the trial court imposed on Petitioner's commercial burglary conviction. Pet. at 6-4—6-5. Contrary to Petitioner's position, that sentence is not in violation of *Cunningham v. California*, 549 U.S. —, 127 S.Ct. 856, 868 (2007). The state reviewing courts' affirmance of the upper-term sentence was not was not contrary to, or an unreasonable application of *Cunningham*, or any other clearly established Supreme Court authority. Nor did the state courts unreasonably determine any facts.

## VII.

### Statutory Presumption

The California Supreme Court, Court of Appeal, Superior Court, and trial jury made express and implied findings of fact. Such findings are presumed correct. 28 U.S.C. § 2254(e)(1). The California courts' mixed findings of law and fact are entitled to deference under 28 U.S.C. §

ANSWER TO THE ORDER TO SHOW CAUSE

*Williams v. Sisto*
C 07-05342 CW (PR)

2254(d). Respondent denies that any claim made by Petitioner requires an evidentiary hearing by this Court. 28 U.S.C. § 2254(e)(2).

## VIII.

### Incorporation By Reference

Respondent incorporates by reference any statements of fact material to the issues herein which are contained in the accompanying memorandum of points and authorities, or in the exhibits lodged with this Court, to the extent not inconsistent with Respondent's factual allegations herein.

## IX.

### Available Transcripts And Record (Rule 5 Statement)

Respondent has lodged separately with the Clerk of this Court the following exhibits from the state court record:

EXHIBIT A-1  The Clerk's Transcript (two volumes, 399 pages), including the information, relevant pleadings, verdicts, abstract of judgment, and notice of appeal, *People v. Williams*, Sonoma County Superior Court case number SCR-32705.

EXHIBIT A-2  The Augmented Clerk's Transcript (one volume, 13 pages), *People v. Williams*, Sonoma County Superior Court case number SCR-32705.

EXHIBIT B-1  Reporter's Transcript of trial court proceedings (one volume, 77 pages), *People v. Williams*, Sonoma County Superior Court case number SCR-32705.

EXHIBIT B-2  Reporter's Transcript of trial court proceedings (one volume, 5 pages), *People v. Williams*, Sonoma County Superior Court case number SCR-32705.

EXHIBIT B-3  Reporter's Transcript of trial court proceedings (one volume, 35 pages), *People v. Williams*, Sonoma County Superior Court case number SCR-32705.

EXHIBIT B-4  Reporter's Transcript of trial court proceedings (one volume, 8 pages), *People v. Williams*, Sonoma County Superior Court case number SCR-32705.

EXHIBIT B-5  Reporter's Transcript of trial court proceedings (five volumes, 552 pages), *People v. Williams*, Sonoma County Superior Court case number SCR-32705.

EXHIBIT C    Appellant's (Petitioner's) Opening Brief, *People v. Williams*, California Court of Appeal case number A104272.

EXHIBIT D    Respondent's Brief, *People v. Williams*, California Court of Appeal case

1                          number A104274.

2     EXHIBIT E     Appellant's (Petitioner's) Reply Brief, *People v. Williams*, California Court of Appeal case number A104274.

4     EXHIBIT F     California Court of Appeal Opinion on direct review affirming the judgment against Petitioner, *People v. Williams*, California Court of Appeal case number A104274.

6     EXHIBIT G     Petitioner's Petition for Review to the California Supreme Court, seeking review of the court of appeal opinion, *People v. Williams*, California Supreme Court case number S140906.

8     EXHIBIT H     California Supreme Court Order denying the Petition for Review, *People v. Williams*, California Supreme Court case number S149906.

10     EXHIBIT I     Petitioner's Petition for Writ of Habeas Corpus in the California Supreme Court, *In re Williams*, California Supreme Court Number S146358.

12     EXHIBIT J     Order, California Court of Appeal, on remand from Writ of Certiorari from United States Supreme Court, soliciting supplemental briefing on the applicability of *Cunningham v. California*, 127 S. Ct. 856 (2007).

14     EXHIBIT K     California Supreme Court Order denying the Petition for Writ of Habeas Corpus, *In re Williams*, California Supreme Court case number S146358.

16     EXHIBIT L     Respondent's Supplemental Brief, *People v. Williams*, California Court of Appeal case number A104274.

18     EXHIBIT M     Appellant's Supplemental Brief, *People v. Williams*, California Court of Appeal case number A104274.

20     EXHIBIT N     California Court of Appeal Opinion on remand reaffirming the judgment against Petitioner, *People v. Williams*, California Court of Appeal case number A104274.

22     EXHIBIT O     Petitioner's Petition for Review to the California Supreme Court, seeking review of the Court of Appeal opinion, *People v. Williams*, California Supreme Court case number S154889.

24     EXHIBIT P     California Supreme Court Order denying the Petition for Review, *People v. Williams*, California Supreme Court case number S154889.

ANSWER TO THE ORDER TO SHOW CAUSE                                  *Williams v. Sisto*
C 07-05342 CW (PR)

**PRAYER**

WHEREFORE, RESPONDENT RESPECTFULLY PRAYS that this Court deny the Petition for Writ of Habeas Corpus.

Dated: March 22, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General


/s/ Bruce Ortega

BRUCE ORTEGA
Deputy Attorney General

Attorneys for Respondent

:BO
SF2008400507
40230832.wpd
3/22/08

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  *Williams v. Sisto*
No.:        C 07-05342 CW

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 24, 2008, I served the attached

ANSWER TO THE ORDER TO SHOW CAUSE;

APPLICATION TO FILE BRIEF IN EXCESS OF TWENTY-FIVE PAGES; DECLARATION OF COUNSEL IN SUPPORT OF APPLICATION TO FILE BRIEF IN EXCESS OF TWENTY-FIVE PAGES; [PROPOSED] ORDER;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE ANSWER TO THE ORDER TO SHOW CAUSE;

NOTICE OF LODGING AND INDEX OF EXHIBITS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Teryl A. Williams
V-11316
California State Prison Solano
P.O. Box 4000
Vacaville, CA 95696-4000
(With Exhibits)

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 24, 2008, at San Francisco, California.

| J. Hum | *signature* |
|---|---|
| Declarant | Signature |

40232463.wpd