EXHIBIT- H

# Petaluma Police Department — Evidence/Property Sheet

| Code Section | Crime | Classification | Case No./Citation No. |
|---|---|---|---|
| 459 P.C. | BURG. | FEL. | 03-0874 |

| Victim's Name – Last, First, Middle | Address | Phone |
|---|---|---|
| DANS AUTO AND TRUCK PARTS | | |

| Suspect | Date | Time | | |
|---|---|---|---|---|
| TERYL WILLIAMS | 2/13/03 | 1600 | | 03-0874 |

| Suspect | Storage | Date | Receipt Issued To (Signature) |
|---|---|---|---|
| | | | |

| Suspect | Property Officer | Receipt Issued By (Signature) |
|---|---|---|
| | | |

X  Evidence List
___ Found Property   ___ Safekeeping   ___ Receipt

| Item No. | Quantity | Description | Serial No. | Disposition |
|---|---|---|---|---|
| 1-2032 | 1 | PRY TOOL LOCATED ON PASSENGER SEAT OF VAN | | |
| 2-2032 | 1 | BOLT CUTTERS LOCATED UNDER BACK SEAT OF VAN | | |
| 3-2032 | 3 | TIRE IRONS LOCATED UNDER BACK SEAT OF VAN | | |
| 4-2032 | 1 | PRY TOOL LOCATED UNDER BACK SEAT OF VAN | | |
| 5-2032 | 1 | INDICIA IN THE NAME OF TERYL ANTHONY WILLIAMS LOCATED ON DASHBOARD | | |
| 6-2032 | 1 | POLAROID PICTURE OF RHONE LOCATED IN BRIEFCASE UNDER BACKSEAT OF VAN | | |
| 7-2032 | 1 | INDICIA IN THE NAME OF TERYL WILLIAMS LOCATED UNDER BACK SEAT | | |
| 8-2032 | 5 | GLOVES LOCATED ON PASSENGER SIDE FLOORBOARD OF VAN | | |
| 9-2032 | 1 | SAFE BELONGING TO DANIE TORLIATT | | |
| 10-2032 | 1 | CASSETTE TAPE OF INTERVIEW W/ RHONE | | |
| 11-2032 | 1 | VHS " " " " " | | |

### Chain of Custody

| Item No. | Date | Time | Issued To | Destination | Returned | |
|---|---|---|---|---|---|---|
| 9-2032 | 2/11/03 | 1530 | | | 2/11/03 1530 TO D. TORLIATT | |

Recording Officer: MARISCAL
Reviewed By:

**EXHIBIT-I**

Attachment barnes suppl. 03-874.doc For Case: 03-0000874

Supplemental Report 03-874
R. Barnes
2/7/03

On 2/7/03 at approx. 0600 hrs. Officer Gilman requested that I respond to Dan's Auto Parts, 345 Lakeville St., and determine if a burglary occurred. When I arrived I saw that the front doors to the business were pried open. Officer Simmons arrived and we checked the interior of the business for suspects. We did not find any.

I saw the following outside the business: Broken pieces of the door lock mechanism were lying at the base of the front doors. The doors were forced open with an unknown pry tool. The blade of the tool had a width of approx. 1/2 inch. The tool marks indicated that the pry tool had a single blade. A folded newspaper was lying on the ground, outside the front doors. The paper was the "Sports" section of the Oakland Tribune, dated 2/6/03.

I saw the following inside the business on the first floor: Several fan belts were lying on the floor near a display at the north side of the counter. As I continued toward the central stairs, I saw gouge marks in the steps leading up to the upstairs offices. Several of the gouge marks were extremely deep and sharp, indicating that an object with sharp corners had made the marks. At the landing where the stairs turn 90 degrees, I saw two gouge marks in the wall directly in line with the upper flight of stairs.

I saw the following in the upstairs offices: Several file cabinets and desk drawers were open. I saw a money pouch and metal can on one of the desks. Inside the owners' office I saw a calculator lying on the floor in the middle of the room. The cord extended to a piece of plywood lying on the floor in the S/W corner of the office. Two pictures were lying on the floor against the south wall. The desk drawers were also open.

When the victim, Dan Torliet arrived, he stated that all the file cabinets were kept closed and that the calculator had sat on a safe in the corner of his office. The safe was no longer in the office.

I photographed the damage to the business and upstairs offices. I processed the drawers and calculator for latent fingerprints. I found no identifiable prints on the file cabinets. I found two sets of latent fingerprints on the calculator. Based on my training and experience as a Crime Scene Investigator, the latent prints were consistent with those made by a suspect wearing gloves. (The palms of the gloves were made of an unknown course grained fabric) There was a single print on the top of the calculator and four prints on the bottom. The calculator was covered with a thick layer of dust, except for where the prints were located. I photographed the damage to the front door and collected the newspaper as evidence.

Officer Gilman arrested two suspects with the safe from the business. Officer Gilman had the vehicle towed to Petaluma Police Dept. for processing. Inside their vehicle I saw

Printed at: 2/7/2003 21:49

1

several pairs of gloves. One pair of gloves was made from a course grain fabric that had a pattern consistent with the latent prints I found on the calculator.

At 0930 hrs., the business owner, Dan Torliet, arrived at Petaluma Police Dept. to identify property and open the safe. Torliet looked inside the suspect vehicle. Except for the safe, Torliet could not identify any other property in the vehicle that came from his business. Torliet then opened the safe. Torliet stated that nothing was removed from the safe.

Case Status: Refer to Officer Simmons Report.

2

Printed at: 2/7/2003 21:49

**EXHIBIT-J**



# OFFICE OF THE PUBLIC DEFENDER

600 Administration Drive, Room 111-J,
Santa Rosa, California 95403-2869
Telephone ( 707) 565-2791 - FAX (707) 565-3380

RECEIVED
2003 FEB 24 P 4: 27
SONOMA CO. D.A.

LOUIS S. HAFFNER
Public Defender

Chief Deputies:
H. BRUCE KINNISON
KATHLEEN POZZI
STEVEN C. WEISS

DATE: February 24, 2003

TO: Karen Olson, DA's Office Discovery Clerk
and/or Deputy District Attorney handling case

FROM: Matt Byrne, Investigator

SUBJECT: Request for Discovery Authorization

| DEFENDANT | (CR) CT # | DAR | PUB # | AGY# |
|---|---|---|---|---|
| **WILLIAMS, TERYL** | M 415138 | 459732 | 306490 | PET-030874 |

During the course of our representation of the defendant in the above case(s), our office will be requesting copies of various items of discovery, e.g., taped statements, dispatch tapes and records, photos, supplemental reports, booking information, etc., if they exist, from the appropriate law enforcement agency or we may wish to view evidence taken in connection with the investigation.

Please prepare and forward whatever paperwork is necessary to facilitate our obtaining/viewing the items.

Thanks for your assistance in this matter.



**DISTRICT ATTORNEY INFORMAL DISCOVERY AUTHORIZATIONS**
**COUNTY OF SONOMA**

February 26, 2003

SONOMA COUNTY DISTRICT ATTORNEY
600 Administration Drive, Rm 212-J
Santa Rosa, CA 95403
(707)565-2311

PUBLIC DEFENDER
Attn: Matt Byrne

Please be advised that, pursuant to 1054.5 PC, we have received and processed your request(s) regarding informal discovery on following cases. **You will now need to contact the investigating agency so that you may view the physical evidence and/or receive copies of reproducible discovery.** If the case involves an intoxilyzer machine, and you wish to review additional intoxilyzer records, our office maintains a complete set of calibration, maintenance, and subject use logs for all the intoxilyzers in use within the county. These logs are available in our office at the reception area for inspection and may be taken to the public law library for duplication. **YOU ARE RESPONSIBLE FOR ANY COSTS IN DUPLICATING REQUESTED ITEMS.**

| DEFENDANT | DEFENSE COUNSEL | AGY/CR# | DA# | CT# |
|---|---|---|---|---|
| WILLIAMS, TERYL ANTHONY | PUBLIC DEFENDER | PET-030874 | 459732 | MCR-415138 |

I, Carrie Pendergraft, Legal Assistant at the Sonoma County District Attorney's Office, authorize the above listed agency/agencies to provide informal discovery to the attorney of record regarding the above listed case(s).

STEPHAN R. PASSALACQUA, DISTRICT ATTORNEY
County of Sonoma, State of California

*Carrie Pendergraft* /s/
Carrie Pendergraft
Legal Assistant