







# Latent Prints

**CR** _____

**Location of Occurrence** _____

**Code Section** 459 PC

**Date** 2/7/03



**PETALUMA POLICE DEPT /EVIDENCE**

Case # 03-874          Item # 3-1051

Date 2/7/03          Time 0600

Officer BARNES          ID # 1051

Description    LATENT PRINT CARDS

| Date | Casus | Case No |
|------|-------|---------|
| 2/7/03 | 45916 | 03-874 |

**Alarm**

DAVS AUTO PARTS

Address of incident

Location of incident / Event taken

BOTTOM OF ADDING

MACH. UN.

**Report filed by**

BARNES    1051

--- Sketch and other elements ---

Area of
theft

Front



Bottom of
Adding Machine

2/7/03    4:59 PC    C3-334

DAN's AUTO PARTS

TOP AT SIGN BY ADD UP

MACHINE - VIEW BEFORE

FLECE

BARNES    1051







EVIDENCE ITEMS
1-4 / 2032

EXHIBIT - N

## Evidence/Property Sheet

Petaluma Police Department

| Code Section | | Crime | | Classification | Case No./ |
|---|---|---|---|---|---|
| 459 PC | | Burglary | | Commercial | Citation No. |

| Victim's Name – Last, First, Middle | Address | Phone | 03 - 874 |
|---|---|---|---|
| Dan's Auto Parts | | | |

(right margin, vertical) 03-874

| Suspect | Date 2/7/03 | Time 0600 | |
|---|---|---|---|

| Suspect | Storage | Date | Receipt Issued To (Signature) |
|---|---|---|---|

| Suspect | Property Officer | | Receipt Issued By (Signature) |
|---|---|---|---|

X  Evidence List

_____ Found Property        _____ Safekeeping        _____ Receipt

| Item No. | Quantity | Description | Serial No. | Disposition |
|---|---|---|---|---|
| 1-1051 | 2 | PHOTOS OF FRONT DOOR DAMAGE | | |
| | | | | |
| 2-1051 | 1 | NEWS PAPER - OAKLAND TRIBUNE 2/6/03 SPORTS SECTION (FOUND OUTSIDE FRONT DOOR) | | |
| 3-1051 | 2 | LATENT PRINT CARDS (FROM CALCULATOR IN DAN'S OFFICE) | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Chain of Custody

| Item No. | Date | Time | Issued To | Destination | Returned | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | Recording Officer R. BARNES   1051 |
| | | | | | | Reviewed By |

Petaluma Police Department

# Evidence/Property Sheet

| Code Section | | Crime | | Classification | | Case No./ Citation No. | |
|---|---|---|---|---|---|---|---|
| Victim's Name – Last, First, Middle | | Address | | Phone | | | |
| Suspect | | Date 2/7/03 | Time 0600 | | | | |
| Suspect | | Storage | | Date | Receipt Issued To (Signature) | | |
| Suspect | | Property Officer | | | Receipt Issued By (Signature) | | |

<u>X</u> Evidence List

_____ Found Property    _____ Safekeeping    _____ Receipt

| Item No. | Quantity | Description | Serial No. | Disposition |
|---|---|---|---|---|
| 1-1051 | 2 | PHOTOS OF FRONT DOOR DAMAGE | | |
| | | | | |
| | | | | |
| 2-1051 | 1 | NEWSPAPER - OAKLAND TRIBUNE 2/6/03 SPORTS SECTION (FOUND OUTSIDE FRONT DOOR) | | |
| | | | | |
| 3-1051 | 2 | LATENT PRINT CARDS FROM CHECULATION'S VAN (TRUCK) | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Chain of Custody

| Item No. | Date | Time | Issued To | Destination | Returned | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | Recording Officer |
| | | | | | | Reviewed By |

EXHIBIT - D

**Superior Court**
**State of California**
**County of Sonoma**

For Court Use Only    277

**DEFENDANT'S WAIVER OF**
**CONSTITUTIONAL RIGHTS PRIOR TO**
**ENTRY OF GUILTY OR NO CONTEST PLEA**

Honorable _Cerena Wong_    Case No:    MCR    (SCR)   32705

(SUPERIOR COURT JUDGE)

Defendant's Name _Galara Rhone_    Date of Birth _5-31-67_

Attorney's Name _J. Thistlethwaite_    Bar # _101992_

**DEFENDANT: PLEASE READ AND PLACE YOUR INITIALS IN THE BOXES AFTER READING AND UNDERSTANDING EACH OF THE**
**STATEMENTS. IF THERE IS ANYTHING THAT YOU DO NOT UNDERSTAND, ASK YOUR ATTORNEY ABOUT IT BEFORE INITIALING.**

**As the defendant in the above entitled case, I personally declare the following:**

1. My name and date of birth as listed above are complete, true and correct.

2. I am not currently under the influence of anything that impairs my ability to understand these proceedings.

3. Of those charges now filed against me in this case, I plead (circle one)    GUILTY    (NO CONTEST)    to the
following offense(s) and admit the following enhancement(s), allegation(s), and prior conviction(s):

_2_    _496 (a)    receiving stolen property_
Count

_____    _____
Count

**FILED**

SEP - 5 2003

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
By _____ DEPUTY CLERK

_____    _____
Count

_____    _____
Count

_____    _____
Count

Page 1 of 4

278

**Constitutional Rights**

4. I understand that I am entitled to a speedy and public trial by court or by jury as to all charges, allegations and prior convictions. I understand and give up each of the following rights:

   a. The right to see, hear, and question all witnesses who would testify against me at trial.

   b. The right to present evidence in defense of the charges.

   c. The right to have the Court order my witnesses to attend my trial at no expense to me.

   d. The right against self incrimination. I can remain silent and require the District Attorney's Office to prove the case against me beyond a reasonable doubt. I cannot be forced to testify against myself, but I also have the right to testify in my own defense if I choose to do so.

   e. The right to be represented by a lawyer at all court appearances relating to any trial. I can hire a lawyer or the Court will appoint a lawyer for me if I cannot afford one.

5. I FREELY AND VOLUNTARILY GIVE UP MY RIGHT TO A COURT AND JURY TRIAL.

6. I understand that a no contest plea will be treated as a guilty plea and I will be sentenced as if guilty.

7. All promises made to me are written on this form, or stated here in open court. There have been no other promises, or suggestions made in order to get me to enter this/these plea(s).

8. No one has made any threats to me or anyone else, or placed any pressure of any kind on me in order to make me plead guilty/no contest.

9. I have had enough time to discuss with my attorney my constitutional rights, any defenses I may have to the charges and the consequences of this/these plea(s).

**Consequences of Plea**

10. I understand that the maximum punishment I may receive as a result of this plea is:

indeterminate term in state prison of _____

determinate term in state prison of _____3_____ years and _____ month(s)

followed by parole for (3 to 4 years)  (5 to 7 years)  (life) with return to prison for every parole violation;

a fine of $ 10,000 ; a mandatory restitution fine of $200 to $10,000; a parole restitution fine in the same amount which will be suspended pending successful completion of parole; restitution directly to any victim(s).

11. I understand that if I am not sentenced to prison, I may receive probation for a period up to 5 years, or for a period equal to the maximum prison term, whichever is greater. As conditions of probation, I may be given county jail custody, plus the fine and any other conditions deemed reasonable by the Court. I understand that if I violate any condition of probation I can be sent to State Prison.

12. I understand that as a convicted felon, I will not be able to own, possess, or have under my custody or control any firearm or ammunition.

13. I understand that if I am not a citizen of the United States, conviction of the offense(s) may/will (circle one) have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. (Note: If convicted of an *aggravated felony*, defendant *will be deported*.)

14. I understand that if I am currently on probation for any other matter, this conviction will act as a violation of that probation and I could be given a separate and additional sentence in that case.

279

15. I understand that there are also the following consequences of my plea(s): (circle letter of all applicable consequences)

a. Mandatory prison

b. Presumptive prison

c. Commitment to CYA

d. Reduced conduct credits
   i. Violent Felony (no credit to max. 15%)
   ii. Prior Strike(s) (no credit to max. 20%)
   iii. Murder (no credit)

e. Prior Enhancement (increased penalties for future offenses)

f. Registration as an arson / sex / narcotic offender

g. Sexual Violent Predator law

h. Blood test and saliva sample

i. Loss of driving privilege

j. AIDS education program

k. Commitment to CRC (California Rehabilitation Center)

Other: _____

**Open Plea**

16. I understand that there is no agreement or indication as to the sentence I will receive on this matter. I could be sentenced up to the maximum penalty as stated above.

**Indicated Sentence**

17. I understand that, although the Court has indicated a sentence, there is no agreement with the District Attorney's Office and the Court will not decide what my sentence will be until it has read and considered a report from the probation office.

**Dismissed Charges**

18. I understand that the following charges will be dismissed: Count 1  459

19. I further understand that the Court can consider the dismissed charges in determining the appropriate sentence in my case and in ordering restitution to the victim(s) of the dismissed charges.

**Negotiated Disposition pursuant to PC 1192.5**

20 a. I am entering into an agreement with the District Attorney's Office. Pursuant to this agreement, I am pleading guilty/no contest as stated above.

b. My plea(s) are conditioned on receiving the following consideration as to sentence :

Probation (circle one):   will be denied   (will be granted)   ___imposition of judgment suspended

       ___sentence imposed and execution of sentence suspended

       ___to be determined by the court

The custody term will be for the stipulated term of _____

c. other: _____

_____

d. I understand that if the court declines to accept this negotiated disposition, I may withdraw my plea(s) of guilty/no contest, re-enter my not guilty plea(s), and go to trial on all counts as originally charged.

e. I understand that if pending sentencing I commit another crime, violate any condition of a Supervised O.R. release, or willfully fail to appear for my sentencing hearing, this agreement will be canceled, I will be sentenced unconditionally and I will not be allowed to withdraw my guilty/no contest plea(s).

280

**21.  I AM FREELY AND VOLUNTARILY ENTERING MY PLEA(S)**

I declare that the initials that appear above are my own and that I have read and understand each statement that I have initialed.

Date: 9.5.03                          Signature: _____
                                                    Defendant

**Certificate of Interpreter**

I declare that I translated the entire contents of this form from English to _____ in the presence of and directly to the defendant in this case and that the defendant wrote on this document in my presence.

Date: _____    Signature: _____
                                                    Interpreter

**Defense Attorney Statement**

I am the attorney of record for the above named defendant. I have explained each of the above rights to the defendant and have discussed the facts, consequences and possible defenses to the charge(s) with him/her. I concur with his/her waiver of rights and entry of guilty/no contest plea(s).  I further stipulate that there is a factual basis for the plea(s) and that this document may be received by the court as evidence of the defendant's intelligent waiver of these rights and that it shall be filed by the clerk as a permanent record of that waiver.  I have witnessed the reading, initialing and signing of this form by the defendant.

Date: 9-5-03                          Signature: _____
                                                    Attorney for the Defendant

**District Attorney Statement**

The above information correctly reflects the position of the District Attorney's Office as to this case:

Date: _____    Signature: _____
                                                    Deputy District Attorney

**Court Findings and Orders**

Having questioned the defendant concerning his/her plea(s) of Guilty/No Contest and concerning any admissions of prior conviction(s), enhancements, and allegation(s), the Court finds that:
   The defendant understands and voluntarily and intelligently waives the constitutional rights listed above;
   The defendant's plea(s) and admission(s) are freely and voluntarily made;
   The defendant understands the nature of the charges and the consequences of the plea(s) and admission(s); and
   There is a factual basis for the plea(s).

The Court accepts the defendant's plea(s) and admission(s) and finds the defendant guilty of the offense(s) pled to and the special allegation(s), enhancement(s) and prior conviction(s) admitted.

Date: 9-5-03                          Signature _____
                                                    Judge of the Sonoma County Superior Court

**EXHIBIT** – $\rho$

SONOMA COUNTY DETENTION DIVISION
**INMATE REQUEST FORM**

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last | First | M.I. | 3-10-55 | B-47 | 988437 1 |
| Williams | Teryl | A | | | |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer    ☐ District Attorney    ☐ Probation

☐ Public Defender    ☐ Mental Health    ☑ Other   Karen Silver

☐ Friend's Outside    ☐ Classification      Public Defender

FYI - Steve W.

**6. NAME OF INDIVIDUAL TO CONTACT.** _____

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.** ☐ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.** ☐ *(Print in Comments/Request section below)*

**COMMENTS/REQUEST:** It come to my attention that Ms Rhome conflict attorney Jaime Thistlethwa husband Steven Wise is your co-worker and/or supervisor. This was clearly a conflict of interest Business & Profession C. 6068 set duties of an attorney to maintain inviolate client cofidences and, preserve the clients' secrets, do not encourage an action from a corrupt motive or interest. This conflict arise from an attorney close friendship; ex-co-worker and co-work such relationships should have be disclosed to the defendant. So defendant could make an intelligently consent to the continued representation or have alternative defense counsel appointed. I'm requesting a grievance or complaint or both to be filed with the Public Defender office or the courts for civil rights violations.

| 9. INMATE SIGNATURE: *Teryl Williams* | DATE: 7-24-03 |
|---|---|
| 10. RECEIVING STAFF SIGNATURE: | DATE: 7-24-03 |

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| 12. RESPONDING STAFF SIGNATURE: | DATE: |
|---|---|

DD 537 (Rev.9/02) Side 1     Pink Copy - Inmate, White Copy - D File, Yellow Copy - Answer

**INMATE REQUEST FORM**

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last | First | M.I. | 3-10-55 | G45 | 9889371 |
| *Williams* | *Teryl* | *A* | | | |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer    ☐ District Attorney    ☐ Probation

☒ Public Defender    ☐ Mental Health    ☐ Other _____

☐ Friend's Outside    ☐ Classification

**6. NAME OF INDIVIDUAL TO CONTACT.** _Karen Silver (Public Defender)_

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.** ☒ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.** ☐ *(Print in Comments/Request section below)*

**COMMENTS/REQUEST:** _Dear Mrs. Silver At this time I would like to inform you that it is apparent that we have a conflict of interest. My current feeling is that you are pro prosecution and you and I don't see eye to eye regarding the motions that I'm interested in filing and trial preparation. This time next week I will exercise my right to file a Marsden Motion to relieve you as counsil due to the above-mentioned conflict. Since it is evident that this case is a burden to you and only one of the aforementioned would be disastorous to my case it is best for us to terminate our association!_

**9. INMATE SIGNATURE:** _Teryl Williams_    **DATE:** 3-19-03

**10. RECEIVING STAFF SIGNATURE:** _B. Kern C-1093_    **DATE:** 3-19-03

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**12. RESPONDING STAFF SIGNATURE:** _____ **DATE:** _____

DD 537 (Rev.9/02) Side 1    Pink Copy - Inmate, White Copy - D File, Yellow Copy - Answer

**INMATE REQUEST FORM**

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last | First | M.I. | | | |
| Williams | Teryl | A | 3-10-03 | G-45 | 9889371 |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer   ☐ District Attorney   ☐ Probation

☑ Public Defender   ☐ Mental Health   ☐ Other _____

☐ Friend's Outside   ☐ Classification

**6. NAME OF INDIVIDUAL TO CONTACT.** Karen Silver

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.** ☐ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.** ☐ *(Print in Comments/Request section below)*

COMMENTS/REQUEST: I would like copies of my Marsden Hearings dated 4-3-03 & 4-30-03 for the express purpose of gaining relief from an unresponsive & prejudicial set of individuals and entire Transcripts is needed and have to be ordered threw attorney to be attached to writs claims, complaints & eta. as the law has clearly stated. It is also clear to me that the court of appeal requires these document when filing writs of mandated prohibition at this time. Please send these forms and/or copies requested time is of the essence I have one offer to make because I had money $486.00 that was stolen, I'll take a 90 days misdemeanor charge for 496 pc. I'm not going to prison for Ms Rhone, this is the only offer I'll take in this case.

**9. INMATE SIGNATURE:** Teryl Williams    **DATE:** 4-30-03

**10. RECEIVING STAFF SIGNATURE:** _____    **DATE:** _____

---

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

Out of the 12 jurors I can get 2 or 3 votes and I'm willing to try as you see, I seen a guy come in this court room with 17 felony(s) and get a program for a (1)year or 2 years, this is not a unreasonable offer. (For our record I tryed to resolve this case) This document is only for Mr. Williams' attorney else only.

**12. RESPONDING STAFF SIGNATURE:** _____    **DATE:** _____

DD 537 (Rev.9/02) Side 1        Pink Copy - Inmate,  White Copy - D File,  Yellow Copy - Answer

SONOMA COUNTY DETENTION DIVISION
## INMATE REQUEST FORM

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last | First | M.I. | 3-10-55 | B-47 | 9889371 |
| Williams | Teryl | A | | | |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer  ☐ District Attorney  ☐ Probation

☐ Public Defender  ☐ Mental Health  ☑ Other *Karen Silver*

☐ Friend's Outside  ☐ Classification  *Public Defender*

*FYI - Steve W*

**6. NAME OF INDIVIDUAL TO CONTACT.** _____

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.** ☐ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.** ☐ *(Print in Comments/Request section below)*

**COMMENTS/REQUEST:** It come to my attention that Ms Rhone conflict attorney Jaime Thistlethwait husband Steven Wise is your co-worker and/or supervisor. This was clearly a conflict of interest Business & Profession C. 6068 set duties of an attorney to maintain inviolate client confidences and, preserve the clients' secrets, do not encourage an action from a corrupt motive or interest. This conflict arise from an attorney close friendship, ex-co-worker and co-work such relationships should have be disclosed to the defendant. So defendant could make an intelligently consent to the continued representation or have alternative defense counsel appointed. I'm requesting a grievance or complaint or both to be filed with the Public Defender office or the courts for civil rights violations.

**9. INMATE SIGNATURE:** *Teryl Williams*     **DATE:** 7-24-03

**10. RECEIVING STAFF SIGNATURE:** _____     **DATE:** 7-24-03

---

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

_____

_____

_____

_____

_____

_____

_____

_____

**12. RESPONDING STAFF SIGNATURE:** _____     **DATE:** _____

DD 537 (Rev.9/02) Side 1      Pink Copy - Inmate,  White Copy - D File,  Yellow Copy - Answer

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last Williams | First Teryl | M.I. A | 3-10-55 | G-45 | 9889371 |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer    ☐ District Attorney    ☐ Probation

☑ Public Defender    ☐ Mental Health    ☐ Other *Karen Silver (PD)*

☐ Friend's Outside    ☐ Classification

**6. NAME OF INDIVIDUAL TO CONTACT.** Karen Silver

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.** ☐ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.** ☐ *(Print in Comments/Request section below)*

**COMMENTS/REQUEST:** The court stayed all my false imprisonments under 654 & 1385. I only have a one strike case that why Marin County only used one strike. I would like you to send for my sentencing transcript, court minutes & sentence affidavit from Solano County court clerk. case number 17863, dated-3-7-84. (false imprisonments dismissed upon completion of the prison term & parole period like in People v Pearson (1986) 228 Cal. Rptr. 509

| 9. INMATE SIGNATURE: *Teryl Williams* | DATE: 5-10-03 |
|---|---|
| 10. RECEIVING STAFF SIGNATURE: *Murdock* | DATE: 5-9-07 |

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

12. RESPONDING STAFF SIGNATURE: _____    DATE: _____

DD 537 (Rev.9/02) Side 1        Pink Copy - Inmate, White Copy - D File, Yellow Copy - Answer

**INMATE REQUEST FORM**

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last: Williams | First: Teryl | M.I. A | 3-10-55 | G-45 | 9889271 |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer  ☐ District Attorney  ☐ Probation

☑ Public Defender  ☐ Mental Health  ☐ Other _Karen Silver P D_

☐ Friend's Outside  ☐ Classification

**6. NAME OF INDIVIDUAL TO CONTACT.** _Karen Silver P.D._

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.** ☐ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.** ☐ *(Print in Comments/Request section below)*

**COMMENTS/REQUEST:** 1. Pen Code 1054.1, 10543: I would like a list of all real evidence that is intended to be offered into evidence at trial. Pen Code 1054.7 (30 days before trial) 2. Expert's Reports that the procution will relied on. 3. Defendant has a right to a second opinion on any expert testing of evidence. 4. Copy of officer Gilman evidence report. 5. I would like to file motion to compel discovery if these document is not in your possesion. 6. A list of all prior conviction the procution intented to use as character evidence. I want to filed a Begale Motion to prevent Impeachment with prior conviction

**9. INMATE SIGNATURE:** _Teryl Williams_  **DATE:** 5-24-03

**10. RECEIVING STAFF SIGNATURE:** _D Kertis_  **DATE:** 5-24-03

---

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**12. RESPONDING STAFF SIGNATURE:** _____ **DATE:** _____

DD 537 (Rev.9/02) Side 1     Pink Copy - Inmate,  White Copy - D File,  Yellow Copy - Answer

SONOMA COUNTY DETENTION DIVISION
## INMATE REQUEST FORM

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last Williams | First Teryl | M.I. A | 3-10-55 | B-45 | 9889371 |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer    ☐ District Attorney    ☐ Probation

☐ Public Defender    ☐ Mental Health    ☑ Other  *K. Silver Public Defender*

☐ Friend's Outside    ☐ Classification

**6. NAME OF INDIVIDUAL TO CONTACT.**  *Public Defender K. Silver*

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.**  ☐ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.**  ☐ *(Print in Comments/Request section below)*

**COMMENTS/REQUEST:** 1/ money receipt shows $5, 21, 2), Papers Misc, this shows I had thing still in my pocket... Officer Gilman report states clearly, he photocopied the receipts he had seized from the vehicle... He photocopied the small currency he seized from Williams back pocket. Why I could not go through my own property before the officer searched the van. In officer Mariscal report, Evidence/Propert Sheet there is a receipt for a I.D. that was in my pocket but was found on the dashboad for some reason. There is another pice of paper with my name on them

**9. INMATE SIGNATURE:** *Teryl Williams*    **DATE:** 4-13-03

**10. RECEIVING STAFF SIGNATURE:** *Lawrz*    **DATE:** 4-14-03

---

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

_____

_____

_____

_____

_____

_____

_____

_____

**12. RESPONDING STAFF SIGNATURE:** _____    **DATE:** _____

DD 537 (Rev.9/02) *Side 1*    Pink Copy - Inmate,  White Copy - D File,  Yellow Copy - Answer

that was found under a seat. Officer Gilman searched the van 1st then Officer Mariscal. Officer Gilman never claim he see any thing with our names on it.

I would like to see a picture or photocopy of the checks on top of the safe. The proscution never showed a copy of the checks that started the search. There are no copies or pictures of the checks. ~~XXXXX~~ No log number.

Officer Gilman did tail the truth about me beinging sick and vomitting in a garbage can. I have arthriti's in my hand & wrist.

SONOMA COUNTY DETENTION DIVISION
**INMATE REQUEST FORM**

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last  Williams | First  Teryl | M.I.  A | 3-10-55 | D 45 | 9889371 |

5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:

☐ Program Officer      ☐ District Attorney      ☐ Probation      *K. Silver (Public Defender)*

☑ Public Defender      ☐ Mental Health      ☐ Other      *People v Block 5th App Dist F 033914*
                                                                        *March 22, 2002                    F038143*

☐ Friend's Outside      ☐ Classification

6. NAME OF INDIVIDUAL TO CONTACT. *K. Silver (Public Defender)*

7. I WOULD LIKE TO DISCUSS A COMPLAINT.  ☐  *(Explain in Comments/Request section below)*
                                                                *2000  People v Robles 23 Cal 4th*
                                                                                            *789*
8. I WOULD LIKE INFORMATION.  ☐  *(Print in Comments/Request section below)*

COMMENTS/REQUEST: *Ms Silver is it a fact that the officer should have read me my Miranda Rights, because the officer came right up to the van investigating a crime he thought might have happen. The officer never question us about a traffic violation. I was only a passenger in the van, People v Cartwright (1988) 12 Cal App 4th 1363, 1366 we believe that in constitutional terms a passenger is not lawfully stopped, seized or detained, merely because the vehicle in which he or she is riding is stopped for a traffic violation. Because I was riding as a passenger on a traffic stop, and had no I.D., this is*

9. INMATE SIGNATURE: *Teryl Williams*                    DATE: 3-13-03

10. RECEIVING STAFF SIGNATURE: *Lawrr*                  DATE: 4-14-03

---

**11. RESPONSE TO INMATE**

☐  YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME.  *(See Explanation/Answer below)*

☐  EXPLANATION/ANSWER: _____

_____

_____

_____

_____

_____

_____

12. RESPONDING STAFF SIGNATURE: _____  DATE: _____

DD 537 (Rev.9/02) *Side 1*      Pink Copy - Inmate, White Copy - D File, Yellow Copy - Answer

not a form of probation violation. In Re Anthony S. 4 Cal. App 4th 1005; Even under pre Bravo law a peace officer only had to have some information that suggests a resumption of the misconduct that brought about the condition of probation. The officer had my name in his hand at the time of the search. Maryland v Wilson (1997) 137 L ed 2d 41, 47; the court obviously did not mean to imply that passengers are routinely subjected to illegal seizures.

My 5th Amendment Right clearly states, nor be deprived of liberty with out due process of law. Court and statement clearly show that the officer was searching for anything he could find illegal to arrest me. Latta v Fitzharris (1975) (9th cir) it has been held, in California and elsewhere that police as distinguished from parole officers, cannot initiate searches of paroles under circumstances in which they could not search other citizens. in US v Richardson (1988 9th Cir) 849 F 2d 439, 441; We have said that a parole search may not be used as a subterfuge for a criminal investigation.

This was clearly not a probation search, pat search or violation of probation, the officer illegal seizure of my right to liberty, property with out read me my Miranda Rights is clearly an abuse of his authority as a police officer. People v Cervantes (2002) 127 Cal. Rptr 2d 468; a probationer subject to a search condition retains the right to be free from a search that is arbitrary, capricious or harassing. see also In Re Anthony S. supra; the Bravo court noted that a search by police officer based upon a consent

consent search term could not be conducted for reason unrelated to the rehabilitation and reformative purposes of probation or other legitimate law enforcement purposes. A waiver of 4th Amendment rights as a condition of probation does not pemit search undertaken for harssment on search for arbitrary or capriciou reasons

People v Block 5th App Dist (F033914, F038143 Cal. App 4th Cal Rptr 2d Mar 22, 2002
People v Robles (2000) 23 Cal 4th 789
    A search of an adult probationer's home may not be later justified by the fact that the adult was on probation, if that was not known by the searching officer at the time of the search

(3)

People v Robles (2000) 23 Cal 4th, 789; More recently, however, in Robles the California Supreme Court held that a search could not later be justified by advanced consent if the searching officer were unaware of the advance consent at the time of the search. The Court in Robles refused to extend the logic of Tyrell J. The Robles rationale applies equally. It discourages warrantless, suspicionless searches of homes if officers know that any incriminating evidence cannot simply be pinned on resident later discovered to be subject to parole or probation search.

SONOMA COUNTY DETENTION DIVISION
**INMATE REQUEST FORM**

| 1. Inmate Name *(Enter full name)* | | | 2. D.O.B. | 3. Housing Unit | 4. Booking # |
|---|---|---|---|---|---|
| Last | First | M.I. | | | |
| Williams | Teryl | A. | 3-10-65 | G-8 | 9889371 |

**5. PLEASE SEND THIS REQUEST TO THE FOLLOWING OFFICER/DEPARTMENT:**

☐ Program Officer    ☐ District Attorney    ☐ Probation    *KS*

☑ Public Defender    ☐ Mental Health    ☐ Other

☐ Friend's Outside    ☐ Classification

**6. NAME OF INDIVIDUAL TO CONTACT.** H. Bruce Kinnison (Chief Deputy Public Defend

**7. I WOULD LIKE TO DISCUSS A COMPLAINT.** ☐ *(Explain in Comments/Request section below)*

**8. I WOULD LIKE INFORMATION.** ☑ *(Print in Comments/Request section below)*

COMMENTS/REQUEST: Dear Mr. Kinnison as I was looking threw my reports and noticed that I did not get the hand written reports made at the crime scene by the reporting officers. The typed written reports was rewrote at the P.P. Dept 2-7-2003 at 9:49 p.m.. This is discoverable material in my case. I also would like you to get an investigator to take a picture of the plate(s) on the van in question. I'm also waiting on the dispatcher report with the caller name ~~Stating~~ the van was blocking the roadway.

**9. INMATE SIGNATURE:** Teryl Williams    DATE: 2-20-03

**10. RECEIVING STAFF SIGNATURE:** _____ DATE: _____

**11. RESPONSE TO INMATE**

☐ YOUR REQUEST CANNOT BE ACTED ON AT THIS TIME. *(See Explanation/Answer below)*

☐ EXPLANATION/ANSWER: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**12. RESPONDING STAFF SIGNATURE:** _____ DATE: _____

DD 537 (Rev.9/02) *Side 1*    Pink Copy - Inmate, White Copy - D File, Yellow Copy - Answer



## PUBLIC DEFENDER COURT ACTIVITY SHEET

306490

NAME: WILLIAMS, TERYL ANTHONY     NO. _____

CHARGES: F 459, 496(a) PC

COURT NO.: MCR-415138     ATTORNEY ASSIGNED: _____

CO-DEFENDANT & ATTORNEY:

Rhone, Galana Nichole-Allen

**CUSTODY STATUS:**
I/C, BAIL 10000

_____ COUNTS _____
_____ COUNTS _____
_____ COUNTS _____
_____ COUNTS _____
_____ COUNTS _____
_____ COUNTS _____
_____ ALLEGATIONS _____
_____ PRIORS _____

OTHER CASES PENDING:

_____
_____

**REPORTS** received
**FINANCIAL** needed

MTN DATES:
PTC DATES:
J/T DATES:

**PD REGISTRATION FEE**
ordered

HOURS EXPENDED: _____
FEES ORDERED: $ _____

| Date | Court | Time | On for | Action | PD | Judge | DA |
|------|-------|------|--------|--------|-----|-------|-----|
| 2/13/2003 | | | Arrgn. | PD appt. 2/14/03 8:30AM S2 | | | |
| JW | | | | SFT | | | |
| 2/14 | 2 | 8³⁰ | Set | 2/27 PX    NTW | BK | RB | |
| | | | | 2/19 BR | | | |
| | | | | △ wants rpts. No prelim held. | | | |
| 2/19 | 2 | 8¹⁰ | BR | PR's h O. | BK | RB | |
| | | | | Bail $30 K. | | | |
| 2/24/03 | | | | Jail visit - △ wouldn't talk about his role in case - wanted to argue discovery law & rights @ R - wants new atty. Wants 1538.5 - understands w/out time waiver & notice that wouldn't be possible - advise I'll file mtn after PX - he argues w/me. He denies the has 3 strike law applying - only "has 211 x1" - has never been prosecuted as 3 striker. He denies any 459s are resid. & states he was coerced into 211 conviction. △ has case law indicating mere passenger in car where 496 property found insufficient for arrest - he should not be in custody; Also argues cop didn't cite driver for license plate - thus = bad stop. | | | |

2/27/03
2/27/03                    Px 3/6  9:30  #2
                    to file   Supplemental report sent ✍    SF

3/5/03 – Attempt to visit Δ @ 10:45A – Δ in Law Library –
Attempt to visit Δ ~ 2:30p– elevator to mod not working

3/6/03 – Δ advised of offer – plea ct I admit 1 prior prison +    KS/kg
1 prior strike – Δ rejects. Δ aware that DA claims         BM
they'll file add'l strikes & ~7 add'l prior prisons
Δ cont. to talk about prosecution's case not good
J° 1538.5 issues that I've told him don't exist +/or aren't
going to result in dismissal. Px held – Δ HTA a chgd
Spoke w/ Daryl R. investigator who took photos of van – to
go over to see Δ w/ me + discuss case.
3/12- 8:30- 2

3/7/03 – Jail visit w/ D Robinson – Δ reports he didn't participate in    kg
459 – he was dropped off by co-Δ @ sev. mins. later met
back up w/ her. Stopped by cops immed – no idea 451
had occurred. Δ's prior 459's never involved breaking
by prying door +/or taking or safe; also never gloves.

5/1/03           1368     Dr Cushing appointed  @ 5/29 8:30   SF  Bellinger KK
                 report due 5/27

7/15/03 – Met w/ Δ's investigator – he's having trouble getting Δ's
discovery; call to front counter – they located items in unmate's
arraign; msg to invest.

10/4/03– P/C w/ Risk Management re: Δ's claim of conflict
w/ JT, Weiss + I - emailed relevant letters
from Δ & court docket     Closed

FERRARI
INVESTIGATIONS
& PROTECTION SERVICE

Former LAPD
E. Anthony "Tony" Piazza
Owner - Senior Investigator

6585 Commerce Blvd., Ste. 148
Rohnert Park, CA 94928
(707) 664-0327

Former LAPD with 25 Years Experience
Licensed Statewide & Nationwide

Executive protection
High Value Escort
Accident Investigations
Missing Persons
Under Cover investigations



**From:**    Kathy Knotts
**To:**      Karen Silver
**Date:**    3/5/03 12:28PM
**Subject:**  People v. Teryl Williams

Karen,

Sorry I couldn't answer you this morning, but I was trying to read the police reports in the sentencing matter that JPC had dispo'd with Fabian so I could maybe intelligently address any questions the Court had.

The offer that I wrote in the file is pled to Count I, admit one strike and one prison prior.

You might let Mr. Williams know that there may be additional strike allegations and there definitely are at least 7 additional prison prior allegations that could appear on any Information that got filed.

Let me know what you think.

Kathy

```
Criminal Case Information                          Criminal Justice System
PEO VS. WILLIAMS
Municipal Court  Superior Court  DA          Public Defender Agency
MCR - 415138   ( SCR - 32705 )   DAR - 459732   PUB - 306490   PET - 030874
Remarks: IC 2/11/03             Reel Number:            Reference Cases: 0
Date Checked Out:         Locatn:      Box Nbr         Destroy Date
_____
_ 1  WILLIAMS, TERYL ANTHONY
     Offense Date: 02/02/2003         Court Date: 06/13/2003 08:30 S2
                                                   Purpose: FURTH PROC
                    File Date  Disposition Date    Status
     Municipal Court: 02/10/2003    03/06/2003     Held To Answer
     Superior Court:  03/13/2003                   Pending
  ---------------------------------------------------------------------------
_ 2  RHONE, GALANA NICHOLLE          (ALLEN, HARRY)
     Offense Date: 02/02/2003         Court Date: 07/09/2003 08:30 S2
                                                   Purpose: PT CONFIRM
                    File Date  Disposition Date    Status
     Municipal Court: 02/10/2003    03/06/2003     Held To Answer
     Superior Court:  03/13/2003                   Pending
  ---------------------------------------------------------------------------
_ 1  DA  MAUTNER, JEROME
     PD  SILVER, KAREN
        (5-Next) (1-Person) (7-Calendar) (8-Charge) (10-Witness)
        (11-Person Info) (17-File Number) (18-Reference Case) (13-More PF's)
c0210b*Overwrite  Query  ksilver                   Fri Jun 13 14:47 2003
```

6/13/03                           RE

Discovery to SCSO for Δ:

① video tape of co-Δ's statement

② CD of call re. car

③ 6 envelopes w/ photos from PPD

        1   13
        2   7
        3   14
        4   5
        5   16
        6   20

④ Photos PD took

Spoke w/ Sgt. MacLeod who directed me to place
items in envelope w/ Δ's name & booking # &
take to counter @ MADF & ask to have placed in
Δ's property.



On 2-6-03 Rhone call me about 11:30 pm to take her to Santa Rosa to meet some people she knew. (check her phone bill 510-595-0641) (she called my pager 510-997-1840 its in my jail property) (I called her own my cell phone thats in the van) The van is ours when I'm not mad at her for doing something stupid with some guy, like give me V.D. two weeks before.

Once we get to Petaluma Rhone started driven and went to a gas station which was about 12:45 am. She pulled up by these phones and meet this girl she very well, that was with this white guy who acted like he was all that walking to their car I watched Rhone and the girl talk, then she tell me they going to trick this other guy out of some dope and money. I can't go because he might start tripping because he might think I'm Rhone man. So I was to wait there in her friends two sitter car for them to come back so her friend could get us a room with her I.D.

I sat there getting high and went to sleep while waithing. I woke up 4 or 5 hours letter looking for the van and Rhone then I started tripping because they played me like a sucker. But while I'm standing outside the car I seen the van go by and some other guy was driven it pass the gas station. I'm mad and tripping when I start ranning and walking after the van, I'm looking for the van down the street it turn. I'm looking in driveways down street I'm going to kill her for let that guy drive the van

1

for dope and I'm going to bet his ass too. 25 or 30 minutes latter I see the van stooped but running so I ran to it before it pulled off. I open the side door and called out Rhone name because it was dark inside, she said "Hi baby" like she been gone 5 minutes. I flash and ran to the back of the van and started slapping none stop upside the head for leaven me out in the cold that long while she got high. I told her to get me up out of here and take me back to the gas station so I could see because the bed was let down and things was all over the place and it was dark. While she was going back to the gas station because I was going to put her out there at that car. *But the police pulled us over*

Exculpatory Evidence
Fingerprint
995 mo
Suppression 1538.5 Evidences:

| | | |
|---|---|---|
| Safe | tampered: unauthorized personnel | Invoice papers "Print" 186644  186630 |
| | touching: unauthorized personnel | removed from Van |
| print" | fingerprint | Photocopied |
| | removed Item & Safe | |
| | evidence contamination | Plastic Sheet around coi |
| | moved safe on 2-7-03 & 2-11-03 | removed from Van |
| | safe face down, could have been a | Photocopied |
| | table in the dark | Print |
| | Officer Mariscal let Torliatt the owner | Money |
| | take the safe on 2-11-03 at 15:30 | removed from Van |
| Blank | removed from Van | Photocopied |
| heck | fingerprint | |
| prints" | Photocopied | Print |
| | | Money Pouch & Metal Co |
| | All these items should be tested | on Desk |
| | by defesne | Entry into the crime scene |
| | | victim pointing out what was |
| | | touched. |
| Prints" | removed from Van | Photographed |
| heck | Photocopied | Fan Belts |
| rom | | Calculator/Two Pictures |
| ransman | | Entry into the crime scen |
| | Passenger door broken 360° Rust | victim pointing out what was |
| Van | Vehicle report never stated anything | touched. |
| | about license plate | Photographed; pictures, fan |
| | | belts, calculator lying on flo |

# Exculpatory Evidence

Blood Evidence from Suspect or Defendant.

Blood from forceable entry, DNA blood on evidence from cuts and scratches

Blood from picking up the safe, DNA blood on evidence cuts and scratches

Skin from scratches from picking up the safe

Fiber evidence from the safe.

DNA on safe checks, Invoice papers, plastic sheet and coins, money, money pouch, metal can, Fan Belts calculator and pictures.

These item could have blood or body skin on them, they could be tested for DNA, because these are the items the victim pointed out to the officer on or about 2-7-0:

If these items are not in the possession of the P.P. Dept., defendant will file a Brady motion to safe gaurd his rights.

Discovery

# Investigator
# Investigation

1. Need copy of My Medical Record I have a disablity that stop me from picking up things. of that amount

2. Need to know The amount of the safe if you would buy a new, Or used One at a store.

Copy of Testimony in the hearing

# Exculpatory Evidence

On 2-7-03 officer Barnes checked the down stairs and up stairs interior of Dan's Auto Parts. Officer Barnes saw 1. several file cabinets and desk drawers were open that the ~~owner~~ Dan Torliet said were keep closed 2. money pouch and a metal can on the desk that owner Dan Torliet stated had money in it 3. calculator lying on the floor in the middle of the room that owner Dan Torliet said was on top of the safe and 4. two pictures were llying on the floor against the wall. Down stairs fan belts lying on the floor. All these item was moved by the burglary suspect(s) a's ~~so stated~~ by the owner Dan Torliet. These items should have be collected and tested by the Crime Scene Investigator who had the training and experience to do so.

In People v Beeler (1995) 39 Cal. Rptr. 2d 607 for sanction to apply, evidence had to have had apparent exculpatory value at time it was destroyed

A defendant may obtain relief from police loss or detruction of evidence for failure to collect evidence before it is lost or destroyed. People v Washington, a defendant is allow to perform a test of real evidence being held by the police department.

Codefendant
Statement

Made by
Officer Mariseal

Only guilt by association

Officer Mariseal implicated me, his whole investigation was shaped to fit Rhone statement.

He asked question which suggest their answers, she said what he said.

She told him what he wanted to hear because she was scared, tired and high.

Realistically her statement to him match his versoion of events because that what he told her he want to hear In order to convince her, the officer had to reveal the details of his belele of what he thraught had happen that day.

He want her to be sure she already knew the story she was going to use and/or tell him

Her statement to the officer have to be regarded as no more than a coersed confession imitation of the officer to give a false confession and/or statement The officer should have been more skeptical than he should have about what she was saying when he gave her (3) three chances to make the statement he wanted.

Exculpatory Evidence
In the Van On 2-7-03

Crime scene and how police properly preserve and collect evidence has a direct bearing on the value and very existence of evidence found at the scene. The crime scene is in itself evidence and must be treated as such. It is not strictly a location or geographical area, but a tangible object that possesses information that can be presented for prosecution. A single crime more often than not has multiple crime scenes associated with it as in this case.

Dan's Auto Parts is the primary crime scene in this case that will contain the major portion of evidence necessary to provide proof of the crime and identity of the suspect. By searching other related scenes like the van that can assist in corroborating victim or defendant testimony and provide exculpatory evidence, can be collected. The identification, collection and preservation of physical and exculpatory evidence at the crime scene (s) request a degree of legal and scientific experience when collecting evidence and information for trial.

Exculpatory evidence P.C. 1054.1 (e) requires the prosecution to disclose to the defense any exculpatory evidence. Proposition 115 does not diminish or otherwise affect the prosecutor's duty to disclose to the defendant all substantial material evidence favorable to the defendant as required by Brady v Maryland (1963) 10 L.ed 2d 215; held that due process requires the prosecution to disclose any evidence favorable to guilt or punishment, good or bad faith of the prosecution in withholding the evidence is irrelevant. Strickler v Greene (1999) 144 L.ed 2d 286,

(1)

Suppression Motion:

On 2-7-03 officer Gilman towed a van license number 1AME828, to the P.P. Dept. for processing, this van was then towed to Downtown Autobody. Inside the vehicle was blank checks, Check from Transman, Invoice papers, money, Plastic sheet with coins, and a safe allegelly stolen by defendants Williams and Rhone with alleged fingerprints on these item that was put into evidence.

Real Evidence: P.C. 1054.1(c) requires the prosecution to disclose all relevant real evidence seized or obtained as part of the investigation of the offense charged. The police have a duty to take steps to preserve physical evidence which is material to the case. Arizona v Youngblood (1988) 102 Led 2d 281

The prosection alleged defendants handle and/or was in possession of the above items, which could hold exculpatory evidence. P.C. 1054.1(e) requires the prosecution to disclose to the defense any exculpatory evidence. Evidence taken from the defenda or from the scene of the crime including fingerprints bullets, clothing and the likes. see People v Washington (1958) 163 Cal App. 2d 833, 843. A defendant is allow to perform a test of real evidence being held by the police department through the normal procedures provided under P.C. 1054 by giving notice. Walter v S. Court (2000) 95 Cal Rptr 2d 88D

(2)

The prosecution intends to show and/or use photographs of real evidence, exculpatory evidence and testimon from investigating officers to prosecute defendants. People v Jackson (1991) 1 Cal. Rptr. 2d 778 (withholding of admissible eyewitness evidence that a third part committed the crime undermined confidence in outcome of trial and was material U.S. v Agurs (1976) 49 L.ed. 2d 342 (declaring that evidence that is clearly supportive of claim of innocence puts prosecution on notice of duty to produce, even if no request for the evidence is made. in Randle v City and County of San Francisco (1986) 230 Cal. Rptr. 901 (police inspector liable under federal civil right law for concealing exculpatory evidence.

It should be noted that unauthorized personnel tampered, touched, destroyed fingerprint and removed Items from the safe on or about 2-7-03 and 2-11-03 under the guiden and supervisess of the PP Dept personnel People v Riser (1956) 47 Cal. 2d 566, 580, 581 (proper for court to admit evidence of bottle and glass bearing defendants fingerprint, defendant did not indicate any actual tampering, did not show that fingerprints could have been forged, and did not establish that anyone who might have been interested in tampering with them knew where they were.

The prosecution never gave the defendants on their defense a chance to properly test and extract any exculpatory evidence available on the real evidence seized. A criminal defendant may obtain relief from police loss or destruction of evidence, or at least in federal court,

3

failure to collect evidence before it is lost or destroyed, only if the following two requirements are met: (1) the evidence possessed an exculpatory value that was apparent before it loss or destruction, *People v Beeler* (1995) 39 Cal. Rptr. 2d 607 (for sanction to apply, evidence had to have had apparent exculpatory value at time it was destroyed, and the evidence was not otherwise reasonably obtainable by the defendant; and (2) the defendant show that the police acted in bad faith in losing or destroying the evidence or in failing to collect it before it was lost or destroyed. *Miller v Vasquez* (9th Cir 1989) 868 F.2d 1116, 1121 remanding habeas corpus petition to district court to determine whether or not police harbored animosity toward defendant because of his former association with Aryan Brotherhood and because of that had acted in bad faith in failing to collect evidence. *U.S v Agurs* (1976) 49 L.ed 2d 342 (prosecution has duty to make material evidence available even without request by defendant. also see *Brady v Maryland* (1963) 10 L.ed 2d 215 (prosecution's suppression of evidence favorable to accused on request violates due process).

4

**EXHIBIT** - S

PETALUMA POLICE DEPARTMENT
969 PETALUMA BOULEVARD N.
PETALUMA, CA 94952
(707) 778-4372

PAGE _____ OF _____

CASE # _____

REFER REPORT # _____

__ SUPPLEMENT   __ NARC   __ K9

| CRIME CLASSIFICATION | □ CHANGE CRIME CLASS TO: | | BCS CODE | DATE & TIME | | HOW TAKEN |
|---|---|---|---|---|---|---|
| RPT OFF | ID# | DATE | REV'D BY | | ID# | DATE |
| CASE STATUS | CLEAR CODE | CHANGE CRIME LEVEL □ | DA COMPLAINT □ | DEPT EVIDENCE/ PROPERTY RPT □ | UCR STOLEN PROPERTY □ | |
| INV | LAST | FIRST | INV | LAST | FIRST | |

## RECEIPT

1. _____

_____

received the following items from Evidence Technician _____

1) photocopies of item # 1-3042 & # 2-3042

2) item # 4- and 2 - Salesmanship Award with case

I HEREBY DECLARE, UNDER PENALTY
OF PERJURY, THAT THIS PROPERTY
BELONGS TO ME.

Signed: _____

Date: _____